# UNITED STATES COURT OF APPEALS
# FOR THE THIRD CIRCUIT

No. 23-_____

_____

COSTCO WHOLESALE CORP.,

*Petitioner-Defendant,*

v.

MONICA ZORTEA,

*Respondent-Plaintiff.*

_____

## PETITION FOR PERMISSION TO APPEAL
## PURSUANT TO 28 U.S.C. § 1453(C)

### No. 2:22-cv-01316-MJH
### The Honorable Judge Marilyn J. Horan

_____

John Papianou (PA ID 88149)
Montgomery McCracken Walker & Rhoads LLP
1735 Market Street
Philadelphia, PA  19103-7505
Telephone: (215) 772-7389
Facsimile: (215) 772-7620

## CORPORATE DISCLOSURE STATEMENT

Pursuant to Federal Rule of Appellate Procedure 26.1, Petitioner Costco Wholesale Corp. ("Costco") discloses that it is a publicly held corporation and does not have a parent corporation. No publicly held corporation owns 10% or more of Costco's stock.

# TABLE OF CONTENTS

**Page**

INTRODUCTION ................................................................ 1

RELIEF SOUGHT ............................................................... 2

QUESTIONS PRESENTED .................................................... 3

STATEMENT OF CASE AND FACTS ..................................... 3

    A.    Plaintiff's Allegations ............................................... 3

    B.    Costco's Removal ..................................................... 4

    C.    The Motion to Remand .............................................. 5

    D.    The District Court's Order ......................................... 7

STANDARD OF REVIEW ..................................................... 8

REASONS FOR GRANTING PETITION .................................. 8

    A.    The District Court Should Have Followed the Majority Position Giving Effect to Both CAFA and the MMWA. ....... 10

    B.    The District Court Followed the Minority Position by Disregarding CAFA's Independent Basis for Jurisdiction .......................................................... 12

    C.    The District Court Erred in Failing to Resolve Doubts in Favor of CAFA Jurisdiction. ............................... 19

    D.    The District Court Erred in Failing to Consider Evidence Establishing the Amount in Controversy. ........... 21

CONCLUSION .................................................................. 24

COMBINED CERTIFICATE OF COMPLIANCE ................... 25

CERTIFICATE OF SERVICE ............................................... 26

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Allen v. Toyota Motor Sales, U.S.A., Inc.*,
  155 F. App'x 480 (11th Cir. 2005)........................................................ 13

*Allinder v. Dollar Gen. Corp.*,
  4:22-cv-00801-BRW (E.D. Ark. 2022) .................................................. 9

*Anderson v. Gulf Stream Coach, Inc.*,
  662 F.3d 778 (7th Cir. 2011) .............................................................. 23

*Barclay v. ICON Health & Fitness, Inc.*,
  2020 WL 6083704 (D. Minn. Oct. 15, 2020) ........................... 11, 18, 19

*Bechtel v. Fitness Equip. Servs., LLC*,
  339 F.R.D. 462 (S.D. Ohio 2021)........................................................ 12

*Campbell v. Academy Ltd.*,
  4:22-cv-01005-BRW (E.D. Ark. 2022) .................................................. 9

*Campbell v. Dick's Sporting Goods Inc.*,
  4:22-cv-01011-BRW (E.D. Ark. 2022) .................................................. 9

*Chambers v. Amazon.com Servs. LLC*,
  4:22-cv-00686-BRW (E.D. Ark. 2022) .................................................. 9

*Chapman v. Gen. Motors LLC*,
  531 F. Supp. 3d 1257 (E.D. Mich. 2021)............................................. 16

*Chaudhry v. Amazon.com Services LLC*,
  2:22-cv-01221-WSH (W.D. Pa. 2022)................................................... 9

*Chavis v. Fid. Warranty Servs., Inc.*,
  415 F. Supp. 2d 620 (D.S.C. 2006)...................................................... 13

*Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*,
  585 F.3d 33 (1st Cir. 2009) .................................................................. 8

*Corn v. Target Corp.*,
  1:22-cv-04700 (N.D. Ill. 2022) ................................................ 9

*Dart Cherokee Basin Operating Co., LLC v. Owens*,
  574 U.S. 81 (2014) ................................................................ 20, 21

*Dayan v. Swiss-Am. Prods., Inc.*,
  2017 WL 9485702 (E.D.N.Y. Jan. 3, 2017), *report &
  recommendation adopted*, 2017 WL 1214485 (E.D.N.Y.
  Mar. 31, 2017) ........................................................................ 11

*Floyd v. Am. Honda Motor Co., Inc.*,
  966 F.3d 1027 (9th Cir. 2020) ...................................... *passim*

*Fox v. Chipotle Mexican Grill, Inc.*,
  2021 WL 706757 (W.D. Pa. Feb. 23, 2021) ........................ 21

*Grant v. Costco Wholesale Corp.*,
  1:22-cv-04704 (N.D. Ill. 2022) ................................................ 9

*Hurley v. BMW of N. Am., LLC*,
  2020 WL 1624861 (E.D. Pa. Apr. 2, 2020) ........................ 23

*In re Burlington N. Santa Fe Ry. Co.*,
  606 F.3d 379 (7th Cir. 2010) .......................................... 14, 15

*In re Gen. Motors Air Conditioning Mktg. & Sales Pracs.
  Litig.*,
  568 F. Supp. 3d 837 (E.D. Mich. 2021) ............................. 15

*In re Subaru Battery Drain Prods. Liab. Litig.*,
  2021 WL 1207791 (D.N.J. Mar. 31, 2021) ........................ 17

*Judon v. Travelers Prop. Cas. Co. of Am.*,
  773 F.3d 495 (3d Cir. 2014) ............................................... 22

*Kaufman v. Allstate N.J. Ins. Co.*,
  561 F.3d 144 (3d Cir. 2009) ............................................... 20

*Keiser v. Best Buy Stores, L.P. et al.*,
  1:22-cv-04771 (N.D. Ill. 2022) ............................................ 9

iv

*Keiser v. Element TV Co., LP et al.,*
    1:22-cv-04871 (N.D. Ill. 2022) ................................................. 9

*Kelly v. Bed Bath & Beyond Inc.,*
    4:22-cv-00972-BRW (E.D. Ark. 2022) ................................... 9

*Kelly v. Lowe's Home Ctrs., LLC,*
    4:22-cv-01007-BRW (E.D. Ark. 2022) ................................... 9

*Kruger v. Subaru of Am., Inc.,*
    996 F. Supp. 451 (E.D. Pa. 1998) ......................................... 23

*Kuns v. Ford Motor Co.,*
    543 F. App'x 572 (6th Cir. 2013) ........................... 11, 13, 18

*Landsman & Funk PC v. Skinder-Strauss Assocs.,*
    640 F.3d 72 (3d Cir. 2011), *vacated en banc,* 650 F.3d 311
    (3d Cir. 2011), *reinstated,* 2012 WL 2052685 (3d Cir. Apr.
    17, 2012) ............................................................................... 14

*Leflar v. Hobby Lobby Stores Inc.,*
    4:22-cv-00982-BRW (E.D. Ark. 2022) ................................... 9

*Leflar v. Home Depot Inc.,*
    4:22-cv-00687-BSM (E.D. Ark. 2022) ................................... 9

*Leflar v. Jo-Ann Stores LLC,*
    4:22-cv-00969-BRW (E.D. Ark. 2022) ................................... 9

*Leflar v. Target Corp.,*
    4:22-cv-00727-BRW (E.D. Ark. 2022) ................................... 9

*Leflar v. Target Corp.,*
    57 F.4th 600 (8th Cir. 2023) ................................... 8, 14, 22

*Lewis v. Ford Motor Co.,*
    610 F. Supp. 2d 476 (W.D. Pa. 2009) ................................. 22

*McCalley v. Samsung Elecs. Am., Inc.,*
    2008 WL 878402 (D.N.J. Mar. 31, 2008) ........................... 11

*Ogle v. Lowe's Home Ctrs., LLC,*
  22STCV37338 (Cal. Sup. Ct. 2022) ....................................... 9

*Opheim v. Aktiengesellschaft,*
  2021 WL 2621689 (D.N.J. June 25, 2021)............................. 17

*Oshana v. Coca-Cola Co.,*
  472 F.3d 506 (7th Cir. 2006).................................................. 23

*Papp v. Fore-Kast Sales Co., Inc.,*
  842 F.3d 805 (3d Cir. 2016) .................................................... 8

*Payne v. Fujifilm U.S.A., Inc.,*
  2007 WL 4591281 (D.N.J. Dec. 28, 2007)............................ 11

*Powell v. Subaru of Am., Inc.,*
  502 F. Supp. 3d 856 (D.N.J. 2020)........................................ 17

*Rowland v. Bissell Homecare, Inc.,*
  Case No. 2:22-cv-01500-CCW ................................................ 2

*Rowland v. Helen of Troy Ltd.,*
  Case No. 2:22-cv-01495-CB-PLD ............................................ 2

*Serafin et al. v. Target Corp.,*
  2:22-cv-01538-WSS (W.D. Pa. 2022)...................................... 9

*Standard Fire Ins. Co. v. Knowles,*
  568 U.S. 588 (2013).............................................................. 22

*Talley v. General Motors, LLC,*
  2021 WL 7209448 (D. Del. Nov. 26, 2021) .......................... 16

*Watson v. Prestige Delivery Sys., Inc.,*
  2017 WL 635388 (W.D. Pa. Feb. 16, 2017).......................... 22

*Weisblum v. Prophase Labs, Inc.,*
  88 F. Supp. 3d 283 (S.D.N.Y. 2015)..................................... 12

*Winkworth v. Spectrum Brands, Inc.,*
  2019 WL 5310121 (W.D. Pa. Oct. 21, 2019) .................. 23, 24

*Youngblood v. Target Corp.*,
   22STCV20889 (Cal. Sup. Ct. 2022) ...................................................... 9

**Statutes**

15 U.S.C.
   § 2310 ........................................................................................... 7
   § 2310(d) ...................................................................................... 1
   § 2310(d)(1) ................................................................................ 16
   § 2310(d)(1)(A) ..................................................................... *passim*
   § 2310(d)(1)(A)–(B) ................................................................ 5, 18
   § 2310(d)(1)(B) .................................................................... *passim*
   § 2310(d)(3) ........................................................................... 5, 18

28 U.S.C.
   § 1332(d) ............................................................................... 10, 20
   § 1332(d)(2) ........................................................................ 1, 4, 13
   § 1332(d)(5) .................................................................................. 4
   § 1332(d)(6) .................................................................................. 4
   § 1453(b) ...................................................................................... 4
   § 1453(c) ................................................................................... 2, 8

**Other Authorities**

151 Cong. Rec. S1086-01 (Feb. 8, 2005) ................................................. 20

S. Rep. 14, 109th Cong. 1st Sess. (2005) ......................................... 14, 20

# **INTRODUCTION**

Consumers like Plaintiff Monica Zortea ("Plaintiff") are increasingly filing class actions in state courts to enforce federal warranty disclosure requirements promulgated by the Federal Trade Commission under the Magnuson-Moss Warranty Act ("MMWA"). Defendants like Costco Wholesale Corp. ("Costco") typically remove these cases to federal courts, invoking federal diversity jurisdiction under the Class Action Fairness Act of 2005 ("CAFA").  From there, it is anyone's guess whether the district court will affirm federal jurisdiction due to an unsettled conflict between the MMWA and CAFA.

The MMWA provides for federal jurisdiction over warranty claims if, e.g., the action involves a class action with at least 100 named plaintiffs.  *See* 15 U.S.C. § 2310(d).  CAFA more broadly allows federal jurisdiction for class actions that meet other criteria, e.g., $5,000,000 is at controversy.  *See* 28 U.S.C. § 1332(d)(2).  The federal district courts of this Circuit have no binding precedent on the issue whether CAFA may provide federal jurisdiction independent of the MMWA's unique requirements.  The Sixth Circuit and Ninth Circuit have weighed in— and came out on opposite sides.  Dozens of district court decisions have

come out on both sides—although most support the rule Costco seeks to advance in this appeal.

Here, the District Court—in a series of three consecutive orders on the same jurisdictional issue[1]—held that CAFA does not provide jurisdiction over claims brought under MMWA and remanded this action.  (*See* Ex. A (Order re Mot. to Remand).)  The District Court relied in part on an anti-removal presumption that does not apply to cases removed under CAFA, and an erroneous interpretation of the MMWA.  This Court should allow Costco leave to appeal the order remanding this case, unite the district courts in this Circuit, and break the tie among the Circuits.

## RELIEF SOUGHT

Costco respectfully requests that the Court exercise its discretion under 28 U.S.C. § 1453(c) to grant Costco permission to appeal the

---

[1] The District Court issued the remand order in the present dispute on February 13, 2023.  On February 14, 2023, and February 17, 2023, the District Court remanded two other MMWA cases, *Rowland v. Helen of Troy Ltd.*, Case No. 2:22-cv-01495-CB-PLD, and *Rowland v. Bissell Homecare, Inc.*, Case No. 2:22-cv-01500-CCW, respectively, to Pennsylvania state court.  Both remand orders may be the subject of petitions to appeal with respect to the same MMWA/CAFA conflict issue.

District Court's order of remand, order full briefing on the merits, and schedule this appeal for oral argument.

## QUESTIONS PRESENTED

1.    Did the District Court err when it failed to resolve doubts in favor of retaining jurisdiction under CAFA, which makes it a "court of competent jurisdiction" under the MMWA, 15 U.S.C. § 2310(d)(1)(A), notwithstanding the separate requirements for federal-question jurisdiction under 15 U.S.C. § 2310(d)(1)(B)?

*Suggested answer: Yes*

2.    Did the District Court err when it concluded CAFA's amount-in-controversy requirement was not satisfied without addressing Costco's evidence in support?

*Suggested answer: Yes*

## STATEMENT OF CASE AND FACTS

### A.    Plaintiff's Allegations

On July 26, 2022, Plaintiff filed this putative class action in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging a single claim under the MMWA's Pre-Sale Availability Rule.  (*See* Ex. B-1 (Compl.) ¶¶ 2–8.)  Plaintiff asserts Costco "does not provide

consumers with access to written warranties, prior to sale," as required under the Pre-Sale Availability Rule. (*Id.* ¶ 6.) Based on these allegations, Plaintiff seeks "injunctive, declaratory, and … equitable relief" on behalf of a proposed class of "[a]ll persons in Pennsylvania who purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a written manufacturer's warranty." (*Id.* at 13 & *id.* ¶ 46 (quotations omitted).) Plaintiff purports to disclaim monetary damages on her own behalf and on behalf of the putative class. (*Id.* ¶ 19.)

**B.    Costco's Removal**

On September 14, 2022, Costco timely removed Plaintiff's action to the Western District of Pennsylvania based on CAFA. (*See* Ex. B (Notice of Removal) ¶¶ 5–28.) CAFA allows for removal of a state court class action to federal court where (1) the proposed class consists of at least 100 members; (2) the aggregate amount in controversy exceeds $5 million; and (3) any member of the proposed plaintiff class is diverse from any defendant. *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6) and § 1453(b).

Though the MMWA is a federal statute, Costco did not invoke federal-question jurisdiction as a basis for removal.  (*See generally* Ex. B.)  The MMWA defines two distinct categories of courts with jurisdiction over MMWA claims:  (A) "any court of competent jurisdiction in any State or the District of Columbia"; or (B) "an appropriate district court of the United States, subject to paragraph (3) of this subsection."  15 U.S.C. § 2310(d)(1)(A)-(B).  Paragraph (3) includes unique requirements for jurisdiction, e.g., requiring at least 100 named plaintiffs to bring a putative class action.  *See id.* § 2310(d)(3).  These requirements do not apply to Section 2310(d)(1)(A).

### C.    The Motion to Remand

On October 14, 2022, Plaintiff moved for remand because MMWA's jurisdictional requirements were not met, CAFA does not supersede MMWA's requirements and the $5 million amount-in-controversy requirement was not satisfied.  (*See* Ex. C (Mot. to Remand) at 1–2.)

In response, Costco argued the MMWA and CAFA can be reconciled; that where MMWA's jurisdictional requirements are not satisfied, CAFA may nonetheless afford federal courts an independent

basis for subject-matter jurisdiction—as most courts in the country have ruled.  (*See* Ex. D (Opp. to Mot. to Remand) at 3–5.)  Additionally, Costco asserted that the MMWA's authorization of jurisdiction "in any court of competent jurisdiction" is satisfied when the CAFA requirements are met—as this would render the federal district court "a 'court of competent jurisdiction' and permit it to retain jurisdiction." (*Id.* at 7 (quotations and citations omitted).)  Because Congress enacted CAFA thirty years after the MMWA, it is presumed Congress was "aware of MMWA's limited jurisdictional provisions and intended to expand them with CAFA."  (*Id.* at 8 (quotations and citations omitted).)

To support its assertion that the amount in controversy exceeds $5 million—the only disputed CAFA requirement—Costco provided a declaration that it has made more than $5 million in sales and profits of products in Pennsylvania with written warranties that cost more than $15.  (*See* Ex. D at 10 n.3, 11–12; Ex. D-1 (Decl. of Ed Hong ("Hong Decl.")) ¶ 6.)  Costco's revenue and profits alone are more than enough to invoke CAFA's jurisdiction because of Plaintiff's potential damages and request for equitable relief, which could include a full refund of the purchase price.  (Ex. D at 12–14.)

**D.    The District Court's Order**

On February 13, 2023, the District Court granted Plaintiff's motion for remand.  (*See* Ex. A.)  In so doing, the District Court recognized that only "[t]he Sixth and Ninth Circuit Courts have analyzed the interplay between the language of CAFA and of the MMWA, with divergent results."  (*Id.* at 4.)  The District Court thus undertook a statutory analysis to determine "whether the MMWA provides its own exclusive jurisdictional scheme for MMWA claims; or whether, in state court removal circumstances, CAFA or Diversity apply to § 2310(d)(1)(A) and supersedes the federal court limitations set forth in MMWA[]§ 2310(d)(1)(B)."  (*Id.* at 5.)  The District Court held that, without 100 named plaintiffs, Plaintiff did not have a viable claim under a plain reading of MMWA Section 2310(d)(1)(B) and thus there was no basis for Costco to remove the case.  (*See id*. at 10.)  The District Court also ruled that CAFA and diversity jurisdiction do not "supersede[] MMWA's requirements" or "substitute[] for the MMWA's § 2310 express requirements for claims and court jurisdiction," because doing so "would effectively nullify § 2310(d)(1)(B) and its federal court limitations."  (*Id.* at 13.)  The District Court also held that, remand was

separately required because Costco failed to meet the $5,000,000 jurisdictional amount required by CAFA.  (*See id*. at 15.)

This request for permission to appeal timely followed within 10 days of the District Court's order.  *See* 28 U.S.C. § 1453(c).

## STANDARD OF REVIEW

The district court's order of remand for lack of subject-matter jurisdiction is based on a question of law that this Court reviews de novo.  *See Papp v. Fore-Kast Sales Co., Inc.*, 842 F.3d 805, 810 (3d Cir. 2016) ("'We review de novo whether the District Court had subject matter jurisdiction[,]' including a court's decision to remand for a lack of jurisdiction.").

## REASONS FOR GRANTING PETITION

The Court should grant this petition because Costco's proposed appeal presents "important" and "recur[ring]" CAFA-related issues that would otherwise "escape meaningful appellate review." *Coll. of Dental Surgeons of P.R. v. Conn. Gen. Life Ins. Co.*, 585 F.3d 33, 38–39 (1st Cir. 2009) (explaining factors appellate courts consider in granting a discretionary appeal under 28 U.S.C. § 1453(c)); *see also Leflar v. Target*

*Corp.*, 57 F.4th 600, 603 (8th Cir. 2023) (granting discretionary appeal on proper standard for evaluating CAFA's jurisdictional amount).

No fewer than fifty MMWA cases have been filed since last year—and most have been removed to federal court.[2] The interplay between CAFA and the MMWA is more important than ever. While there are reasonable arguments on both sides of the split, the better argument weighs in favor of finding that CAFA may provide independent federal jurisdiction over an MMWA class action. In all events, a decision from

---

[2] The following cases have been filed within the last year alone in a handful of targeted jurisdictions and removed to federal court: *Chaudhry v. Amazon.com Services LLC*, 2:22-cv-01221-WSH (W.D. Pa. 2022); *Serafin et al. v. Target Corp.*, 2:22-cv-01538-WSS (W.D. Pa. 2022); *Leflar v. Home Depot Inc.*, 4:22-cv-00687-BSM (E.D. Ark. 2022); *Allinder v. Dollar Gen. Corp.*, 4:22-cv-00801-BRW (E.D. Ark. 2022); *Leflar v. Target Corp.*, 4:22-cv-00727-BRW (E.D. Ark. 2022); *Leflar v. Jo-Ann Stores LLC*, 4:22-cv-00969-BRW (E.D. Ark. 2022); *Chambers v. Amazon.com Servs. LLC*, 4:22-cv-00686-BRW (E.D. Ark. 2022); *Kelly v. Bed Bath & Beyond Inc.*, 4:22-cv-00972-BRW (E.D. Ark. 2022); *Leflar v. Hobby Lobby Stores Inc.*, 4:22-cv-00982-BRW (E.D. Ark. 2022); *Campbell v. Academy Ltd.*, 4:22-cv-01005-BRW (E.D. Ark. 2022); *Kelly v. Lowe's Home Ctrs., LLC*, 4:22-cv-01007-BRW (E.D. Ark. 2022); *Campbell v. Dick's Sporting Goods Inc.*, 4:22-cv-01011-BRW (E.D. Ark. 2022); *Keiser v. Element TV Co., LP et al.*, 1:22-cv-04871 (N.D. Ill. 2022); *Corn v. Target Corp.*, 1:22-cv-04700 (N.D. Ill. 2022); *Grant v. Costco Wholesale Corp.*, 1:22-cv-04704 (N.D. Ill. 2022); *Keiser v. Best Buy Stores, L.P. et al.*, 1:22-cv-04771 (N.D. Ill. 2022); *Youngblood v. Target Corp.*, 22STCV20889 (Cal. Sup. Ct. 2022); *Ogle v. Lowe's Home Ctrs., LLC*, 22STCV37338 (Cal. Sup. Ct. 2022).

this Court is warranted to guide the district courts in this Circuit—which are coming to different results on the exact same issue of law.

Costco maintains that the District Court's order of remand was in error. In particular, Costco respectfully submits that MMWA's peculiar requirements under Section 2310(d)(1)(B) are not the exclusive avenue to litigate a MMWA claim in federal court. This section merely confers *federal-question* jurisdiction under the MMWA. But where the CAFA requirements are met, federal district court becomes a "court of competent jurisdiction" under Section 2310(d)(1)(A) because the requirements for *diversity jurisdiction* are satisfied. This does not render Section 2310(d)(1)(B) superfluous, in part because there are procedural differences in litigating under diversity jurisdiction versus federal-question jurisdiction. The Third Circuit should weigh in and decide the issue.

### A. The District Court Should Have Followed the Majority Position Giving Effect to Both CAFA and the MMWA.

As the District Court recognized, other "courts maintain that CAFA, the later passed statute, … afford[s] access to federal courts for Ms. Zortea's class action claim." (Ex. A at 12.) *Indeed, most courts*

10

*across the nation have held that CAFA may independently provide subject-matter jurisdiction, even when the MMWA's separate jurisdictional requirements may not be independently satisfied.* See, e.g., *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) ("[D]istrict courts have, as a general rule, held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements.") (collecting cases); *McCalley v. Samsung Elecs. Am., Inc.*, 2008 WL 878402, at *5 (D.N.J. Mar. 31, 2008) (a court may retain CAFA jurisdiction even when a plaintiff "cannot satisfy the [MMWA] jurisdictional requirements") (quotations omitted); *Payne v. Fujifilm U.S.A., Inc.*, 2007 WL 4591281, at *7 (D.N.J. Dec. 28, 2007) ("[CAFA] … creates an alternative basis for federal jurisdiction over the MMWA claim."); *Barclay v. ICON Health & Fitness, Inc.*, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) ("[O]nce plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply."); *Dayan v. Swiss-Am. Prods., Inc.*, 2017 WL 9485702, at *9 (E.D.N.Y. Jan. 3, 2017), *report & recommendation adopted*, 2017 WL 1214485 (E.D.N.Y. Mar. 31, 2017) ("[M]ost courts … have held that, where its conditions are met, CAFA provides an alternative basis for jurisdiction without regard for the

MMWA.") (collecting cases); *Weisblum v. Prophase Labs, Inc.*, 88

F. Supp. 3d 283, 293 (S.D.N.Y. 2015) ("[T]he vast majority of courts

have held that … CAFA provides an alternative basis for jurisdiction

without regard for the MMWA.") (collecting cases); *Bechtel v. Fitness

Equip. Servs., LLC*, 339 F.R.D. 462, 478 n.5 (S.D. Ohio 2021) (collecting

cases).

District courts in this Circuit have also "held that CAFA

supersede[s] MMWA's class action requirements." (Ex. A at 4

(collecting cases).) Recently, however, some district courts in this

circuit have remanded cases without regard to CAFA because MMWA's

requisite criteria were not met. (*See id.*)

**B.    The District Court Followed the Minority Position by Disregarding CAFA's Independent Basis for Jurisdiction.**

In rendering its opinion and remanding this action, the District

Court did not have precedent from this Court to examine and, instead,

looked to divergent opinions from the Sixth and Ninth Circuits. The

Sixth Circuit agreed with district court decisions that generally "held

that the CAFA effectively super[s]edes the MMWA's more stringent

jurisdictional requirements" to proffer an independent basis for federal

jurisdiction, whereas the Ninth Circuit held that "CAFA may not be used to evade or override the MMWA's specific" jurisdictional requirements.  (Ex. A at 4, first quoting *Kuns*, 543 F. App'x at 574; and then quoting *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027, 1035 (9th Cir. 2020).)  The District Court ultimately agreed with *Floyd* and the other Third Circuit district courts that followed it to hold that CAFA does not provide an independent basis for federal jurisdiction over a MMWA action.  Costco respectfully submits that the Sixth Circuit's majority position is more compelling.

Federal courts generally agree that CAFA affords them an independent and "original" basis for subject-matter jurisdiction based on diversity, rather than federal question—even where subject-matter jurisdiction arising under a statute, including the MMWA, is lacking. 28 U.S.C. § 1332(d)(2); *see, e.g., Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether this alternative source of federal jurisdiction [under the MMWA] was available."); *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 623 (D.S.C. 2006) (MMWA restricts the court's

13

"traditional" source of federal-question jurisdiction but does not bar an "alternative source of federal jurisdiction"). In fact, the Third Circuit has unambiguously held that "***nothing in § 1332 indicates that diversity jurisdiction does not exist where federally-created causes of action are concerned***." *Landsman & Funk PC v. Skinder-Strauss Assocs.*, 640 F.3d 72, 82 (3d Cir. 2011) (quotations omitted; emphasis added), *vacated en banc*, 650 F.3d 311 (3d Cir. 2011), *reinstated*, 2012 WL 2052685 (3d Cir. Apr. 17, 2012).

The District Court thus erred in failing to find that CAFA creates a standalone basis for federal jurisdiction over Plaintiff's MMWA claim. "CAFA is, at base, an extension of diversity jurisdiction." *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010); *see also* S. Rep. 14, 109th Cong. 1st Sess. at 27 (2005) (CAFA is a "narrowly-tailored expansion of federal diversity jurisdiction"); *see also Leflar*, 57 F.4th at 602 n.1 ("The Magnuson-Moss Warranty Act has different jurisdictional thresholds. … [A] class action that satisfies the Class Action Fairness Act's jurisdictional requirements does not need to independently meet those other thresholds."). In fact, "CAFA jurisdiction attaches when a case is *filed* as a class action" and

"jurisdiction continues" "even if the class is not certified," which "furthers CAFA's purpose of allowing putative class actions to be litigated in federal court." *Burlington*, 606 F.3d at 381 (emphasis in original).

The MMWA's statutory requirements do not change this result. Relying on the Ninth Circuit's opinion in *Floyd*, the District Court concluded that "where the requisite § 2310(d)(1)(B) criteria are not met, a MMWA suit must be filed in state court." (Ex. A at 4.) *Floyd*, however, is distinguishable, as other courts have observed. There, the proponents of jurisdiction conceded that the MMWA "categorically stripped federal courts of subject-matter jurisdiction to hear any MMWA class claim involving less than 100 named plaintiffs." *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 568 F. Supp. 3d 837, 844 (E.D. Mich. 2021). Costco made no such concession here.

In addition, the federal court proponents in *Floyd* did not "rel[y] upon the line of cases … in which numerous courts have recognized a federal court may exercise jurisdiction over an MMWA claim that falls below the Act's Jurisdictional Thresholds where a federal statute other than section [2]310(d)(1)(B) provides an independent basis for the

Court's subject-matter jurisdiction." *Id.* And, most importantly, *Floyd* and its progeny like *Talley v. General Motors, LLC*, 2021 WL 7209448, (D. Del. Nov. 26, 2021), did not analyze whether a "court of competent jurisdiction" under Section 2310(d)(1)(A) may appropriately exercise CAFA jurisdiction—which led to the District Court's erroneous opinion here.

In sum, *Floyd* failed to consider that the MMWA grants jurisdiction over MMWA claims to *either* (A) "any court of competent jurisdiction in any State or the District of Columbia"; *or* (B) "an appropriate district court of the United States, subject to paragraph (3) of this subsection." 15 U.S.C. § 2310(d)(1). As one court has cogently explained:

> Paragraph (3) contains the requirement of 100 named plaintiffs; therefore, relying solely on the text of the statute, that requirement only applies to class actions brought under (B). By contrast, the language of (A), "any court of competent jurisdiction," is broad—there is no indication that it is restricted to only state courts, or conversely that federal courts are excluded. Therefore, if a district court had jurisdiction over an MMWA claim through CAFA, it would meet the requirements of (A), and the 100 named plaintiffs requirement would not apply.

*Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1305 (E.D. Mich. 2021).

The District Court did not appropriately consider these jurisdictional options, as shown by its misplaced reliance on a District of New Jersey opinion to conclude that broadly interpreting the language in (A) to include federal courts would render (B) superfluous.  (Ex. A at 11–13, citing *Opheim v. Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021).)  *Opheim* is distinguishable in that the proponents for jurisdiction did not "raise the argument" that "their case is one brought 'in any court of competent jurisdiction in any State' under subsection (A), such that paragraph 3 does not apply."  2021 WL 2621689, at *12. Thus, the *Opheim* court addressed the issue sua sponte, without the benefit of briefing, and did not consider Costco's position that CAFA's provision of "competent jurisdiction"—in the limited circumstances to which its ***diversity jurisdiction*** applies—under Section (A) does not render (B)'s provision of ***federal-question jurisdiction*** superfluous.[3]

---

[3] Other District of New Jersey opinions "find[ing] that subsection (A) also includes federal courts would … render subsection (B) superfluous" are not persuasive for similar reasons.  *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020).  The *Powell* court, for example, did not provide analysis other than to "agree[] with the Ninth Circuit's *Floyd* decision."  *Id.*  Similarly, there is no explanation in *In re Subaru Battery Drain Prods. Liab. Litig.*, which merely adopted the reasoning in *Powell* and *Floyd*.  2021 WL 1207791, at *20 (D.N.J. Mar. 31, 2021).

The District Court failed to recognize that Section 2310(d)(1)(A) of the MMWA independently allows for federal jurisdiction absent satisfaction of the particular requirements of Section 2310(d)(1)(B) (e.g., 100 named plaintiffs).  To be clear, Section 2310(d)(1)(A) provides that jurisdiction over MMWA claims is permitted "in any court of competent jurisdiction."  15 U.S.C. § 2310(d)(1)(A).  Therefore, "CAFA—the more recent of the two statutes—'can render a district court a "court of competent jurisdiction" and permit it to retain jurisdiction where the CAFA requisites are met but the MMWA requisites are not.'"  *Kuns*, 543 F. App'x at 574.  This is because the MMWA's unique jurisdictional requirements only apply to actions invoking federal-question jurisdiction pursuant to Section 2310(d)(1)(B).  *E.g.*, *Barclay*, 2020 WL 6083704, at *7 (citing 15 U.S.C. § 2310(d)(3) (providing restrictions for "'a suit brought under paragraph (1)(B) of this subsection'")).  As explained by one court:

> The MMWA authorizes jurisdiction in two alternative venues: (1) "any court of competent jurisdiction in any State or the District of Columbia"; and (2) "an appropriate district court of the United States."  15 U.S.C. § 2310(d)(1)(A)–(B). … By the statute's plain text, federal courts fall in both categories. They fall in the first category because federal courts are "in"—*i.e.*, within the boundaries of—states and the District of Columbia.   Had a different preposition been used in

describing the first category—"of," for example—then the statute's text would not be susceptible to this interpretation. A federal court is not a court "of" any state.  In other words, *if a federal court has some other source of subject-matter jurisdiction, then it may be a "court of competent jurisdiction" under the MMWA*.

*Id.* (italics in original; emphases added; collecting cases).  The District Court's conclusion that "Section 2310(d)(1)(A) … allows a consumer to bring suit 'in any court of competent jurisdiction in any State or the District of Columbia,' [but] does not include federal courts" is thus belied by the statutory text.  (Ex. A at 11.)

While the District Court's analysis may be reasoned, it is ultimately erroneous.  This error is apt to be repeated unless this Court issues an opinion addressing the interplay between MMWA and CAFA.

## C.    The District Court Erred in Failing to Resolve Doubts in Favor of CAFA Jurisdiction.

The District Court reached its erroneous result, in part, by imposing an improper heightened burden on Costco to establish subject-matter jurisdiction.  In particular, the District Court began its analysis by asserting that "[i]t is to be presumed that a cause lies outside [the] limited jurisdiction" of "[f]ederal courts."  (Ex. A at 3 (quotations omitted).)  But the Supreme Court has clearly held that "*no*

19

***antiremoval presumption attends cases invoking CAFA, which
Congress enacted to facilitate adjudication of certain class
actions in federal court***." *Dart Cherokee Basin Operating Co., LLC v.
Owens*, 574 U.S. 81, 89 (2014) (collecting authorities; emphasis added).

The Third Circuit, too, has recognized that CAFA was intended to
expand federal court jurisdiction over class actions. S. Rep. 14, 109th
Cong. 1st Sess. at 43 (courts must read CAFA's provisions "broadly,"
with a "strong preference" that "class actions should be heard in a
federal court if properly removed"); *accord Kaufman v. Allstate N.J. Ins.
Co.*, 561 F.3d 144, 148–49 (3d Cir. 2009) ("One purpose of CAFA was to
provide for federal court consideration … under diversity jurisdiction.")
(cleaned up). This is because CAFA was enacted based on Congress's
concern that certain types of cases "have been restricted to State courts
even though they have national consequences." 151 Cong. Rec. S1086-
01, S1103 (Feb. 8, 2005).

The District Court erred by applying a nonexistent presumption
against removal and tipping the scale in the direction of *Floyd*.

**D.    The District Court Erred in Failing to Consider Evidence Establishing the Amount in Controversy.**

Costco established, by the preponderance of the evidence, that the District Court had CAFA jurisdiction over Plaintiff's putative class action.  In ruling otherwise, the District Court simply did not consider evidence Costco offered in opposition to Plaintiff's Motion to Remand.

A "notice of removal need include only a plausible allegation that the amount in controversy" is satisfied.  *Dart Cherokee*, 574 U.S. at 89.  "To establish the sufficient amount in controversy to remove a class action case to federal court, [courts do] not require the defendant to submit proof to establish the amount in dispute, but the defendant may allege or assert that the jurisdictional threshold has been met." *Fox v. Chipotle Mexican Grill, Inc.*, 2021 WL 706757, at *6 (W.D. Pa. Feb. 23, 2021) (quotations omitted).  Without admitting Plaintiff's entitlement to relief, Costco sufficiently alleged that Plaintiff's Complaint placed well in excess of $5 million, exclusive of interest and costs, in controversy for purposes of removal.

The District Court found that CAFA's amount-in-controversy requirement was not satisfied because Costco's "*Notice of Removal*" did "not provide a sufficient basis to support that the damages at issue

would likely reach [a] threshold amount" for subject-matter jurisdiction. (Ex. A at 15 (emphasis added).)  The District Court plainly erred by failing to consider Costco's post-removal declaration in support of the Notice of Removal.  *See, e.g.*, *Leflar*, 57 F.4th at 605 ("The district court's failure to consider the Beckmann declaration, Target's central piece of evidence in opposing remand, effectively denied the company the opportunity to establish its claim of federal jurisdiction.") (cleaned up); *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 481 (W.D. Pa. 2009) (denying motion to remand where statements in defendant's declaration met preponderance of evidence standard).[4]

The District Court's one-paragraph discussion of the issue makes no reference at all to Costco's primary evidence.  (*See* Ex. A at 15–16.)

---

[4] Plaintiff also claimed to disclaim damages, but "a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013); *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.8 (3d Cir. 2014) ("[A]lthough a plaintiff may limit her monetary claims, any such limitation is not binding on the class a whole prior to class-action certification").  Thus, the District Court erred to the extent it attached any "significance to [Plaintiff's] assertions in [her] complaint[] that the amount in controversy is less than [the jurisdictional amount]." *Watson v. Prestige Delivery Sys., Inc.*, 2017 WL 635388, at *2 (W.D. Pa. Feb. 16, 2017).

In particular, with its Opposition, Costco submitted a declaration attesting to Plaintiff's potential damages and equitable relief, each of which may exceed $5 million alone based on Costco's Pennsylvania profits over the past four years involving sales of products with written warranties that allegedly violated the MMWA.  (*See* Ex. D-1 (Hong Decl.) ¶ 6 (Costco generated over $70 million in revenue and over $5 million in sales and profits of warranted Samsung, LG, and Vizio televisions alone from January 1, 2019 to July 1, 2022, from its Pennsylvania warehouses).)

This evidence should have been considered and deemed sufficient to establish CAFA's amount-in-controversy.  *See Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 778, 780 (7th Cir. 2011) (remedies available under the MMWA include a "full refund of the purchase price"); *Hurley v. BMW of N. Am., LLC*, 2020 WL 1624861, at *4 (E.D. Pa. Apr. 2, 2020) (same); *Winkworth v. Spectrum Brands, Inc.*, 2019 WL 5310121, at *4 (W.D. Pa. Oct. 21, 2019) (same); *Kruger v. Subaru of Am., Inc.*, 996 F. Supp. 451, 457 (E.D. Pa. 1998) (same); *see, e.g.*, *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) (profits from challenged sales during relevant period "would put this case securely

over the amount in controversy"); *Winkworth*, 2019 WL 5310121, at *4 ("[I]t is entirely appropriate for Spectrum to rely upon national sales data over the relevant time period to prove [CAFA] jurisdiction exists.").

The District Court erred in failing to credit, let alone address, the evidence Costco submitted in support of removal.

## <u>CONCLUSION</u>

For the reasons stated above, Costco respectfully requests that the Court permit it to appeal the District Court's order granting remand, order briefing on the appeal, and set the matter for oral argument.

Respectfully submitted this 23rd day of February, 2023.

MONTGOMERY MCCRACKEN WALKER & RHOADS LLP

By _____
    John Papianou (PA ID 88149)

John Papianou (PA ID 88149)
jpapianou@mmwr.com
Montgomery McCracken Walker &
Rhoads LLP
1735 Market Street
Philadelphia, PA  19103-7505
Telephone: (215) 772-7389
Facsimile: (215) 772-7620

*Attorneys for Costco Wholesale Corp.*
*Petitioner-Defendant*

# COMBINED CERTIFICATE OF COMPLIANCE

**I, John Papianou, certify:**

**Bar Membership.**  Under Third Circuit Local Appellate Rules 28.3 and 46.1, I am a member in good standing of the Bar of this Court.

**Word Count.**  This petition complies with the page and word count limitations of Fed. R. App. P. 5(c) because it contains 4,689 words.

**Typeface.**  This petition complies with the typeface requirements of Fed. R. App. P. 32(a)(5) and 32(c)(2) and the type style requirements of Fed. R. App. P. 32 (a)(6).

**Identical Compliance of Petition.**  The electronic version of this petition was prepared in portable document format; it is identical to the paper version of the brief being filed with the Court.

**Virus Check.**  This document was created on a system that uses CrowdStrike Falcon software, and no virus was detected.

Dated: February 23, 2023

_____
    John Papianou (PA ID 88149)

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing

Petition for Permission to Appeal is being served via e-mail and United

States First Class Mail, Postage Prepaid on this 23rd day of February,

2023, upon the following:

Chandler Steiger
Kevin Abramowicz
Kevin W. Tucker
Stephanie Moore
East End Trial Group
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
717-491-9162
csteiger@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
ktucker@eastendtrialgroup.com
smoore@eastendtrialgroup.com

Edwin J. Kilpela
Elizabeth Pollock-Avery
Kenneth A. Held
Lynch Carpenter, LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
412-322-9243
ekilpela@lcllp.com
Elizabeth@lcllp.com
ken@lcllp.com

_____
John Papianou (PA ID 88149)

# EXHIBIT A

**(Opinion and Order)**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MONICA ZORTEA, INDIVIDUALLY         )
AND ON BEHALF OF ALL OTHERS         )
SIMILARLY SITUATED;                 )           2:22-CV-01316-MJH
                                    )
            Plaintiff,              )
                                    )
    vs.                             )
                                    )
COSTCO WHOLESALE CORP.,             )
                                    )

            Defendant,

OPINION

Plaintiff, Monica Zortea, individually and on behalf of all others similarly situated, brings a putative class action against Defendant, Costco Wholesale Corp., for violation of the Magnuson-Moss Warranty Act (MMWA). (ECF No. 2-1).

Costco removed this action from the Allegheny County Court of Common Pleas on the basis that this Court has jurisdiction under 1) the Class Action Fairness Act (CAFA) pursuant to 28 U.S.C. §§ 1332(d) & 1453, and (2) diversity pursuant to 28 U.S.C. § 1332 (Diversity). Ms. Zortea has moved for remand. (ECF No. 6). This matter is now ripe for consideration.

After consideration of Ms. Zortea's Motion for Remand (ECF No. 6), the Complaint (ECF No. 2-1), Costco's Notice of Removal (ECF No. 2), the respective briefs and notices (ECF Nos. 7, 19, 24, 25, and 30), the arguments of counsel, and for the following reasons, Ms. Zortea's Motion for Remand will be granted. Because this Court is directing a remand, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without prejudice.

## I.    Background

In her Complaint, Ms. Zortea alleges that Costco violated the MMWA's Pre-Sale Availability Rule by not providing consumers with pre-sale access to written warranties. (ECF No. 2-1 at ¶¶ 2–8).  Based upon these allegations, Ms. Zortea seeks "injunctive, declaratory, and … equitable relief" on behalf of a proposed class of "[a]ll persons in Pennsylvania who purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a written manufacturer's warranty." *Id*. at ¶¶ 13 and 46).  Ms. Zortea avers that she, and any Class Members, are disclaiming monetary damages. *Id*. at ¶ 19.  Ms. Zortea filed her Complaint in the Court of Common Pleas of Allegheny County in accord with the provisions under MMWA 15 U.S.C. § 2310(d)(1)(A).

In its Notice for Removal, Costco asserts that this Court has Jurisdiction under CAFA or traditional diversity jurisdiction pursuant to 28 U.S.C. § 1332 (Diversity).   In her Motion for Remand, Ms. Zortea contends that 1) her claim does not satisfy the MMWA's specific claim and jurisdictional prerequisites under MMWA 15 U.S.C. §§ 2310(d)(1)(B); 2) CAFA does not provide an independent basis for jurisdiction for this MMWA claim; and 3) Diversity jurisdiction is lacking.

## II.    Relevant Standard

Under 28 U.S.C. §§ 1441 and 1453, a defendant may remove an action or class action brought in state court to federal district court when the claims fall within the federal court's original jurisdiction. *See* 28 U.S.C. §§ 1441(a) and 1453. A plaintiff may challenge removal for lack of jurisdiction by moving to remand the matter to state court. *See id.* § 1447(c). Such remand motions may be filed at any time before final judgment is entered. *Id.* If the district court indeed lacks subject matter jurisdiction, it must remand to the state court from which the action

was removed. *Id.* "Federal courts are courts of limited jurisdiction: 'It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.'" *Hart v. FedEx Ground Package System, Inc.*, 457 F.3d 675, 679 (7th Cir. 2006), quoting *Kokkonen v. Guardian Life Ins. Co.*, 511 U.S. 375, 377, 114 S.Ct. 1673, 128 L.Ed.2d 391 (1994). As the party asserting jurisdiction, defendants bear the burden of proving that the matter is properly before the federal court. *See Frederico v. Home Depot*, 507 F.3d 188, 193 (3d Cir. 2007) (citations omitted); *Steel Valley Auth. v. Union Switch & Signal Div.*, 809 F.2d 1006, 1010 (3d Cir. 1987) (same).

III.    Discussion

Costco is a member-based store that limits entry to card-carrying customers.  Likewise, civil litigants in federal courts must meet certain requisites for entry, whether based upon jurisdiction or the nature of their claims.  In this civil action, both parties are shopping for their preferred forum, which presents this Court with jurisdictional inquiries of first impression.

A.  Parties' Arguments

Ms. Zortea contends that she properly filed her Complaint in state court pursuant to MMWA § 2310(d)(1)(A); and, because her Complaint does not satisfy the requisites for federal jurisdiction under MMWA § 2310(d)(1)(B), she seeks remand back to state court.  Costco asserts that, because the CAFA and Diversity criteria are met in this putative class's MMWA case, this Court is competent to maintain jurisdiction under MMWA § 2310(d)(1)(A).  Ms. Zortea maintains that Costco cannot rely on CAFA or Diversity to circumvent MMWA's specific and express requirements for her MMWA claim and for federal jurisdiction as defined under MMWA § 2310(d)(1)(B).  She contends that, to hold otherwise, would result in CAFA's implicit repeal of the MMWA. Costco argues that the MMWA permits federal jurisdiction under §

3

2310(d)(1)(A) where CAFA provides a separate basis for subject matter jurisdiction and federal district courts qualify as "courts of competent jurisdiction" under § 2310(d)(1)(A).

    B.  Status of the law

    The Third Circuit has not addressed the issues as presented by the parties.  The Sixth and Ninth Circuit Courts have analyzed the interplay between the language of CAFA and of the MMWA, with divergent results. *Cf. Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) (agreeing with those district courts which have generally "held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements") *with Floyd v. Am. Honda Motor Co., Inc.,* 966 F.3d 1027, 1035 (9th Cir. 2020) ("CAFA may not be used to evade or override the MMWA's specific numerosity requirement"). Prior to *Floyd*, Third Circuit district courts had held that CAFA superseded MMWA's class action requirements. *E.g.*, *McCalley v. Samsung Elecs. Am., Inc.*, Civ. No. 07-2141, 2008 WL 878402, at *4–5 (D.N.J. Mar. 31, 2008) (Greenaway, J.); *McGee v. Cont'l Tire N. Am., Inc.*, Civ. No. 06-6234, 2007 WL 2462624, at *4 (D.N.J. Aug. 27, 2007).  However, following *Floyd*, Third Circuit district courts have shifted to the Ninth Circuit's reasoning to mandate that, where the requisite § 2310(d)(1)(B) criteria are not met, a MMWA suit must be filed in state court.  *In re Subaru Battery Drain Prods. Liab. Litig.*, Civ. No. 20-3095, 2021 WL 1207791, at *12 (D.N.J. Mar. 31, 2021); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020); *Opheim v. Aktiengesellschaft*, CV2002483KMESK, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021); *Talley v. General Motors*, No. 1:20-cv-01137, 2021 WL 7209448 (D. Del. Nov. 26, 2021) (C.J. Bibas sitting by designation).

    Absent controlling Third Circuit authority, this remand issue requires analysis of the statutory language from the removal statute under 28 U.S.C. § 1441 et seq., the MMWA under

15 U.S.C. § 2310, CAFA under 28 U.S.C. § 1332(d), and Diversity under 28 U.S.C. § 1332(a). The operative question is whether the MMWA provides its own exclusive jurisdictional scheme for MMWA claims; or whether, in state court removal circumstances, CAFA or Diversity apply to § 2310(d)(1)(A) and supersedes the federal court limitations set forth in MMWA§ 2310(d)(1)(B). To do so, the Court will examine the plain meaning under the pertinent statutes.

C. Statutory Interpretation

It is the cardinal canon of statutory interpretation that a court must begin with the statutory language.'" *Nunez v. Subaru of Am., Inc.*, Civ. No. 1:19-cv-18303, 2021 WL 9667930, at *7 (D.N.J. Feb. 23, 2021) (citing *In re Philadelphia Newspapers, LLC*, 599 F.3d 298, 304 (3d Cir. 2010), as amended (May 7, 2010)). "When the words of a statute are unambiguous, then, this first canon is also the last: judicial inquiry is complete." *Id*. (citations and quotations omitted). According to the "anti-surplusage" canon, "[i]t is our duty to give effect, if possible, to every clause and word of a statute." *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)

Under Supreme Court precedent with regard to seemingly competing statutes, "'when two statutes are capable of coexistence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective.'" *J.E.M. Ag Supply, Inc. v. Pioneer Hi–Bred Intern., Inc.*, 534 U.S. 124, 143–44, 122 S.Ct. 593, 151 L.Ed.2d 508 (2001) (quoting *Morton v. Mancari*, 417 U.S. 535, 551, 94 S.Ct. 2474, 41 L.Ed.2d 290 (1974)). Also, "[w]hen confronted with two Acts of Congress allegedly touching on the same topic, this Court ... strive[s] 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (quoting Morton v. Mancari, 417 U.S. 535, 551 (1974)). "Implied repeals are generally disfavored." *Me. Cmty. Health Options v. United States*, 140 S. Ct. 1308, 1323 (2020). Further,

the Court must presume that "Congress is aware of existing law when it passes legislation." *Hall*

*v. United States*, 566 U.S. 506, 516, 132 S.Ct. 1882, 1889, 182 L.Ed.2d 840 (2012).

D. Removal

For removal of civil actions, 28 U.S.C. § 1441 provides as follows:

> Except as otherwise expressly provided by Act of Congress, any civil action
> brought in a State court of which the district courts of the United States have
> original jurisdiction, may be removed by the defendant or the defendants, to the
> district court of the United States for the district and division embracing the place
> where such action is pending.

28 U.S.C. § 1441(a). Under 28 U.S.C. § 1441(a), "a defendant may remove a civil action to

federal court only if the plaintiff could have originally filed the action in federal court." *Magliolì*

*v. All. HC Holdings LLC*, 16 F.4th 393, 406 (3d Cir. 2021).

The Court begins with the general guiding principle that Congress's power to create

lower federal courts includes its power to "limit the jurisdiction of those Courts." *Patchak v.*

*Zinke*, 200 L.Ed.2d 92, 138 S.Ct. 897, 906 (2018) (citing *United States v. Hudson*, 7 Cranch 32,

33, 3 L.Ed. 259 (1812); *accord, Lockerty v. Phillips*, 319 U.S. 182, 187, 63 S.Ct. 1019, 87 L.Ed.

1339 (1943)). Thus, in this case, analysis must examine the statutory authority, as granted by

Congress, under the plain language of the MMWA, which directs where and under what

circumstances a consumer may bring suit for relief.

E. MMWA Discussion

The MMWA creates a consumer's right to bring a suit for relief. The MMWA also

expressly defines where and when said suit may be filed vis-à-vis state and/or federal courts.

Under the MMWA, "a consumer may bring suit for damages and other legal and equitable

relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B)

in an appropriate district court of the United States, subject to [15 U.S.C. § 2310(d)(3)]." 15

U.S.C. §§ 2310(d)(1)(A) and 2310(d)(1)(B). 15 U.S.C. § 2310(d)(3) provides:

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
>
> (A) if the amount in controversy of any individual claim is less than the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or
>
> (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3).

 1. MMWA § 2310(d)(1)(B)

Presently, the Court examines where Ms. Zortea could have filed this MMWA putative

class action suit under the applicable language for federal district court class actions under 15

U.S.C. § 2310(d)(1)(B). If she could have initially filed her putative MMWA class action claim

in federal court, then removal was proper. If she could not have filed her suit in federal court,

then remand is appropriate. Here, the MMWA § 2310(d)(3) criteria provide that "[n]o claim

shall be cognizable…if the action is brought as a class action claim in federal court, and the

number of named plaintiffs is less than 100." Because Ms. Zortea's Complaint does not name at

least 100 plaintiffs, it does not meet MMWA's criteria for a federal cognizable claim under 15

U.S.C. § 2310(d)(3)(C). Therefore, Ms. Zortea, and the putative class, did not have a cognizable

claim, and she could not have filed this case in federal court. By extension, because "a defendant

may remove a civil action to federal court only if the plaintiff could have originally filed the

action in federal court," Costco would not be permitted to remove this case to federal court.

*Maglioli*, 16 F.4th at 406.

A plain reading statutory analysis supports this result. Beginning with the text of the MMWA,

(1) Subject to subsections (a)(3) and (e), a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter, or under a written warranty, implied warranty, or service contract, may bring suit for damages and other legal and equitable relief—

(A)  in any court of competent jurisdiction in any State or the District of Columbia; or

(B) in an appropriate district court of the United States, **subject to** paragraph (3) of this subsection.

\*\*\*

(3)  **No claim shall be cognizable** in a suit **brought under** paragraph (1)(B) of this subsection—

(A) if the amount in controversy of any individual claim is less than the sum or value of $25;

(B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit; or

(C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. §§ 2310(d)(1) and 2310(d)(3) (emphasis added). "Subject to" means "only if." *See* Antonin Scalia & Bryan A. Gartner, *Reading Law* 126 (2012). Thus, MMWA permits consumers to sue in federal court, but "only if" they comply with paragraph Section 2310(d)(3), which states in relevant part, "no claim shall be cognizable" in federal court if:

• A class action is "brought under" paragraph (1)(B) of Magnuson-Moss, and

• "[T]he number of named plaintiffs is less than one hundred."

15 U.S.C. § 2310(d)(3), (d)(3)(C).  Congress declared that no claim shall be cognizable in a suit

brought under Section 2310(d)(1)(B) unless specific criteria are met.  Next, for "cognizable,"

Black's Law Dictionary provides two relevant definitions:

> 1.  Capable of being known or recognized <for purposes of establishing standing, a plaintiff must allege a judicially cognizable injury>.
>
> […]
>
> 3.  Capable of being judicially tried or examined before a designated tribunal; within  the court's jurisdiction <the tort claims are not cognizable under the consumer-protection statute>.

 COGNIZABLE, Black's Law Dictionary (11th ed. 2019).   Under the third definition, a claim is

not "cognizable" if courts lack jurisdiction to hear it. *See also John R. Sand & Gravel Co. v.*

*United States*, 552 U.S. 130, 136 (2008) (noting that "cognizable by" means "about the same

thing" as "has jurisdiction").  Under this definition, the MMWA directs that a claim is not

cognizable in a suit in "an appropriate district court in the United States," such that a plaintiff,

who does not name 100 plaintiffs, does not have a cognizable claim and cannot bring a suit in

federal court.

Under the first definition, the term "cognizable" does not speak to jurisdiction; rather, it

determines whether a plaintiff has a federal court claim/cause of action.  MMWA expressly

states that no claim shall be cognizable in a suit brought under Section 2310(d)(1)(B).   As

recognized by Judge Bibas in *Talley*, 2021 WL 7209448, the phrase "[b]rought under law X"

could mean "relying on X for a cause of action" or it could mean "relying on law X for

jurisdiction." *Id*. at *6.  A plain reading of the MMWA's "brought under" language also refers to

litigants, not just courts; and therefore, Section 2310(d)(1) supplies a cause of action for suits in

addition to establishing the jurisdictional authority for courts.

9

The MMWA speaks to where consumers may bring suit for damages and relief, and it defines the limited circumstances for when a suit may be brought in federal court. It supplies a specific federal cause of action under Section 2310(d)(1)(B).   Without 100 named plaintiffs, the MMWA claim is not cognizable.  Absent a cognizable claim, the district court has no subject matter jurisdiction over the claim. Therefore, Ms. Zortea and the putative class could not have filed their claim under MMWA § 2310(d)(1)(B), and there would be no basis for Costco to remove the state-filed case to federal court.

2.   MMWA § 2310(d)(1)(A)

Despite the language of MMWA § 2310(d)(1)(B), Costco maintains that this case can qualify for federal court jurisdiction, because, under CAFA, all criteria for a class action are met; and therefore, through MMWA § 2310(d)(1)(A), the federal district court is a "any court of competent jurisdiction in any State or the District of Columbia."   Further, Costco argues that Diversity could confer federal court jurisdiction for Ms. Zortea's individual claim. Ms. Zortea contends that such a reading of § 2310(d)(1)(A) is incompatible with the language of § 2310(d)(1)(B).  Specifically, she argues that the MMWA sets forth a clear judicial demarcation for MMWA claims as between state courts and federal courts.

 "A court of competent jurisdiction is a court with the power to adjudicate the case before it." *Lightfoot v. Cendant Mortg. Corp.*, 580 U.S. 82, 91, 137 S.Ct. 553, 560, 196 L.Ed.2d 493 (2017) (citing Black's Law Dictionary 431 (10th ed. 2014)). While some other federal statutes expressly define "a court of competent jurisdiction" to include both federal and state courts[1], the MMWA neither defines "court of competent jurisdiction" nor abuts said phrase with any "federal" court reference.  MMWA § 2310(d)(1)(A) instead utilizes "court of competent

---

[1] *See, e.g.* 12 U.S.C. § 1723a(a); 18 U.S.C. § 2703(a), (b) & (c); 29 U.S.C. § 216(b)

jurisdiction" in conjunction with reference to any State or the District of Columbia. If Congress had intended to include federal district courts under MMWA § 2310(d)(1)(A), it could have expressly done so, as it did in MMWA § 2310(d)(1)(B). Criteria for where and when a suit may be filed in an appropriate federal district court is expressly defined separately under MMWA § 2310(d)(1)(B). The implication, that § 2310(d)(1)(A) includes federal district courts within its "any court of competent jurisdiction in any State or the District of Columbia" language, renders the restrictions to federal court under § 2310(d)(1)(B) meaningless. Such is contrary to the rules of statutory construction. Under the harmonious-reading canon, the provisions of a statute should be interpreted in a way that renders them compatible, not contradictory. *See United States v. Bass*, 404 U.S. 336, 344, 92 S.Ct. 515, 30 L.Ed.2d 488 (1971) (recognizing that "courts should interpret a statute with an eye to the surrounding statutory landscape and an ear for harmonizing potentially discordant provisions."). "[I]t is a 'cardinal rule that a statute is to be read as a whole,' in order not to render portions of it inconsistent or devoid of meaning." *Matter of Glenn*, 900 F.3d 187, 190 (5th Cir. 2018) (citing *Zayler v. Dep't of Agric. (In re Supreme Beef Processors, Inc.)*, 468 F.3d 248, 253 (5th Cir. 2006) (en banc) (quoting *Wash. State Dep't of Soc. & Health Servs. v. Guardianship Estate of Keffeler*, 537 U.S. 371, 385 n.7, 123 S.Ct. 1017, 154 L.Ed.2d 972, (2003)) (citation omitted)).

Therefore, under the plain reading of MMWA§ 2310(d)(1)(A) in conjunction with MMWA § 2310(d)(1)(B), MMWA Section 2310(d)(1)(A), which allows a consumer to bring suit "in any court of competent jurisdiction in any State or the District of Columbia," does not include federal district courts. Section 2310(d)(1)(B) specifically speaks to federal courts and the requisites for a claim under MMWA to be cognizable for filing with a federal district court. To interpret § 2310(d)(1)(A) to include federal court jurisdiction would "violate the 'anti-

11

surplusage' canon, under which '[i]t is [the court's] duty to give effect, if possible, to every clause and word of a statute.'" *Powell v. Subaru of Am., Inc.*, 502 F.Supp.3d 856, 885 (D.N.J. 2020) (quoting *United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)). Likewise, as the District Court of New Jersey has explained, "pulling federal courts into subsection (A) would nullify the limits on federal jurisdiction which Congress sought to impose via [the three conditions in] paragraph 3." *Opheim v. Aktiengesellschaft*, 2021 WL 2621689, at *12 (D.N.J. June 25, 2021). Therefore, Ms. Zortea and the putative class could not have filed their claim in federal court under § 2310(d)(1)(A). And likewise, Costco has no ability to remove the suit, as filed, under MMWA § 2310(d)(1)(A).

Here, a plain reading of "in any court of competent jurisdiction in any State or the District of Columbia," under § 2310(d)(1)(A), directs filings in state courts, except for those that qualify for federal district court under § 2310(d)(1)(B), as intended and specified by Congress. Moreover, a plain reading of "subject to," "brought under" and "cognizable claim" consistently evidences Congress's intent to permit only limited categories of MMWA cases to file suits through federal district courts. Therefore, there is a clear statutory mandate, created by§ 2310(d)(1)(A) and § 2310(d)(1)(B), that defines and directs where and under what circumstances MMWA suits may be filed (or removed) in federal court.

F.   CAFA, Diversity, and MMWA Reconciliation

The Court now briefly addresses whether the jurisdictional outcomes under MMWA can be reconciled with CAFA and Diversity. Costco and some courts maintain that CAFA, the later passed statute, abrogates MMWA § 2310(d)(1)(B) and opens § 2310(d)(1)(A) to afford access to federal courts for Ms. Zortea's class action claim. Costco also argues that diversity under § 1332(a) could afford access for Ms. Zortea's individual claim. Ms. Zortea contends that such an

implicit repeal of the MMWA violates traditional statutory canons and distorts Congress's intent when it enacted each statute.

In 2005, Congress amended the diversity statute by adding CAFA, which expanded diversity jurisdiction for class actions that met certain criteria:

> (d)(2) The district courts shall have original jurisdiction of any civil action in which the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs, and is a class action in which—(A) any member of a class of plaintiffs is a citizen of a State different from any defendant;

28 U.S.C. § 1332 (d)(2)(A).  While CAFA, like MMWA, requires a proposed class action of at least one hundred, unlike the MMWA, CAFA does not require the naming of all one hundred plaintiffs.  *Floyd*, 966 F.3d at 1033 (comparing 15 U.S.C. § 2310(d)(3)(C) *with* 28 U.S.C. § 1332(d)(1)(D)).  In *Floyd*, the Ninth Circuit rejected the proposition that CAFA superseded MMWA's requirements and stated that, "[t]he plain language of the MMWA lists a combination of specific requirements for a claim cognizable in *federal* court." *Id*. at 1034 (emphasis in original).

This Court shares the concerns expressed by the Ninth Circuit and other courts.   If CAFA or Diversity substitutes for the MMWA's § 2310 express requirements for claims and court jurisdiction, such would effectively nullify § 2310(d)(1)(B) and its federal court limitations, thereby defeating MMWA's federal court statutory scheme that has been untouched by Congress since its enactment.  Congress intended that MMWA class actions meet specified prerequisites for claim cognizability to qualify claims for federal court jurisdiction.  When it enacted CAFA, Congress could have addressed this jurisdictional issue with regard to class actions and the MMWA, but it did not.  Moreover, as the Court in *Opheim v. Aktiengesellschaft*, 2021 WL 2621689 (D.N.J. June 25, 2021) adeptly stated:

There is a way to harmonize the two statutes: CAFA does not modify the MMWA's requirements because CAFA applies to suits brought under diversity jurisdiction, which MMWA suits are not. The MMWA creates a federal cause of action, so federal courts hearing MMWA claims are exercising their federal-question jurisdiction. *See Mims v. Arrow Fin. Servs., LLC*, 565 U.S. 368, 377, 380 (2012) (when a statute creates a federal cause of action, the statute furnishes federal-question jurisdiction, even if it also provides that claims can be brought in state court). In contrast, CAFA modifies jurisdictional requirements in diversity-jurisdiction cases so that more class actions based only on state law can be brought in federal court. Miss. ex rel. Hood v. AU Optronics Corp., 571 U.S. 161, 165 (2014); see also S. Rep. No. 109-14, at 10 (2005). Because an MMWA claim creates a federal-question case, CAFA does not apply to that claim. Indeed, there is nothing in CAFA's legislative history indicating that Congress sought to modify class-action requirements for class actions addressing federal claims. Floyd, 966 F.3d at 1066. In short, CAFA and MMWA cases have distinct requirements. Plaintiffs do not satisfy the MMWA requirements, so their MMWA claims must be dismissed.

Id. at *13.

Congress passed the MMWA in 1974. At the time of such enactment, Congress set forth

certain threshold dollar amounts under § 2310(d)(1)(B) for individual claims at $50,000 and a

numerosity requirement of 100 named plaintiffs for class actions. At that time, the threshold

dollar amount for both 28 U.S.C. §§ 1331 (federal question) and 1332 (diversity) jurisdiction

was $10,000. Therefore, at its enactment, MMWA created state court jurisdiction and created

restrictive criteria for claim cognizability and federal court jurisdiction. In 1980, Congress

eliminated the threshold dollar amount for § 1331 federal question jurisdiction. In 1988 and

1996, Congress raised the Diversity threshold dollar amounts to $50,000 and $75,000,

respectively. CAFA was enacted in 2005. Congress did not expressly reference the MMWA or

amend or repeal MMWA § 2310 in any of these enactments. Moreover, Congress has not since

enacted any other legislation to amend any of the provisions of MMWA § 2310. Congress's

inaction is significant. Costco's suggested interpretation of MMWA § 2310(d)(1)(A), to include

federal courts and to then apply CAFA or Diversity to confer federal court jurisdiction, would effectively repeal MMWA § 2310 and defeat Congressional intent.

CAFA, Diversity, and the MMWA can each be given full effect. This Court's interpretation of MMWA § 2310(d)(1)(A) does not impair CAFA or Diversity jurisdiction, because, under § 2310(d)(1)(B), absent qualifying criteria, there is no cognizable claim and therefore no civil action over which any federal district court has subject matter jurisdiction. In such circumstance, neither CAFA nor Diversity operates to confer jurisdiction beyond what is expressly provided for under MMWA. MMWA § 2310(d)(1)(B) affords MMWA consumers an avenue to initiate qualifying class actions in federal court. It correspondingly allows defendants to remove state court-filed qualifying MMWA§ 2310(d)(1)(B) class actions to federal court. Neither CAFA nor Diversity statutes are necessary to confer federal court jurisdiction. MMWA § 2310 fully and exclusively prescribes jurisdiction for consumer claims. CAFA and Diversity jurisdiction statutes are unaffected by this Court's holding on MMWA. Those statutes remain unimpeded and consistent with statutory language, construction, and Congressional intent.

G.  CAFA Applicability

Furthermore, even if CAFA applied, which it does not, Coscto must satisfy that the Plaintiffs' claims meet CAFA's $5 million jurisdictional amount. The Notice of Removal does not provide a sufficient basis to support that the damages at issue would likely reach such threshold amount.  On the face of the pleadings, Ms. Zortea and the putative class are seeking non-monetary remedies and any suggestion that attorney's fees could exceed the jurisdictional amount are entirely speculative. Thus, even if this Court were to hold, which it does not, that the MMWA implicitly includes federal courts as "courts of competent jurisdiction" under §

15

2310(d)(1)(A), CAFA would not afford federal jurisdiction over Ms. Zortea's suit and remand would issue.

### H. Diversity

Similarly, even if Diversity jurisdiction applied as to Mrs. Zortea's individual claim, which it does not, the threshold jurisdictional amount is not met. Diversity jurisdiction requires 1) citizens of different states; and 2) an amount in controversy over $75,000. While Ms. Zortea and Coscto are citizens of different states, Ms. Zortea's claim does not meet the amount in controversy requirement. As stated earlier, Ms. Zortea is seeking non-monetary relief. And even if she would recover attorney's fees, the Third Circuit has held that attorney fees are not costs within the meaning of MMWA; and thus, they are not included in the amount in controversy determination for Diversity jurisdiction. *Suber v. Chrysler Corp*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (internal citations omitted); accord, *Matthews v. James Hardie Bldg. Prod., Inc.*, No. 3:16-CV378-MCR-EMT, 2017 WL 6994567, at *3 (N.D. Fla. Nov. 21, 2017) (holding monetary award that a plaintiff may be entitled to under the Magnuson Moss Warranty Act, including attorney's fees, cannot be considered for Diversity because MMWA § 2310(d)(1)(B) provides its own jurisdictional amount that precludes costs and fees). Therefore, even if this Court had found, which it does not, that MMWA implicitly includes federal courts as "courts of competent jurisdiction" under § 2310(d)(1)(A), Ms. Zortea has not asserted an amount in controversy that would meet the jurisdictional threshold under Section 1332. Thus, remand would issue.

### IV. Conclusion

Accordingly, this case is not eligible for removal and remand is appropriate. Ms. Zortea's Motion to Remand will be granted. Because this Court is remanding the suit to Allegheny County, Costco's Motion to Dismiss (ECF No. 16), will be denied as moot, without

prejudice. A separate order will issue directing the clerk to remand this matter to the Allegheny County Court of Common Pleas.

DATED this 13th day of February, 2023.

BY THE COURT:

MARILYN J. HORAN
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

MONICA ZORTEA, INDIVIDUALLY          )
AND ON BEHALF OF ALL OTHERS          )
SIMILARLY SITUATED;                  )          2:22-CV-01316-MJH
                                     )
            Plaintiff,               )
                                     )
      vs.                            )
                                     )
COSTCO WHOLESALE CORP.,              )

            Defendant,

ORDER

After consideration of Ms. Zortea's Motion for Remand (ECF No. 6), the Complaint
(ECF No. 2-1), Costco's Notice of Removal (ECF No. 2), the respective briefs and notices (ECF
Nos. 7, 19, 24, 25, and 30), the arguments of counsel, and for reasons stated in this Court's
Opinion, Ms. Zortea's Motion for Remand is granted.  Because this Court is remanding the suit
to Allegheny County, Costco's Motion to Dismiss (ECF No. 16), is denied as moot, without
prejudice.  The Clerk is directed to remand this matter to the Allegheny County Court of
Common Pleas. This case will be marked closed.

DATED this 13th day of February 2023.

BY THE COURT:

_____
MARILYN J. HORAN
United States District Judge

# EXHIBIT B
## (Notice of Removal and Complaint)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### Pittsburgh Division

MONICA ZORTEA, individually and on
behalf of all others similarly situated,

     Plaintiff,

  v.

COSTCO WHOLESALE CORP.,

     Defendant.

Civil No. 2:22-cv-1316

## <u>NOTICE OF REMOVAL</u>

**PLEASE TAKE NOTICE** that under 28 U.S.C. §§ 1332, 1441, 1446, and 1453, Defendant Costco Wholesale Corp. ("Costco") hereby removes this action from the Court of Common Pleas of Allegheny County, Pennsylvania, to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division. Costco reserves all rights and defenses available to it and, in support of this Notice, states as follows:

## <u>INTRODUCTION</u>

1.    On July 26, 2022, Plaintiff Monica Zortea filed a Class Action Complaint ("Compl.") against Costco in the Court of Common Pleas of Allegheny County, Pennsylvania, Case No. GD-22-009299, captioned, "MONICA ZORTEA, individually and on behalf of all others similarly situated, *Plaintiff*, v. COSTCO WHOLESALE CORP., *Defendant*" (the "State Court Lawsuit").

2.    On August 16, 2022, Ms. Zortea served Costco with the Civil Cover Sheet, Notice to Defend, and Class Action Complaint. True and correct copies of the Civil Cover Sheet, Notice to Defend, and Class Action Complaint are attached as **Exhibit A**.

3.    A plaintiff may not avoid federal jurisdiction by "artfully pleading" a state claim for what is essentially a federal claim. *See Federated Dept. Stores, Inc. v. Moitie*, 452 U.S. 394, 396 (1981); *accord United Jersey Banks v. Parell*, 783 F.2d 360, 368 (3d Cir. 1986). "[A]ny

civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . ."  28 U.S.C. § 1441(a); *see, e.g.*, *Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 253 (E.D. Pa. 1988) ("There is no reason to believe that Congress in enacting the … amount in controversy requirement for [Magnuson-Moss Warranty Act] jurisdiction … intended to preclude jurisdiction under 28 U.S.C. § 1332"); *accord Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether [an] alternative source of federal jurisdiction [under the Magnuson-Moss Warranty Act] was available.").

4.      This action is removable under Section 1441 because the district courts of the United States have original jurisdiction pursuant to (1) the Class Action Fairness Act of 2005, Pub. L. 109-2, 119 Stat 4 (2005) ("CAFA"), codified at 28 U.S.C. §§ 1332(d) & 1453, and (2) 28 U.S.C. § 1332.

**THE ACTION IS REMOVABLE UNDER CAFA**

5.      CAFA was enacted based on Congress's concern that certain types of cases "have been restricted to State courts even though they have national consequences."  151 Cong. Rec. S1086-01, S1103 (Feb. 8, 2005).  CAFA's purpose is to allow "[f]ederal court consideration of interstate cases of national importance."  28 U.S.C. § 1711, stat. note, subd. (b)(2).  It follows that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

6.      CAFA provides that a defendant may remove a state court class action to federal court if:  (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant.  *See* 28 U.S.C. § 1332(d)(2), (d)(5), (d)(6), and § 1453(b).  This action satisfies each requirement.

### *Ms. Zortea Proposes a Class of More than 100 Persons*

7.      This action is a putative class action within the meaning of CAFA, which defines "class action" as "any civil action filed under rule 23 of the Federal Rules of Civil Procedure or similar State statute or rule of judicial procedure authorizing an action to be brought by 1 or more representative persons as a class action." 28 U.S.C. § 1332(d)(1)(B).

8.      Ms. Zortea brought the State Court Lawsuit as a putative class action and seeks to certify a class under Pa. R. Civ. P. 1702, 1708, and 1709 (Compl. ¶ 45), the requirements of which are analogous to Federal Rule of Civil Procedure 23. *See Keppley v. Sch. Dist. of Twin Valley*, 866 A.2d 1165, 1170–1176 (Pa. Commw. Ct. 2005) (comparing Pennsylvania Rules of Civil Procedure 1701-16, which govern class action lawsuits, with Rule 23). In other words, Pa. R. Civ. P. 1702, 1708, and 1709 constitute a "similar … rule of judicial procedure" to Federal Rule of Civil Procedure 23. *See* 28 U.S.C. § 1332(d)(1)(B).

9.      Ms. Zortea asserts a single cause of action under the First Cause of Action of the Complaint for violation of the federal Magnuson-Moss Warranty Act ("MMWA"), 15 U.S.C. §§ 2301, *et seq*. (Compl. ¶¶ 55–62.) Ms. Zortea seeks to assert these claims on behalf of herself and the following proposed class: "All persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty." (*Id.* ¶ 46 [quotation omitted].) The Complaint alleges the proposed class "contains thousands of individuals, at least." (*Id.* ¶ 49.) *See also Watson v. Prestige Delivery Sys., Inc.*, 2017 WL 635388, at *2–3 (W.D. Pa. Feb. 16, 2017) (once defendant was notified of class size, it could have reasonably ascertained that CAFA jurisdictional amount was satisfied).

10.     Ms. Zortea thus seeks to proceed on behalf of a proposed class well in excess of 100 persons. *See* 28 U.S.C. § 1332(d)(5)(B).

### *The Amount in Controversy Exceeds $5 Million*

11.     For purposes of removal under CAFA, "the claims of the individual class members shall be aggregated to determine whether the matter in controversy exceeds the sum or value of $5,000,000, exclusive of interest and costs." 28 U.S.C. § 1332(d)(6). This Court has

jurisdiction over this matter because Ms. Zortea's allegations show this is a "civil action in which the matter in controversy exceeds the sum or value of $5,000,000." *Id.* § 1332(d)(2).

12.    Where, as here, "the plaintiff's complaint does not state the amount in controversy, the defendant's notice of removal may do so." *Dart Cherokee*, 574 U.S. at 84. Under 28 U.S.C. § 1446(a), "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Id.* at 89.

13.    "The Magnuson-Moss Act provides that a consumer … may bring suit for damages and other legal and equitable relief." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 402 (3d Cir. 2004) (quotations omitted).  Ms. Zortea's Complaint is based on "goods that cost more than $15 and … are subject to manufacturer warranties" sold by Costco in Pennsylvania.  (Compl. ¶ 11.)  Ms. Zortea also alleges Costco makes money by selling consumers "'protection plans' and extended warranties" for its products.  (*Id.* ¶ 7.)

14.    Ms. Zortea seeks "equitable relief," which may exceed $5 million alone.  (Compl. at 13.)  Among other things, Pennsylvania courts recognize "restitution" and "rescission" as forms of equitable relief.  *See Olde Discount Corp. v. Tupman*, 1 F.3d 202, 219 (3d Cir. 1993). More than $5 million in Costco's Pennsylvania sales over the past four years involved sales of products with written warranties that cost more than $15.  Indeed, Ms. Zortea's action potentially implicates thousands of consumer products sold by Costco in its stores and website that come with written warranties and cost more than $15, e.g., televisions, other electronics, and appliances.  Many of the products at issue cost many hundreds or thousands of dollars each. Costco sells many thousands or more of these products in Pennsylvania every year.

15.    Ms. Zortea may also seek legal damages, which may also exceed $5 million alone based on Costco's Pennsylvania sales over the past four years involving sales of products with written warranties that cost more than $15, to the extent the putative class members claim to have been damaged by their purchases based on their purported inability to obtain written warranties prior to their purchase, as Ms. Zortea claims.

16.     Although Ms. Zortea tried to disclaim damages for herself and the proposed class to avoid removal, "[t]his is not a case … where the plaintiff has submitted a sworn affidavit stating that she will ultimately seek less than the jurisdictional amount. … Instead, this is a case [where] the amount in controversy requirement [is amply] satisfied, even though the claim at issue [is] for [injunctive and] declaratory relief, and not money damages." *Miller v. Liberty Mut. Grp.*, 97 F. Supp. 2d 672, 676 (W.D. Pa. 2000).  In fact, removal may be appropriate even when a plaintiff, including Ms. Zortea, refuses to stipulate to a limitation on damages. *See McLain v. Wal-Mart Store No. 5495*, 2013 WL 1438254, at *1 (E.D. Pa. Apr. 8, 2013) (denying plaintiff's motion to remand because she did not stipulate to limiting damages).

17.     In addition, "although a plaintiff may limit her monetary claims, any such limitation is not binding on the class as a whole prior to class-action certification." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.8 (3d Cir. 2014).  "That is because a plaintiff who files a proposed class action cannot legally bind members of the proposed class before the class is certified." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 593 (2013). Therefore even a "precertification stipulation" (which Ms. Zortea has not made) could not "overcome [a] finding that the CAFA jurisdictional threshold had been met." *Id*.  In sum, the Court should attach "no significance to [Ms. Zortea's] assertions in [her] complaint[] that the amount in controversy is less than [the jurisdictional amount]. … [T]his type of pre-certification stipulation in a complaint does not, by itself, take a case outside CAFA's scope, because the stipulation can bind only the named plaintiff and not the entire proposed class." *Watson*, 2017 WL 635388, at *2.

18.     Ms. Zortea also seeks "injunctive … relief" based on the conduct alleged in the Complaint, which includes sales of "any product with a written warranty that costs more than $15." (Compl. ¶¶ 1, 5.)  "In actions seeking … injunctive relief, it is well established that the amount in controversy is measured by the value of the object of the litigation." *Lewis v. Ford Motor Co.*, 610 F. Supp. 2d 476, 485 (W.D. Pa. 2009) (quotations omitted) (collecting cases); *accord In re Corestates Tr. Fee. Litig.*, 39 F.3d 61, 65 (3d Cir. 1994) ("In injunctive actions, it is

5

settled that the amount in controversy is measured by the value of the right sought to be protected by the equitable relief.") (collecting cases).  While unnecessary to reach the jurisdictional threshold, Costco's aggregated expenses to design, draft, implement, and comply with a policy "provid[ing Pennsylvania] consumers with access to any written warranty for a product costing more than $15" for the foreseeable future should be included in the jurisdictional amount.  (Compl. ¶ 2.)

19.     Ms. Zortea also seeks attorneys' fees and expert fees.  (Compl. at 13.)  The MMWA permits a court to award a successful plaintiff "a sum equal to the aggregate amount of costs and expenses … determined by the court to have been reasonably incurred by the plaintiff for or in connection with the commencement and prosecution of such action."  15 U.S.C. § 2310(d)(2).  In at least some class action cases involving the MMWA, class counsel have sought, and been awarded, approximately $4 million or more in attorneys' fees.  *See, e.g.*, *In re Shop-Vac Mktg. & Sales Pracs. Litig.*, 2016 WL 7178421, at *17 (M.D. Pa. Dec. 9, 2016) (awarding more than $4 million in attorneys' fees); *O'Keefe v. Mercedes-Benz USA, LLC*, 214 F.R.D. 266, 311 (E.D. Pa. 2003) (awarding more than $4.8 million in attorneys' fees).  These amounts should also be included in the amount in controversy.

20.     A defendant satisfies "CAFA's amount in controversy requirement where its notice of removal includes a plausible allegation that the stakes exceed $5,000,000."  *Fox v. Chipotle Mexican Grill, Inc.*, 2021 WL 706757, at *6 (W.D. Pa. Feb. 23, 2021).  Without admitting Ms. Zortea's entitlement to any relief whatsoever, Costco alleges Ms. Zortea's Complaint has placed well in excess of $5 million, exclusive of interest and costs, in controversy for purposes of removal.

### *The Minimal Diversity Requirement Is Satisfied*

21.     Under 28 U.S.C. § 1332(d)(2)(A), a district court may assert jurisdiction over a class action in which "any member of a class of plaintiffs is a citizen of a State different from any defendant."

6

22.     "[A] corporation shall be deemed to be a citizen of every State and foreign state

by which it has been incorporated and of the State or foreign state where it has its principal place

of business." 28 U.S.C. § 1332(c)(1).  Federal courts apply the "nerve center" test to determine a

corporation's principal place of business. *Hertz Corp. v. Friend*, 559 U.S. 77, 80–81, 92–93

(2010).  The company's officers or members "direct, control, and coordinate" the company's

activities from the "nerve center."  *Id.* at 92–93.  The "nerve center" will "normally be the place

where the corporation maintains its headquarters—provided that the headquarters is the actual

center of direction, control, and coordination." *Id.* at 93.  Ms. Zortea correctly alleges that

Costco is "based in the State of Washington," i.e., incorporated under the laws of Washington

and has its principal place of business in Washington.  (Compl. ¶ 10.)  In sum, Costco is a citizen

of the State of Washington.

23.     Ms. Zortea alleges she is "a resident of Bucks County, Pennsylvania."  (Compl.

¶ 9.)  "Citizenship is synonymous with domicile, and the domicile of an individual is his true,

fixed and permanent home and place of habitation.  It is the place to which, whenever he is

absent, he has the intention of returning."  *McCann v. Newman Irrevocable Tr.*, 458 F.3d 281,

286 (3d Cir. 2006) (quotations omitted).  On information and belief, Ms. Zortea does not reside

in the State of Washington and is a citizen of the State of Pennsylvania.

24.     Ms. Zortea purports to bring this action on behalf of "[a]ll persons in

Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15

and (b) included a written manufacturer's warranty."  (Compl. ¶ 46 [quotation omitted].)  Thus,

the proposed class exclusively includes "persons in Pennsylvania."  (*Ibid.*)

25.     Accordingly, at least one member of the proposed class is a citizen of a state

different from Costco, and diversity of citizenship exists under 28 U.S.C. § 1332(d)(2)(A).  The

diversity between Ms. Zortea and Costco not only satisfies CAFA's minimal diversity

requirements, but also precludes the "local controversy" and "home state" exceptions in 28

U.S.C. § 1332(d)(3) and (d)(4), for which Ms. Zortea would bear the burden of proof in any

event.

## THE ACTION IS REMOVABLE BASED ON DIVERSITY

26. For the same reasons stated above, the Court has original jurisdiction of this action because Ms. Zortea's claims alone exceed the $75,000 threshold for individual actions. *See* 28 U.S.C. § 1332(a).

27. As explained above, Ms. Zortea and Costco are citizens of different states.

28. Ms. Zortea's individual claim also exceeds $75,000, exclusive of interest and costs, based on her individual requests for injunctive relief, attorneys' fees, experts' fees, and other relief, including her potential claims for damages.

## COSTCO SATISFIES THE REMAINING REQUIREMENTS FOR REMOVAL

29. This Notice of Removal is timely under 28 U.S.C. § 1446(b) because Costco filed it within thirty days after service of process, which took place on August 16, 2022.

30. Costco may remove this action to this Court under 28 U.S.C. §§ 1441, 1446, and 1453. Because Ms. Zortea filed this action in the Court of Common Pleas of Allegheny County, Pennsylvania, the United States District Court for the Western District of Pennsylvania is the proper forum for the case to be removed, pursuant to 28 U.S.C. §§ 118(c) and 1446(a).

31. Copies of all process, pleadings, and orders served on Costco in the State Court Lawsuit are attached as **Exhibit A**, as required by 28 U.S.C. § 1446(a).

32. Costco will promptly file a copy of the Notice of Removal with the Court of Common Pleas of Allegheny County and give written notice of the filing of this Notice of Removal to Ms. Zortea under 28 U.S.C. § 1446(d).

33. Costco reserves the right to amend or supplement this Notice of Removal and reserves all rights and defenses, including those available under Federal Rule of Civil Procedure 12 and applicable law.

WHEREFORE, Costco removes the above-described civil action from the Court of Common Pleas of Allegheny County, Pennsylvania to the United States District Court for the Western District of Pennsylvania, Pittsburgh Division, for further proceedings.

DATED: September 14, 2022      Respectfully submitted,

By:_____

Attorneys for
COSTCO WHOLESALE CORP.

MONTGOMERY MCCRACKEN WALKER &
RHOADS LLP
John G. Papianou (Pa. I.D. No. 88149)
1735 Market Street, 21st Floor
Philadelphia, PA 19103
Tel: (215) 772-7389
Fax: (215) 772-7620
jpapianou@mmwr.com

DAVIS WRIGHT TREMAINE LLP
James H. Moon (*pro hac vice* forthcoming)
Peter K. Bae (*pro hac vice* forthcoming)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
jamesmoon@dwt.com
peterbae@dwt.com

DAVIS WRIGHT TREMAINE LLP
James Howard (*pro hac vice* forthcoming)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
jimhoward@dwt.com

## <u>CERTIFICATE OF SERVICE</u>

I certify that on the date shown below, I filed the foregoing Notice of Removal with the

Clerk of the Court, and sent notice, via first class mail, postage prepaid, to the following counsel

of record:

| | |
|---|---|
| Edwin J. Kilpela, Jr. | Kevin Tucker |
| Elizabeth Pollock-Avery | Kevin J. Abramowicz |
| Kenneth A. Held | Chandler Steiger |
| 1133 Penn Ave, 5th Floor | Stephanie Moore |
| Pittsburgh, Pennsylvania 15222 | 6901 Lynn Way |
| Tel: (412) 322-9243 | Suite 215 |
| Fax: (412) 231-0246 | Pittsburgh, PA 15208 |
| Lynch Carpenter, LLP | Tel: (412) 877-5220 |
| ekilpela@lcllp.com | East End Trial Group LLC |
| elizabeth@lcllp.com | ktucker@eastendtrialgroup.com |
| ken@lcllp.com | kabramowicz@eastendtrialgroup.com |
| | csteiger@eastendtrialgroup.com |
| *Attorneys for Plaintiff Monica Zortea* | smoore@eastendtrialgroup.com |
| | *Attorneys for Plaintiff Monica Zortea* |

Dated: September 14, 2022

_____

John G. Papianou

# EXHIBIT B-1

**(Complaint)**

# EXHIBIT A

# Supreme Court of Pennsylvania

## Court of Common Pleas
## Civil Cover Sheet

_____ Allegheny _____ **County**

| For Prothonotary Use Only: |
| --- |
| Docket No: |
| GD-22-009299 |

*The information collected on this form is used solely for court administration purposes. This form does not supplement or replace the filing and service of pleadings or other papers as required by law or rules of court.*

<table>
<tr><td colspan="2">

**Commencement of Action:**
☒ Complaint  ☐ Writ of Summons  ☐ Petition
☐ Transfer from Another Jurisdiction  ☐ Declaration of Taking

</td></tr>
<tr><td>

Lead Plaintiff's Name:
Monica Zortea

</td><td>

Lead Defendant's Name:
Costco Wholesale Corp.

</td></tr>
<tr><td>

**Are money damages requested?** ☒ Yes  ☐ No

</td><td>

Dollar Amount Requested:  ☐ within arbitration limits
(check one)  ☒ outside arbitration limits

</td></tr>
<tr><td>

**Is this a *Class Action Suit*?**  ☒ Yes  ☐ No

</td><td>

**Is this an *MDJ Appeal*?**  ☐ Yes  ☒ No

</td></tr>
<tr><td colspan="2">

Name of Plaintiff/Appellant's Attorney:  Edwin J. Kilpela, Jr.

☐  **Check here if you have no attorney (are a Self-Represented [Pro Se] Litigant)**

</td></tr>
</table>

**Nature of the Case:**  Place an "X" to the left of the **ONE** case category that most accurately describes your **PRIMARY CASE.** If you are making more than one type of claim, check the one that you consider most important.

**TORT** *(do not include Mass Tort)*
☐ Intentional
☐ Malicious Prosecution
☐ Motor Vehicle
☐ Nuisance
☐ Premises Liability
☐ Product Liability *(does not include mass tort)*
☐ Slander/Libel/ Defamation
☐ Other:
_____
_____

**MASS TORT**
☐ Asbestos
☐ Tobacco
☐ Toxic Tort - DES
☐ Toxic Tort - Implant
☐ Toxic Waste
☒ Other:
  Magnuson-Moss
  Warranty Act

**PROFESSIONAL LIABLITY**
☐ Dental
☐ Legal
☐ Medical
☐ Other Professional:
_____
_____

**CONTRACT** *(do not include Judgments)*
☐ Buyer Plaintiff
☐ Debt Collection: Credit Card
☐ Debt Collection: Other
_____

☐ Employment Dispute: Discrimination
☐ Employment Dispute: Other
_____
_____

☐ Other:
_____
_____

**REAL PROPERTY**
☐ Ejectment
☐ Eminent Domain/Condemnation
☐ Ground Rent
☐ Landlord/Tenant Dispute
☐ Mortgage Foreclosure: Residential
☐ Mortgage Foreclosure: Commercial
☐ Partition
☐ Quiet Title
☐ Other:
_____
_____

**CIVIL APPEALS**
Administrative Agencies
☐ Board of Assessment
☐ Board of Elections
☐ Dept. of Transportation
☐ Statutory Appeal: Other
_____
_____

☐ Zoning Board
☐ Other:
_____
_____

**MISCELLANEOUS**
☐ Common Law/Statutory Arbitration
☐ Declaratory Judgment
☐ Mandamus
☐ Non-Domestic Relations Restraining Order
☐ Quo Warranto
☐ Replevin
☐ Other:
_____
_____

*Updated 1/1/2011*

# NOTICE

**Pennsylvania Rule of Civil Procedure 205.5. (Cover Sheet) provides, in part:**

**Rule 205.5.  Cover Sheet**

(a)(1)  This rule shall apply to all actions governed by the rules of civil procedure except the following:

(i)  actions pursuant to the Protection from Abuse Act, Rules 1901 et seq.

(ii)  actions for support, Rules 1910.1 et seq.

(iii)  actions for custody, partial custody and visitation of minor children, Rules 1915.1 et seq.

(iv)  actions for divorce or annulment of marriage, Rules 1920.1 et seq.

(v)  actions in domestic relations generally, including paternity actions, Rules 1930.1 et seq.

(vi)  voluntary mediation in custody actions, Rules 1940.1 et seq.

(2)  At the commencement of any action, the party initiating the action shall complete the cover sheet set forth in subdivision (e) and file it with the prothonotary.

(b)  The prothonotary shall not accept a filing commencing an action without a completed cover sheet.

(c)  The prothonotary shall assist a party appearing pro se in the completion of the form.

(d)  A judicial district which has implemented an electronic filing system pursuant to Rule 205.4 and has promulgated those procedures pursuant to Rule 239.9 shall be exempt from the provisions of this rule.

(e)  The Court Administrator of Pennsylvania, in conjunction with the Civil Procedural Rules Committee, shall design and publish the cover sheet.  The latest version of the form shall be published on the website of the Administrative Office of Pennsylvania Courts at www.pacourts.us.

# IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and on behalf of all others similarly situated,

   *Plaintiff*,

     v.

COSTCO WHOLESALE CORP.,

   *Defendant*.

CIVIL DIVISION

No. __GD-22-009299__

Code:_____

CLASS ACTION

**CLASS ACTION COMPLAINT**

FILED ON BEHALF OF PLAINTIFF, MONICA ZORTEA

COUNSEL OF RECORD FOR THIS PARTY:

Edwin J. Kilpela, Jr. PA ID # 201595
Elizabeth Pollock-Avery
PA ID# 314841
Kenneth A. Held PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:  (412) 322-9243
Fax:  (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/ Him) PA ID # 312144
Kevin J. Abramowicz (He/Him)
PA ID # 320659
Chandler Steiger (She/Her) PA ID # 328891
Stephanie Moore (She/Her) PA ID # 329447
6901 Lynn Way
Suite 215
Pittsburgh, PA 15208
Tel.  (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

**IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA**

MONICA ZORTEA, individually and on behalf of all others similarly situated,

        *Plaintiff*,

        v.

COSTCO WHOLESALE CORP.,

        *Defendant*.

CIVIL DIVISION

No. _____

Code:_____

CLASS ACTION

### NOTICE TO DEFEND

**YOU HAVE BEEN SUED IN COURT**. If you wish to defend against the claims set forth in the following pages, you must take action within **TWENTY (20)** days after this Complaint and Notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the Complaint or for any claim or relief requested by the Plaintiff. You may lose money or property or other rights important to you.

**YOU SHOULD TAKE THIS PAPER TO YOUR LAWYER AT ONCE. IF YOU DO NOT HAVE A LAWYER, GO TO OR TELEPHONE THE OFFICE SET FORTH BELOW. THIS OFFICE CAN PROVIDE YOU WITH INFORMATION ABOUT HIRING A LAWYER.**

**IF YOU CANNOT AFFORD TO HIRE A LAWYER, THIS OFFICE MAY BE ABLE TO PROVIDE YOU WITH INFORMATION ABOUT AGENCIES THAT MAY OFFER LEGAL SERVICES TO ELIGIBLE PERSONS AT A REDUCED FEE OR NO FEE.**

LAWYER REFERRAL SERVICE
The Allegheny County Bar Association
11th Floor Koppers Building
436 Seventh Avenue
Pittsburgh, PA 15219
Telephone: (412) 261-5555

IN THE COURT OF COMMON PLEAS OF ALLEGHENY COUNTY, PENNSYLVANIA

MONICA ZORTEA, individually and on behalf of all others similarly situated,

CIVIL DIVISION

       *Plaintiff*,

No. _____

       v.

Code:_____

COSTCO WHOLESALE CORP.,

CLASS ACTION

       *Defendant*.

## CLASS ACTION COMPLAINT

Plaintiff Monica Zortea, individually and on behalf of all others similarly situated, brings this Class Action Complaint against Costco Wholesale Corp. Plaintiff alleges the following based upon personal knowledge as to Plaintiff's own experiences, and as to all other matters upon information and belief, including investigation conducted by Plaintiff's counsel.

### NATURE OF THE CASE

1.     Plaintiff seeks injunctive and declaratory relief curtailing unlawful business practices related to consumer warranties for products sold by Costco Wholesale Corp. ("Costco" or "Defendant").

2.     The Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301–2312 ("Magnuson-Moss," the "Act," or "MMWA"), and its implementing regulations 16 CFR §§ 700.1, *et seq.*, require that retailers provide consumers with access to any written warranty for a product costing more than $15, prior to the point of sale (referred to herein as the "Pre-Sale Availability Rule").

3.     The Pre-Sale Availability Rule guarantees consumers an opportunity to be fully informed about warranty terms and conditions so they may choose a product with the best combination of price, features, and warranty coverage to meet their individual needs.

1

4.      In doing so, the Pre-Sale Availability Rule promotes competition among sellers to meet consumer preferences.

5.      To comply with Magnuson-Moss's Pre-Sale Availability Rule, sellers must make the terms of a product's written warranty "readily available for examination by the prospective buyer" by either (1) displaying the warranty "in close proximity" to the product or (2) placing signs around the store in prominent locations, alerting the consumer that he or she may inspect product warranties upon request. This obligation extends to any product with a written warranty that costs more than $15. 16 C.F.R. § 702.3.

6.      Unfortunately, Defendant does not provide consumers with access to written warranties, prior to sale, in a manner that complies with the Pre-Sale Availability Rule.

7.      Defendant's noncompliance is self-serving. Defendant is part of a global extended warranty industry that generated $120.79 billion in 2019 and is projected to reach $169.82 billion by 2027, growing at a compound annual growth rate of 7.4% from 2020-2027.[1] By offering its own "protection plans" and extended warranties to consumers at the point of sale, instead of giving consumers access to the manufacturer warranties included in their purchases already, Defendant increases the odds that consumers will purchase Defendant's own duplicative warranty services.[2]

8.      Plaintiff seeks an order requiring Defendant to provide Pennsylvania consumers with pre-sale access to the warranties that Magnuson-Moss's Pre-Sale Availability Rule requires.

---

[1] Yahoo, "Extended Warranty Market to Reach $169.82 Bn, Globally, by 2027 at 7.4% CAGR: Allied Market Research" (Jan. 24, 2022) (available at: https://www.yahoo.com/now/extended-warranty-market-reach-169-083000210.html?guccounter=1).
[2] Beth Braverman, "Why You Should Steer Clear of Extended Warranties," Consumer Reports (Dec. 22, 2018) (available at: https://www.consumerreports.org/extended-warranties/steer-clear-extended-warranties-a3095935951/) ("Two-thirds of in-store electronic shoppers and nearly three-quarters of appliance purchasers say that an associate has pitched one to them.").

2

## PARTIES

9.    Plaintiff Monica Zortea is a resident of Bucks County, Pennsylvania.

10.    Defendant Costco Wholesale Corp. is a retailer based in the State of Washington at 999 Lake Drive, Issaquah, WA 98027.

11.    Defendant sells goods that cost more than $15 and are subject to manufacturer warranties.

## JURISDICTION AND VENUE

12.    This Court has personal jurisdiction over Defendant because Defendant directs its conduct at Pennsylvania, transacts business in Pennsylvania, is registered to do business in Pennsylvania, has substantial contacts with Pennsylvania, has engaged and is engaging in conduct that has a direct, substantial, reasonably foreseeable, and intended effect of causing injury to persons in Pennsylvania, and has purposely availed itself of the laws of Pennsylvania.

13.    Defendant's activities in Pennsylvania gave rise to the claims identified herein.

14.    Venue is proper in Allegheny County because Defendant conducts substantial business in Allegheny County.

## EXCLUSIVE STATE COURT JURISDICTION PURSUANT TO 15 U.S.C. § 2310

15.    Exclusive jurisdiction lies with this Court, pursuant to 15 U.S.C. § 2310.

16.    Magnuson-Moss authorizes injured consumers to bring suit for "legal and equitable relief…in any court of competent jurisdiction in any State." 15 U.S.C. § 2310(d)(1)(A).

17.    However, the Act imposes specific limitations on the exercise of jurisdiction by federal courts, stating that "no claim shall be cognizable" in federal district court "(A) if the amount in controversy of any individual claim is less than the sum or value of $25; (B) if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed

3

on the basis of all claims to be determined in this suit; or (C) if the action is brought as a class action, and the number of named plaintiffs is less than one hundred." *Id.* § 2310(d)(3)(A)-(C).

18.    Plaintiff solely seeks equitable and declaratory relief individually and on behalf of all Class Members, in the form of Defendant complying with the Pre-Sale Availability Rule.

19.    Neither Plaintiff nor any Class Member asserts an individual claim for damages at all, much less one valued at $25 or greater.

20.    Neither of the requirements for federal jurisdiction set forth under § 2310(d)(3)(A) or § 2310(d)(3)(B) is satisfied.

21.    Further, because there are not one hundred named plaintiffs in this action, the requirement for federal jurisdiction set forth under § 2310(d)(3)(C) is not satisfied.

22.    Because none of the requirements for federal jurisdiction are satisfied under § 2310(d)(3), this Court has exclusive jurisdiction over this Action.

**COMMON FACTUAL ALLEGATIONS**

23.    Magnuson-Moss is a consumer-protection law passed in 1975 to clarify how written warranties may be used when marketing products to consumers.[3]

24.    A warranty is a warrantor's promise to stand behind its product. It is a statement about the integrity of the product and a commitment to correct problems if the product fails.[4]

25.    In passing Magnuson-Moss, Congress encouraged sellers to offer written warranties to assure consumers and to foster competition for the best products. Although sellers are not required to provide warranties, many consumers are skeptical of products that do not have one.

---

[3] 15 U.S.C. §§ 2301, *et seq.*
[4] FTC, "Businessperson's Guide to Federal Warranty Law" (available at https://www.ftc.gov/business-guidance/resources/businesspersons-guide-federal-warranty-law).

26.     Magnuson-Moss creates multiple consumer protections related to warranties. Most deal with the substance of the warranties, themselves (*i.e.*, what a warrantor must—and must not—include as a term or a representation).

27.     But Magnuson-Moss also recognizes the need of consumers to have access to warranties when evaluating whether or not to buy a given product, as the strength of the warranty is a meaningful data point when considering a new purchase.

28.     Consumers have a right to choose a product with the best combination of price, features, and warranty coverage to meet their individual needs. As Congressman Moss stated in support of the law:

> One of the most important effects of this bill will be its ability to relieve consumer frustration by promoting understanding and providing meaningful remedies. This bill should also foster intelligent consumer decisions by making warranties understandable. At the same time, warranty competition should be fostered since consumers would be able to judge accurately the content and differences between warranties and competing consumer products.

> Perhaps one of the potentially most important and long range effects of this bill resides in its attempt to assure better product reliability. The bill…attempts to organize the rules of the warranty game in such a fashion to stimulate manufacturers, for competitive reasons, to produce more reliable products. This is accomplished using the rules of the marketplace by giving the consumer enough information and understanding about warranties so as to enable him to look to the warranty duration of a guaranteed product as an indicator of the product reliability.[5]

29.     The Senate report accompanying the introduction of Magnuson-Moss further clarified the need for and purpose of the law:

> When the use of a warranty in conjunction with the sale of a product first became commonplace, it was typically a concept that the contracting parties understood and bargained for, usually at arms length. One could decide whether or not to purchase a product with a warranty and bargain for that warranty accordingly. Since then, the relative bargaining power of those contracting for the purchase of consumer products has changed radically. Today, most consumers have little understanding of the frequently complex legal implications of warranties on consumer products.

---

[5] Federal Register/Vol. 40, No. 251/60168.

Typically, a consumer today cannot bargain with consumer product manufacturers or suppliers to obtain a warranty or to adjust the terms of a warranty voluntarily offered. Since almost all consumer products sold today are typically done so with a contract of adhesion, there is no bargaining power over contractual terms. [Magnuson-Moss] attempts to remedy some of the defects resulting from this gross inequality of bargaining power and return the sense of fair play to the warranty field that has been lost through the years as the organizational structure of our society has evolved. The warranty provisions of [Magnuson-Moss] are not only designed to make warranties understandable to consumers, but to redress the ill effects resulting from the imbalance which presently exists in the relative bargaining power of consumers and suppliers of consumer products.[6]

30.     Thus, Magnuson-Moss has a Pre-Sale Availability Rule that guarantees consumers

a right of access to complete information about warranty terms and conditions before purchasing

products that cost more than $15.[7]

31.     The Pre-Sale Availability Rule places distinct obligations both on warrantors *and*

retailers, like Defendant.

32.     Pursuant to the Rule, a "seller"[8] of any consumer product costing more than $15

and subject to a written warranty shall make a text of the warranty readily available for examination

by the prospective buyer by:

(1) Displaying it in close proximity to the warranted product (including through electronic or other means…), or

(2) Furnishing it upon request prior to sale (including through electronic or other means…) and placing signs reasonably calculated to elicit the prospective buyer's attention in prominent locations in the store or department advising such prospective buyers of the availability of warranties upon request.[9]

---

[6] Senate Comm. On Commerce, Report on S. 356, S. Rep. No. 93-151, 93d Cong., 1st Sess. (1973), at 6.

[7] *See,* 16 C.F.R. § 702.3.

[8] Defined as "any person who sells or offers for sale for purposes other than resale or use in the ordinary course of the buyer's business any consumer product." 16 C.F.R. § 702.1(e).

[9] 16 C.F.R. § 702.3(a) ("Duties of seller").

6

Case 2:23-cv-00901 Document 1 Page: 77 Filed 04/14/23 Page 82 of 120

33.     While the Rule allows sellers to display or otherwise provide the text of a warranty "through electronic…means," it is not enough for sellers merely to refer customers to a product manufacturer's website. In allowing for the electronic presentment of warranty terms,

> Congress's intention…was not to disturb prospective purchasers' ability to obtain the full warranty terms at the point of sale, as envisioned by the Pre-Sale Availability Rule. While consumers with electronic devices and Internet connectivity may be able to review warranty terms at the point of sale by visiting the Web site that contains the warranty terms, not all consumers have such devices and Internet connectivity.[10]

34.     Thus, all retailers, including Defendant, are obligated to make the full terms of a product's written warranty accessible by consumers—without consumers resorting to their own Internet-enabled device—prior to the point of sale.

35.     Defendant fails to satisfy this obligation. Indeed, virtually all of the products—if not every single product—sold in Defendant's stores and on its internet platforms, are presented to the consumer without any pre-sale access to the product's warranty. Instead, the first time consumers can access the warranty is upon opening the product's packaging, after making a purchase.

36.     For example, Defendant sells Samsung televisions. If consumers using Defendant's website search for a Samsung television like the one Plaintiff purchased, Defendant will redirect them to a page offering consumers the opportunity to purchase not just the television, but also a Costco extended warranty and a warranty sold through Allstate.

---

[10] Federal Register/Vol. 81, No. 179/63666.



11

37.     What consumers cannot do, however, is find the terms of the Samsung warranty that is included in the television's underlying purchase price. Instead, if consumers scroll down and select the section titled "Warranty & Services," Defendant directs them to another advertisement for Defendant's extended warranty and technical support services:



12

38.     Defendant's website pages advertising its products, such as the page advertising the Product, do not contain information regarding the terms and conditions of manufacturer

---

11 Costco, Samsung 65" – TU700D Series – 4K UHD LED LCD TV (last accessed July 19, 2022) (available at: https://www.costco.com/samsung-65%22---tu700d-series---4k-uhd-led-lcd-tv.product.100646394.html).
12 *Id.*

warranties, but instead direct consumers to the manufacturers themselves, in contravention of the Pre-Sale Availability Rule: "For more information about this product or warranty issues, please call 1-800-SAMSUNG (1-800-726-7864)."[13]

39.     Defendant violates the Pre-Sale Availability Rule by referring consumers to Samsung's contact information, generally, without also including a link to a downloadable or printable version of the entire text of the Samsung warranty before the point of sale.[14]

40.     At checkout, Defendant's employees are typically instructed to ask consumers whether they would like to purchase a warranty for their product (often, this prompt occurs automatically at the register upon a particular product's UPC code being scanned).[15]

### PLAINTIFF'S SPECIFIC ALLEGATIONS

41.     Over time, Plaintiff has purchased at least one product costing more than $15 from Defendant that included a manufacturer's warranty, including the Product at issue here, which she purchased on or about November 15, 2021.

42.     In the course of purchasing the Product, Defendant did not display product warranties in close proximity to the Product; nor did Defendant place signs reasonably calculated to elicit Plaintiff's attention, in prominent locations in the store or on its internet platforms, advising Plaintiff of the availability of warranties upon request.

---

[13] *Id.*

[14] Federal Register/Vol. 81, No. 179/63665, n. 14 ("The requirement to make warranties available at the point of purchase can be accomplished easily with respect to online sales by, for example, using a clearly-labeled hyperlink, in close proximity to the description of the warranted product, such as 'get warranty information here' to lead to the full text of the warranty, and presenting the warranty in a way that it can be preserved, either by downloading or printing, so consumers can refer to it after purchase.").

[15] Beth Braverman, "Why You Should Steer Clear of Extended Warranties," Consumer Reports (Dec. 22, 2018) (available at https://www.consumerreports.org/extended-warranties/steer-clear-extended-warranties-a3095935951/) ("Two-thirds of in-store electronic shoppers and nearly three-quarters of appliance purchasers say that an associate has pitched one to them.").

43.     Accordingly, Plaintiff was unable to access any warranty associated with the Product until after the point of sale.

44.     Plaintiff anticipates buying new products costing more than $15 that are subject to manufacturer warranties in the future, and would consider purchasing said products from Defendant, but does not wish to have her rights under Magnuson-Moss thwarted by Defendant's failure to comply with the Pre-Sale Availability Rule.

## CLASS ALLEGATIONS

45.     Plaintiff brings this action individually and on behalf of all others similarly situated under Rules 1702, 1708, and 1709 of the Pennsylvania Code of Civil Procedure.

46.     Plaintiff seeks to certify the following Class: "All persons in Pennsylvania who purchased one or more products from Defendant that (a) cost more than $15 and (b) included a written manufacturer's warranty.

47.     Plaintiff reserves the right to modify or refine the Class definition based upon discovery of new information or in order to accommodate any concerns of the Court.

48.     Excluded from the Class are Defendant, Defendant's parents, subsidiaries, affiliates, officers and directors, any entity in which any defendant has a controlling interest, governmental entities, and all judges presiding over this litigation, as well as their immediate family members, and members of the staffs of the judges to whom this case may be assigned.

49.     Pa. R. Civ. P. 1702(1), 1708(a)(2): The Class is so numerous that joinder of all members is impracticable. Upon information and belief, the Class contains thousands of individuals, at least. The precise number can be determined by reference to Defendant's records.

50.     Pa. R. Civ. P. 1702(2), 1708(a)(1): Plaintiff and each Class Member share numerous common questions of law and fact that will drive the resolution of the litigation and predominate

10

over any individual issues. For example, there is a single common answer to the questions of whether Defendant's acts and practices complained of herein violate Magnuson-Moss and the appropriate injunctive relief to ensure Defendant no longer violates the Pre-Sale Availability Rule. The answers to these questions are the same for Plaintiff and each Class Member, and Plaintiff and each Class Member require the same proof to answer these questions. These questions, and others, predominate over any individual issues.

51.     Pa. R. Civ. P. 1702(3): Plaintiff's claims are typical of the claims of each Class Member because the claims are based on the same legal theories and arise from the same conduct.

52.     Pa. R. Civ. P. 1702(4), 1709: Plaintiff is an adequate representative of each Class Member because the interests of Plaintiff and each Class Member align. Plaintiff will fairly, adequately, and vigorously represent and protect the interests of each Class Member and has no interest antagonistic to any Class Member. Plaintiff retained counsel who are competent and experienced in the prosecution of class action litigation generally and consumer class actions specifically. Plaintiff has or can acquire adequate financial resources to assure that the interests of each Class Member will not be harmed.

53.     Pa. R. Civ. P. 1708(a)(3), (6), (7): Given the nature of the issues presented and the relief requested, the expense and time necessary to obtain such relief, and the anticipated recovery and relief that Plaintiff and each Class Member may obtain, the class action mechanism is by far the preferred and most efficient litigation mechanism to adjudicate the claims of Plaintiff and each Class Member. Additionally, requiring Plaintiff and each Class Member to file individual actions would impose a crushing burden on the court system. Class treatment presents far fewer management difficulties and provides benefits of a single adjudication and economies of scale

54.  <u>Pa. R. Civ. P. 1708(a)(4)</u>: Based on Plaintiff's knowledge and of undersigned counsel, there are no similar cases currently pending in this Court against Defendant.

## CAUSES OF ACTION

### FIRST CAUSE OF ACTION
**Violation of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*.**

55.  Plaintiff incorporates the allegations contained in the preceding paragraphs.

56.  Plaintiff is a "consumer," as defined in MMWA, 15 U.S.C. § 2301(3).

57.  Defendant is a "seller," as defined in MMWA, 16 C.F.R. § 702.1(e).

58.  Defendant sells products that include "written warranties" as defined in MMWA, 15 U.S.C. § 2301(6); 16 C.F.R. § 702.1(c).

59.  Defendant sells products that are "consumer products," as defined in MMWA, 15 U.S.C. § 2301(1); 16 C.F.R. § 702.1(b).

60.  Consistent with 16 C.F.R. § 702.3, as a seller of consumer products with written warranties, for all products costing more than $15 Defendant must display product warranties in close proximity to the relevant product, or place signs reasonably calculated to elicit consumers' attention, in prominent locations in the store or department, advising consumers of the availability of warranties upon request. 16 C.F.R. § 702.3(a). Defendant does neither of these things.

61.  Plaintiff has been damaged as a result of Defendant's failure in this regard.

62.  Because Plaintiff has purchased, would like to, and is likely to purchase products from Defendant in the future that cost more than $15 and include manufacturer warranties, Plaintiff is entitled to injunctive relief and corresponding declaratory relief.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, respectfully requests that this Court:

        a.      Certify this case as a class action, appoint Plaintiff as Class representative, and appoint Plaintiff's counsel to represent the Class;

        b.      Find that Defendant's actions, as described herein, constitute violations of Magnuson-Moss;

        c.      Enter judgment against Defendant for all injunctive, declaratory, and other equitable relief sought;

        d.      Award all costs, including experts' fees, attorneys' fees, and the costs of prosecuting this action; and

        e.      Grant such other legal and equitable relief as the Court may deem appropriate.

Dated: July 26, 2022              Respectfully submitted,

                        */s/ Edwin J. Kilpela, Jr.*
                        Edwin J. Kilpela, Jr.
                        PA ID # 201595
                        Elizabeth Pollock-Avery
                        PA ID# 314841
                        Kenneth A. Held
                        PA ID # 330442
                        **LYNCH CARPENTER, LLP**
                        1133 Penn Ave, 5th Floor
                        Pittsburgh, Pennsylvania 15222
                        Tel:   (412) 322-9243
                        Fax:  (412) 231-0246
                        ekilpela@lcllp.com
                        elizabeth@lcllp.com
                        ken@lcllp.com

                        Kevin Tucker (He/Him)
                        PA ID # 312144
                        Kevin J. Abramowicz (He/Him)
                        PA ID # 320659
                        Chandler Steiger (She/Her)
                        PA ID # 328891
                        Stephanie Moore (She/Her)
                        PA ID # 329447

13

**EAST END TRIAL GROUP LLC**
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel. (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

*Attorneys for Plaintiff and the Class*

14

## **VERIFICATION**

I, Monica Zortea, am fully familiar with the facts set forth in this Complaint. I verify that the averments contained in this Complaint are true and correct to the best of my knowledge, information, and belief. I understand that any false statements herein are made subject to the penalties of 18 Pa. C.S. § 4904, relating to unsworn falsification to authorities.

Dated: July 25, 2022 *    /s/ Monica Zortea*

Monica Zortea (e-signed with permission)

Lynch Carpenter LLP
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222

RECEIVED

AUG 1 6 2022

Legal Dept

John Sullivan
Costco Wholesale Corporation
990 Lake Drive
Issaquah, WA 98027-8990



7020 0090 0001 6188 2787

1000



98027



U.S. POSTAGE PAID
FCM LG ENV
PITTSBURGH, PA
15222
AUG 08_22
AMOUNT

$9.17

R2305M148040-12

# EXHIBIT C
## (Memorandum of Law in Support of Motion to Remand)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA

MONICA ZORTEA, individually and on
behalf of all others similarly situated,

    *Plaintiff*,

        v.

COSTCO WHOLESALE CORP.,

    *Defendant*.

Case No. 2:22-CV-01316-MJH

Hon. Marilyn J. Horan

## MEMORANDUM OF LAW IN SUPPORT OF MOTION TO REMAND

## I.    INTRODUCTION

This case concerns Defendant Costco Wholesale Corporation's ("Defendant") failure to provide shoppers with access to written warranties prior to the point of sale, in violation of the Pre-Sale Availability Rule ("PSAR" or "the Rule"), promulgated under the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq*. ("MMWA"). Per the Federal Trade Commission ("FTC"),

> The FTC promulgated the Rule to ensure that consumers have complete and accurate warranty information available prior to sale so that they can make fully informed purchasing decisions. The Rule applies to all warranted consumer products costing over $15, irrespective of how the products are sold, whether through brick-and-mortar stores, mail order, the Internet, or other means.[1]

Defendant fails to comply with the PSAR—and by extension, MMWA—by (1) failing to display product warranties in close proximity to the relevant product; and (2) failing to place signs reasonably calculated to elicit a shopper's attention, in prominent locations, in the store or on its internet platforms, advising consumers of the availability of warranties upon request. *See, e.g.*, Plaintiff's Complaint, ECF 2-1 ("Compl."), ¶¶ 35-44.

Plaintiff filed her Complaint on July 25, 2022, in the Court of Common Pleas of Allegheny County, asserting a single claim for violation of MMWA. *See* Dkt. GD-22-009299. On September 14, 2022, Defendant filed its Notice of Removal (ECF 2), asserting jurisdiction under 28 U.S.C. § 1332(d) and § 1332(a). Plaintiff now moves to remand this Action under 28 U.S.C. § 1447(c). As set forth below, this Court lacks subject-matter jurisdiction over Plaintiff's lone MMWA claim.

Plaintiff's claim does not satisfy the unique jurisdictional requirements for MMWA class actions brought in federal court, which mandates that (1) each class member's claim be worth at

---

[1] *Compliance Warning – Pre-Sale Availability Rule*, Federal Trade Commission, https://www.ftc.gov/sites/default/files/attachments/press-releases/holiday-shopping-season-gets-underway-ftc-reminds-internet-retailers-ensure-consumers-have-access/131202pre-salesampleletter.pdf (last accessed Oct. 13, 2022).

least $25; (2) the amount in controversy be at least $50,000; and (3) the complaint contain at least 100 named plaintiffs. 15 U.S.C. § 2310(d)(3)(A)-(C). Here, all three requirements are lacking. Further, Defendant cannot rely on CAFA to overcome MMWA's additional jurisdictional requirements for federal jurisdiction, because CAFA does not supersede MMWA's requirements. Even if CAFA applied to Plaintiff's claim—and it does not—Defendant still fails to demonstrate that the amount in controversy in this matter meets CAFA's $5,000,000 minimum threshold.

Diversity jurisdiction under 28 U.S.C. § 1332(a) is lacking as well, because Defendant fails to establish $75,000 in controversy for any class member's claim. Accordingly, this Court lacks subject-matter jurisdiction and remand is required.

## II.     ARGUMENT

"The right of removal" is limited, "entirely a creature of statute." *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 29 (2002). Removal statutes are "strictly construed, requiring remand if any doubt exists over whether removal was proper." *Carlyle Inv. Mgmt., LLC, v. Moonmouth Co. SA*, 779 F.3d 214, 218 (3d Cir. 2015); *Luther v. Countrywide Home Loans Servc. LP*, 533 F.3d 1031, 1034 (9th Cir. 2008) ("removal statutes are strictly construed against removal"). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing that removal is proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (the party "who urges jurisdiction . . . bears the burden"). Doubts regarding whether jurisdiction exists are "resolved in favor of remand." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

### A.     Plaintiff's Claim Does Not Satisfy MMWA's Jurisdictional Prerequisites

MMWA provides that consumers may bring suit for, "damages and other legal and equitable relief—(A) in any court of competent jurisdiction in any State or the District of

Columbia; or (B) in an appropriate district court of the United States, subject to [15 U.S.C. §

2310(d)(3)]." 15 U.S.C. § 2310(d)(1). This means that, aggrieved consumers may bring MMWA

claims in either 1) state court, pursuant to MMWA § 2310(d)(1)(A), or 2) federal court, pursuant

to MMWA § 2310(d)(1)(B). Where such consumer(s) bring their MMWA action in federal court,

or whereas here, Defendant attempts to remove the action to federal court, it must satisfy additional

jurisdictional criteria:

> No claim shall be cognizable in a suit brought [in an appropriate
> district court of the United States]—
>
> (A) if the amount in controversy of any individual claim is less than
>      the sum or value of $25;
>
> (B) if the amount in controversy is less than the sum or value of
>      $50,000 (exclusive of interests and costs) computed on the basis
>      of all claims to be determined in this suit
>
> (C) if the action is brought as a class action, and the number of
>      named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3); *see KIA Motors Am., Inc.*, 357 F.3d at 402.

These three requirements are conjunctive, and the absence of any one of them deprives this

Court of jurisdiction and requires remand. *Id. See Hatcher v. Chrysler Motors Corp.*, 1990 WL

21164 at *1 (E.D. Pa. Mar. 7, 1990) ("[The federal courts' jurisdiction is limited by the three

requirements in section 110(d)(3)); *Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 731–32 (7th Cir.

2021). Congress has "explicitly and significantly restricted access to federal court under

[MMWA]." *O'Keefe v. Mercedes-Benz USA, LLC*, 2002 WL 377122, at *4 (E.D. Pa. Jan. 31, 2002)

(concluding that, "under the plain language of [] § 2310(d)(3)(C)," the court lacked subject matter

jurisdiction over class action with fewer than 100 named plaintiffs).

In the present case, none of these three jurisdictional prerequisites is satisfied. First,

because neither Plaintiff nor any member of the proposed Class "assert[] an individual claim for

damages," the jurisdictional requirement under § 2310(d)(3)(A) is not met. Likewise, because Plaintiff seeks only injunctive and declaratory relief, and no damages, the aggregate value of the claims cannot exceed MMWA's separate jurisdictional threshold of $50,000. MMWA § 2310(d)(3)(B). Finally, under § 2310(d)(3)(C), "the complaint must **name** at least one hundred plaintiffs to be 'cognizable' in federal court." *Floyd v. Am. Honda Motor Co.*, No. 2:17-CV-08744-SVW-AS, 2018 WL 6118582, at *3 (C.D. Cal. June 13, 2018), *aff'd in part, vacated in part, remanded,* 966 F.3d 1027 (9th Cir. 2020). *See also Shazes v. Sylvan Pools, Inc.*, 1988 WL 3096 at *2 (E.D. Pa. Jan. 14, 1988) (dismissing MMWA claim for lack of subject matter jurisdiction because complaint named less than one hundred plaintiffs and so did not comply with "[MMWA's] strict jurisdictional requirements for federal litigation"). Because the Complaint here names only one plaintiff, Monica Zortea, MMWA's third jurisdictional requirement for an action in federal court is not met.

**B.      CAFA Does Not Provide An Independent Basis for Jurisdiction**

**i.      CAFA did not impliedly repeal, and does not supersede MMWA**

Defendant cannot rely on CAFA to circumvent MMWA's additional requirements for federal jurisdiction. To hold that CAFA supersedes MMWA would be to find that CAFA impliedly repealed MMWA. "[R]epeals by implication are disfavored," and when two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017–18 (1984) (*quoting Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 133–34 (1974)); *see also J.E.M. Ag Supply, Inc. v. Pioneer Hi-Bred Int'l, Inc.*, 534 U.S. 124, 142 (2001) ("The rarity with which [the Court has] discovered implied repeals is due to the relatively stringent standard for such findings, namely, that there be an irreconcilable conflict between the two federal statutes at

issue."). "When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (*quoting Morton v. Mancari*, 417 U.S. 535, 551 (1974)).

The weight of authority is clear that CAFA does not supersede MMWA's jurisdictional requirements. The most extensive analysis came in the Ninth Circuit's recent decision in *Floyd v. American Honda,* 966 F.3d 1027 (9th Cir. 2020). In *Floyd*, the Ninth Circuit affirmed the district court's dismissal of the plaintiffs' class action complaint, holding that plaintiffs' MMWA claim was not cognizable because the complaint did not name at least one-hundred plaintiffs. *Floyd*, 966 F.3d at 1030–31. The Circuit Court held that CAFA does not supersede or necessarily conflict with MMWA, rather MMWA, "simply prevents [MMWA claims] from proceeding in federal court absent the satisfaction of certain jurisdictional prerequisites . . . [c]onstruing CAFA to provide jurisdiction over MMWA claims despite [p]laintiffs' failure to satisfy the plain-language requirement of at least one hundred named plaintiffs would have the effect of overriding a part of the MMWA." *Id.* Further, the Ninth Circuit Court held that, "[a]lthough CAFA was enacted thirty years after MMWA . . . CAFA does not demonstrate any intent by Congress to repeal or alter parts of the MMWA's jurisdictional requirements. Therefore, CAFA may not be used to evade or override the MMWA's specific numerosity requirement[.]" *Id.*

Several district courts have also held that CAFA cannot be used to supersede or evade the jurisdictional requirements for an MMWA claim in federal court. *See Rivera v. Chadrad Motors, LLC*, 2021 WL 6750676 at *4–5 (D. Conn. June 9, 2021) (the court lacked subject matter jurisdiction over MMWA claim because plaintiffs' damages were less than $50,000.00); *Short v. Hyundai Motor Co.*, 444 F. Supp. 3d 1267, 1288 (W.D. Wash. 2020) ("To contend that a plaintiff

may bring a federal question claim under the MMWA, a federal statute providing federal question jurisdiction, through CAFA, a statutory basis for federal courts to exercise diversity jurisdiction, makes little sense."); *Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020) (A party "may not use CAFA as a means to evade the explicit jurisdictional requirements of the MMWA").

### ii.       CAFA's amount in controversy requirement is not met

Even if CAFA does supersede MMWA's jurisdictional requirements, Defendant has not satisfied CAFA's amount in controversy requirement. Defendant posits, without evidence, that the amount in controversy here exceeds CAFA's $5,000,000 minimum. Notice of Removal, ¶¶ 11-20. However, because Plaintiff seeks only injunctive and declaratory relief, and no damages, the aggregate value of the claims does not exceed CAFA's threshold. The object of this litigation— that is, what Plaintiff seeks, on behalf of herself and all others similarly situated—is an Order directing Defendant to take reasonable steps to ensure that its customers, including Plaintiff and the putative Class, have access to written product warranties costing more than $15, prior to the point of sale, as required under MMWA. *See* Compl., ¶¶ 55-62.

Defendant attempts to import damages that the Complaint does not seek, and erroneously asserts that Plaintiff cannot file a putative class action seeking only injunctive and declaratory relief, and forego seeking damages. Notice of Removal, ¶¶ 16–17. In support, Defendant cites to *Standard Fire Ins. Co. v. Knowles*, 133 S.Ct. 1345, 1346 (2013) and *Miller v. Liberty Mutual Group,* 97 F. Supp. 2d 672, 676 (W.D. Pa. 2000). However, *Knowles* and *Miller* are distinct and inapplicable. In *Knowles*, the plaintiff filed a complaint in state court seeking damages on behalf of a putative class but stipulating that he and the putative class would seek no more than $5 million total. *Knowles,* 133 S.Ct. at 1347. The Supreme Court of the United States held that such a

stipulation was not binding on anyone other than the named plaintiff, and accordingly, a more objective method for calculating the amount in controversy was required. *Id.* at 1350–51.

Likewise, in *Miller*, instead of seeking damages in her complaint, the plaintiff sought a declaratory judgment from the court identifying the dollar value of her motor vehicle insurance policy. *Miller*, 97 F. Supp. 2d at 673. The court considered the plaintiff's claim to exceed the amount in controversy threshold, because her complaint alleged, "that she [was] entitled to upwards of $2,000,000, in accordance with the insurance policy [at issue]." *Id.* at 674. Further, the plaintiff in *Miller* was seeking relief on her own behalf, not as a class action, so clearly did not disclaim damages on behalf of absent class members.

The holdings in *Knowles* and *Miller* stand only for the proposition that if damages are sought in a complaint, they may not be disclaimed or avoided in an effort to avoid federal jurisdiction. *Id*. Unlike *Knowles*, the operative Complaint in this action does not seek damages, and instead only seeks injunctive and declaratory relief. Compl., ¶¶ 1, 62, Prayer for Relief. This is consistent with Fed. R. Civ. P. 23(b)(2) (contemplating class actions that seek only injunctive and declaratory relief). Likewise, Defendant's reference to *McLain v. Wal-Mart Store No. 5495,* to support its argument that Plaintiff somehow disclaimed damages of the proposed class, is misleading and irrelevant. Notice of Removal, ¶16. The plaintiff in *McLain* sought damages stemming from personal injury, on behalf of herself only, and did not disclaim damages on behalf of a class. *McLain v. Wal-Mart Store No. 5495*, 2013 WL 1438254 at *1-2 (E.D. Pa. Apr. 8, 2013). Defendant may not turn the object of this litigation into something it is not.

In another effort to incorrectly redefine the object of this litigation, Defendant states that, "Plaintiff's Complaint is based on 'goods that cost more than $15 and . . . are subject to manufacturer warranties.'" *See* Notice of Removal, ¶ 13. As stated above, this is an incorrect,

overly inflated view of the object of this litigation. There is no legal theory under MMWA by which Defendant's violations of the Pre-Sale Availability Rule would make it liable for the entire price of every warrantied item it sold. Notice of Removal, ¶ 14. Nothing in MMWA entitles a plaintiff who suffers a violation of the PSAR, to recover the entire cost of the product. Defendant's statements about the value of its products bear no relation to Defendant's adherence to the PSAR.

This Court should not deny remand based on Defendant's conclusory statements regarding the amount in controversy. In *Northup Properties, Inc., v. Chesapeake Appalachia, LLC,* the Sixth Circuit declined plaintiff's request for remand where plaintiff sought only injunctive and declaratory relief, and defendant supported its proposal for calculating the amount in controversy with detailed affidavits. *Northup Props., Inc. v. Chesapeake Appalachia, LLC*, 567 F.3d 767, 770–71 (6th Cir. 2009). The Court held that, although the calculation of the amount in controversy was, "not an exact science," the defendant's affidavits were sufficient to prevent the court from speculating or engaging in "judicial star-gazing." *Northup Props., Inc.*, 567 F.3d at 770-71 (*citing Frystak v. Cabot Oil & Gas Corp.,* 2008 WL 2357744 at *3 (M.D. Pa. June 5, 2008)).

Defendant here has submitted no affidavits or other detailed evidence to support its claims regarding the amount in controversy. Instead, Defendant simply claims that its "aggregated expenses to design, draft, implement, and comply with a policy 'provid[ing Pennsylvania] consumers with access to any written warranty for a product costing more than $15' for the foreseeable future should be included in the jurisdictional amount." Notice of Removal, ¶ 18. But Defendant never actually quantifies these "aggregated expenses." Absent details regarding Defendant's current policies, requirements for Defendant to comply with the injunction sought, and the cost of such compliance, the Court can only resort to, "conjecture, speculation, or star gazing'" to determine Defendant's additional costs. *Waters*, 873 F.3d at 636 (*quoting Pretka v.*

*Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Because Defendant has provided no details or evidence regarding the costs associated with making its stores and internet platforms comply with MMWA, its determination of the amount in controversy cannot be credited. *See Leflar v. HP, Inc.*, No. 4:22-CV-00690-BRW, ECF 21, p. 8 (E.D. Ark. Oct. 4, 2022) (granting remand of Plaintiff's MMWA claim based on lack of subject matter jurisdiction under CAFA, because Defendant did not provide evidence of its costs associated with adhering to MMWA, in order to calculate amount in controversy).

Defendant also fails to specify the total attorneys' fees it proposes to include in the amount in controversy under CAFA. Notice of Removal, ¶ 19. Defendant cites only to ". . . some class action cases involving the Magnuson-Moss Act, [in which] class counsel have sought, and been awarded, approximately $2 million or more in attorneys' fees." *Id.*, ¶ 19. However, attorneys' fees do not factor into the amount in controversy calculation where MMWA claims are at issue. The Third Circuit has explained, "Unlike the federal diversity statute, the courts that have considered whether attorney fees are costs within the meaning of [MMWA] have uniformly concluded that they are and thus must be excluded from the amount in controversy determination." *Suber v. Chrysler Corp*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (internal citations omitted). The MMWA treats costs as "including attorneys' fees based on actual time." 15 U.S.C. § 2310(d)(2).

Even if attorneys' fees were properly included in the amount in controversy analysis, Defendant has failed to adduce any evidence that Plaintiff's attorneys' fees and costs amount to anywhere near $5,000,000 prior to removal. It may very well be the case that counsel in other MMWA class actions have recovered $2 million or more from settlements—after years of litigation—but Defendant has presented no evidence that Plaintiff alone incurred attorneys' fees and costs sufficient to satisfy the amount in controversy requirement. Because Defendant

9

misunderstands the nature of Plaintiff's requested relief in this matter and fails to provide any evidentiary support for its amount in controversy assertions, this action must be remanded.

### C. Diversity Jurisdiction Is Lacking

Defendant asserts, without evidence, that the amount in controversy pertaining only to Plaintiff's claim, exceeds the $75,000 threshold necessary to support diversity jurisdiction. Notice of Removal, ¶ 26. Generally, "[c]laims may not be aggregated among multiple plaintiffs to reach the required amount in controversy." *Huber v. Taylor*, 532 F.3d 237 (3rd Cir. 2008). Here, Defendant contends that the costs of implementing suitable injunctive relief "should be included in the jurisdictional amount," (Notice of Removal, ¶ 19), but never says what those costs would be. Defendant makes no attempt to show its cost for complying with equitable relief specific to Plaintiff would meet the threshold, and thus, falls short of establishing the amount in controversy.

Also, only damages claimed in the complaint, and not those of any absent class member, are properly considered in the amount in controversy analysis. *Id.* As discussed *supra*, Plaintiff does not seek any damages. But, even if some hypothetical damages *could* factor into the analysis, there is no basis in the record for concluding that those damages would constitute tens-of-thousands of dollars, as needed to meet the jurisdictional threshold for diversity jurisdiction. Plaintiff has not alleged that she purchased—and has not in fact purchased—anywhere near $75,000 in warrantied goods costing over $15 from Defendant. Defendant's amount in controversy calculation is rooted in neither the law nor the record, and remand is appropriate.

## III. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court remand this action back to the Court of Common Pleas of Allegheny County, Pennsylvania, pursuant to 28 U.S.C. § 1447(c).

Dated: October 14, 2022

Respectfully submitted,

*/s/ Edwin J. Kilpela, Jr.*

Edwin J. Kilpela, Jr., PA ID # 201595
Elizabeth Pollock-Avery, PA ID# 314841
Kenneth A. Held, PA ID # 330442
**LYNCH CARPENTER, LLP**
1133 Penn Ave, 5th Floor
Pittsburgh, Pennsylvania 15222
Tel:  (412) 322-9243
Fax: (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
ken@lcllp.com

**EAST END TRIAL GROUP LLC**
Kevin Tucker (He/Him), PA ID # 312144
Kevin J. Abramowicz (He/Him),
PA ID # 320659
Chandler Steiger (She/Her), PA ID # 328891
Stephanie Moore (She/Her), PA ID # 329447
6901 Lynn Way, Suite 215
Pittsburgh, PA 15208
Tel: (412) 877-5220
ktucker@eastendtrialgroup.com
kabramowicz@eastendtrialgroup.com
csteiger@eastendtrialgroup.com
smoore@eastendtrialgroup.com

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send electronic notification to the parties and registered attorneys of record that the document has been filed and is available for viewing and downloading.

*/s/ Edwin J. Kilpela, Jr.*
Edwin J. Kilpela, Jr.

# EXHIBIT D
## (Opposition to Motion to Remand and Declaration in Support)

**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH DIVISION**

| | |
|---|---|
| MONICA ZORTEA, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Civil No. 2:22-cv-01316-MJH |
| v. | |
| COSTCO WHOLESALE CORP., | |
| Defendant. | |

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFF'S MOTION TO REMAND**

Defendant Costco Wholesale Corporation ("Costco") submits this response in opposition to Plaintiff Monica Zortea's Motion to Remand (ECF No. 6, "Mot." or "Motion").

## INTRODUCTION

The Court should exercise federal subject matter jurisdiction over this putative class action in accordance with the Class Action Fairness Act of 2005 ("CAFA"). In her Motion, Plaintiff attempts to evade federal jurisdiction by manufacturing a nonexistent conflict between CAFA and the Magnuson-Moss Warranty Act ("MMWA" or the "Act"). She insists CAFA cannot provide an alternative basis of jurisdiction over her MMWA claim because the MMWA's separate jurisdictional requirements are not satisfied in this case.

But CAFA provides an "alternative basis for federal jurisdiction over [an] MMWA claim" that is separate from, and is not limited by, the MMWA's subject matter restrictions. *See, e.g., McCalley v. Samsung Elecs. Am., Inc.*, 2008 WL 878402, at *4 (D.N.J. Mar. 31, 2008). Plaintiff relies on a minority position, which ignores the availability of alternative bases for jurisdiction provided by CAFA and the distinct jurisdictional prong of the MMWA, which independently provides for federal court jurisdiction even if the MMWA's specific jurisdictional requirements are not met.

As stated in Costco's Notice of Removal ("Notice"), this Court has original jurisdiction over this action under CAFA because:  (1) the alleged class contains more than 100 members; (2) more than $5 million is in controversy based on Costco's Pennsylvania sales of products that "(a) cost more than $15 and (b) included a written manufacturer's warranty" (ECF No. 2, Ex. A (Compl.) ¶ 46); and (3) minimal diversity exists given that Plaintiff and Costco are citizens of different states.  (ECF No. 2 (Notice) ¶¶ 5–25.)  "[I]f a district court [has] jurisdiction over an MMWA claim through CAFA," as here, it is a "court of competent jurisdiction" with jurisdiction over MMWA claims under Section 2310(d)(1)(A), and the MMWA's unique jurisdictional requirements under Section (B) do "not apply."  *See, e.g.*, *Chapman v. Gen. Motors LLC*, 531 F. Supp. 3d 1257, 1305 (E.D. Mich. 2021) (quotations omitted).  MMWA's alternative basis for CAFA jurisdiction is consistent with the high court's directive that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court."  *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 89 (2014).

Accordingly, the Court should join the legion of courts that have rejected the same jurisdictional argument Plaintiff attempts here and deny her Motion.

## FACTUAL BACKGROUND

On July 26, 2022, Plaintiff filed her Complaint in the Court of Common Pleas of Allegheny County, Pennsylvania, alleging Costco violated the MMWA's Pre-Sale Availability Rule.  (*See* Compl. ¶¶ 2–8.)  In particular, Plaintiff complains Costco "does not provide consumers with access to written warranties, prior to sale," as required under the MMWA's Pre-Sale Availability Rule.  (*Id*. ¶ 6.)

Based on these allegations, Plaintiff seeks "injunctive, declaratory, and … equitable relief" on behalf of a proposed class of "[a]ll persons in Pennsylvania who purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a written manufacturer's warranty."  (Compl. at 13 & *id*. ¶ 46 (quotations omitted).)  Plaintiff attempts to

disclaim monetary damages on her own behalf and on behalf of the putative class. (*Id.* ¶ 19 ("Neither Plaintiff nor any Class Member asserts an individual claim for damages at all").)

On September 14, 2022, Costco timely removed Plaintiff's action to this Court based on diversity jurisdiction. (*See* Notice ¶¶ 5–28.) On October 14, 2022, Plaintiff filed her Motion to Remand. (ECF No. 6.) This opposition followed.

## ARGUMENT

### I. The Court Should Retain Jurisdiction Over Plaintiff's Claim Because CAFA Provides Jurisdiction and the MMWA Permits CAFA Jurisdiction.

#### A. CAFA Provides an Alternative Basis for Jurisdiction.

The Court may exercise federal jurisdiction over this putative class action pursuant to CAFA. Plaintiff does not and cannot dispute that the MMWA does not bar federal jurisdiction where a separate basis for subject matter jurisdiction, as here, is satisfied. CAFA affords federal courts an independent and "original" basis for subject matter jurisdiction based on diversity, rather than federal question jurisdiction. 28 U.S.C. § 1332(d)(2); *see, e.g.*, *Chavis v. Fid. Warranty Servs., Inc.*, 415 F. Supp. 2d 620, 623–24 (D.S.C. 2006) (MMWA restricts the court's "traditional" source of federal question jurisdiction but does not bar an "alternative source of federal jurisdiction").

As a matter of hornbook law, when a court lacks subject matter jurisdiction arising under a statute, including the MMWA, it may nonetheless exercise jurisdiction where an alternate basis for jurisdiction, e.g., diversity, exists. *See, e.g.*, *Allen v. Toyota Motor Sales, U.S.A., Inc.*, 155 F. App'x 480, 482 n.2 (11th Cir. 2005) ("Because we conclude that the district court had diversity jurisdiction, we do not consider whether this alternative source of federal jurisdiction [under the MMWA] was available."); *Wetzel v. Am. Motors Corp.*, 693 F. Supp. 246, 248 (E.D. Pa. 1988) (allowing MMWA claim to proceed where requirements of Section 1332 were satisfied absent an express statement eliminating diversity jurisdiction over MMWA claims); *Nat'l Prod. Workers Union Ins. Tr. v. Life Ins. Co. N. Am.*, 2010 WL 1292429, at *7 (N.D. Ill. Mar. 29, 2010)

("[G]iven the existence of that alternative basis for jurisdiction, there is no need to decide whether the Court also has federal question jurisdiction").

Because "CAFA is, at base, an extension of diversity jurisdiction," CAFA creates a standalone basis for federal jurisdiction over Plaintiff's MMWA claim. *In re Burlington N. Santa Fe Ry. Co.*, 606 F.3d 379, 381 (7th Cir. 2010); *see also* S. Rep. 14, 109th Cong. 1st Sess. at 27 (2005) (CAFA is a "narrowly-tailored expansion of federal diversity jurisdiction"); *Leflar v. HP, Inc.*, Case No. 4:22-cv-00690-BRW (E.D. Ark.), ECF No. 21 (Order) at 5 ("Satisfaction of the MMWA's jurisdictional requirements is not necessary in light of my jurisdiction under CAFA."). In fact, "CAFA jurisdiction attaches when a case is *filed* as a class action" and "jurisdiction continues" "even if the class is not certified," which "furthers CAFA's purpose of allowing putative class actions to be litigated in federal court." *Burlington*, 606 F.3d at 381 (emphasis in original).

Retaining jurisdiction based on CAFA jurisdiction despite the MMWA's requirements is not new. ***Most courts across the nation have held that CAFA may independently provide subject matter jurisdiction, even when the MMWA's separate jurisdictional requirements are not independently satisfied***. *See, e.g.*, *Kuns v. Ford Motor Co.*, 543 F. App'x 572, 574 (6th Cir. 2013) ("[D]istrict courts have, as a general rule, held that the CAFA effectively super[s]edes the MMWA's more stringent jurisdictional requirements.") (collecting cases); *McCalley*, 2008 WL 878402, at *5 (a court may retain CAFA jurisdiction even when a plaintiff "cannot satisfy the [MMWA] jurisdictional requirements"); *Payne v. Fujifilm U.S.A., Inc.*, 2007 WL 4591281, at *7 (D.N.J. Dec. 28, 2007) ("[CAFA] … creates an alternative basis for federal jurisdiction over the MMWA claim."); *Barclay v. ICON Health & Fitness, Inc.*, 2020 WL 6083704, at *7 (D. Minn. Oct. 15, 2020) ("[O]nce plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply."); *Dayan v. Swiss-Am. Prods., Inc.*, 2017 WL 9485702, at *10 (E.D.N.Y. Jan. 3, 2017), *report & recommendation adopted*, 2017 WL 1214485 (E.D.N.Y. Mar. 31, 2017) ("[M]ost courts … have held that, where its conditions are met, CAFA provides an alternative basis for jurisdiction without regard for the MMWA.") (collecting cases); *Weisblum v. Prophase*

*Labs, Inc.*, 88 F. Supp. 3d 283, 293 (S.D.N.Y. 2015) (same); *Dack v. Volkswagen Grp. of Am.*, 565 F. Supp. 3d 1135, 1143 (W.D. Mo. 2021) (same); *Chapman*, 531 F. Supp. 3d at 1305 ("[W]hen CAFA and the MMWA interact, the Court finds it more appropriate to understand CAFA as providing an alternative basis for jurisdiction"); *Bechtel v. Fitness Equip. Servs.*, 339 F.R.D. 462, 478 n.5 (S.D. Ohio 2021) ("[P]laintiffs need not meet the MMWA's … requirements where jurisdiction is established under the Class Action Fairness Act.").[1]

Plaintiff, by contrast, invokes the minority rule. She insists that "CAFA does not supersede MMWA's jurisdictional requirements." (Mot. 5.) For this argument, she primarily relies upon *Floyd v. Am. Honda Motor Co., Inc.*, 966 F.3d 1027 (9th Cir. 2020), a Ninth Circuit case, which has been distinguished by other courts. In that case, the proponents of jurisdiction conceded the MMWA "categorically stripped federal courts of subject-matter jurisdiction to hear any MMWA class claim involving less than 100 named plaintiffs." *In re Gen. Motors Air Conditioning Mktg. & Sales Pracs. Litig.*, 568 F. Supp. 3d 837, 844 (E.D. Mich. 2021). Costco makes no such concession here. In addition, the federal court proponents in *Floyd* did not "[rely] upon the line of cases . . . in which numerous courts have recognized a federal court may exercise jurisdiction over an MMWA claim that falls below the Act's Jurisdictional Thresholds where a federal statute other than section 310(d)(1)(B) provides an independent basis for the

---

[1] *See also Van Zeeland v. Rand McNally*, 532 F. Supp. 3d 556, 564 (N.D. Ill. 2021) ("CAFA 'creates an alternative basis for federal jurisdiction over' a MMWA claim, and … a MMWA claim may proceed in a CAFA class action absent" satisfaction of the MMWA's unique jurisdictional requisites) (collecting cases; emphases added); *Stella v. LVMH Perfumes & Cosms. USA, Inc.*, 564 F. Supp. 2d 833, 837–38 (N.D. Ill. 2008) (same; collecting cases); *Fernandez v. Kerry, Inc.*, 2020 WL 1820521, at *5 (N.D. Ill. Apr. 10, 2020) ("[T]he Court can consider whether [CAFA] provides an alternate basis of jurisdiction. The Court concludes that it does."); *Clark v. Wynn's Extended Care*, 2007 WL 922244, at *4–5 (N.D. Ill. Mar. 23, 2007) ("CAFA can be an independent, alternative basis for jurisdiction over a plaintiff's [MMWA] claims that do not meet the federal jurisdictional requirements pursuant to Section 2310(d)(1)(B)."); *Haslam v. Lefta, Inc.*, 1994 WL 117463, at *2 (N.D. Ill. Mar. 25, 1994) ("[D]ismissal of the MMWA claim for failing to meet the amount in controversy set forth in § 2310(d)(3)(B) is not proper where another basis of federal jurisdiction exists."); *Marchionna v. Ford Motor Co.*, 1995 WL 476591, at *8 (N.D. Ill. Aug. 10, 1995) ("The court recognizes that [the MMWA's] jurisdictional limit need not be met if there is an independent basis for federal jurisdiction and removal, such as diversity.").

Court's subject-matter jurisdiction." *Id.* By contrast, this Court has the benefit of numerous cases confirming Costco's position on jurisdiction.

In addition, *Floyd* did not analyze whether a "court of competent jurisdiction" under Section 2310(d)(1)(A) may appropriately exercise CAFA jurisdiction. As discussed further below, "*Floyd* does not wrestle with the fact that the MMWA defines *two* categories of courts with jurisdiction over MMWA claims. An MMWA action can be brought: '(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to paragraph (3) of this subsection.' 15 U.S.C. § 2310(d)(1). Paragraph (3) contains [MMWA's unique jurisdictional requirements, including] the requirement of 100 named plaintiffs; therefore, relying solely on the text of the statute, [those] requirement[s] only appl[y] to class actions brought under (B). By contrast, the language of (A), 'any court of competent jurisdiction,' is broad—there is no indication that it is restricted to only state courts, or conversely that federal courts are excluded. Therefore, if a district court had jurisdiction over an MMWA claim through CAFA, it would meet the requirements of (A), and the [MMWA's specific jurisdictional] requirement[s] would not apply." *Chapman*, 531 F. Supp. 3d at 1305 (emphasis in original).

Plaintiff also protests that "the absence of any one of [the MMWA's jurisdictional requirements] deprives this Court of jurisdiction and requires remand." (Mot. 3.) Plaintiff's support is shaky here too. As an initial matter, two of the three cases to which Plaintiff cites on this point were decided *before* CAFA was passed; thus, these decisions say nothing about whether a proponent of CAFA jurisdiction must also meet the MMWA's jurisdictional requirements. (*Ibid.* (citing *Hatcher v. Chrysler Motors Corp.*, 1990 WL 21164 (E.D. Pa. Mar. 7, 1990) & *O'Keefe v. Mercedes-Benz USA, LLC*, 2002 WL 377122 (E.D. Pa. Jan. 31, 2002).) And Plaintiff's third case *confirms* that the MMWA's additional jurisdictional requirements apply only to MMWA claims that exclusively invoke jurisdiction based on the "federal question" of the Act itself. *See Ware v. Best Buy Stores, L.P.*, 6 F.4th 726, 732–33 (7th Cir. 2021) ("Magnuson-Moss has additional jurisdictional criteria for federal-question jurisdiction."). In

fact, in *Ware*, the Seventh Circuit acknowledged that certain "courts … view CAFA as an alternative route to federal jurisdiction," but ultimately held that the district court in that case lacked "CAFA jurisdiction … because plaintiffs … failed to plausibly allege an amount in controversy that would support jurisdiction." *Id*. at 732 & 733 n.2. *Ware* therefore does not suggest that the lack of subject matter jurisdiction under MMWA somehow precludes CAFA jurisdiction on separate grounds but, rather, that the proponent of jurisdiction must "meet [its] pleading requirement by simply alleging a plausible amount in controversy." *Id*. at 732 (collecting cases). Costco has done so here.

### B. The MMWA Permits CAFA Jurisdiction.

Section 2310(d)(1)(A) of the MMWA also independently allows for federal jurisdiction absent satisfaction of the particular requirements of Section 2310(d)(1)(B) (e.g., 100 named plaintiffs). That section of the Act provides that jurisdiction over MMWA claims is permitted "in any court of competent jurisdiction." 15 U.S.C. § 2310(d)(1)(A). "CAFA—the more recent of the two statutes—'can render a district court a "court of competent jurisdiction" and permit it to retain jurisdiction where the CAFA requisites are met but the MMWA requisites are not.'" *Kuns*, 543 F. App'x at 574. This is because the MMWA's unique jurisdictional requirements only apply to actions filed pursuant to Section 2310(d)(1)(B). *See Barclay*, 2020 WL 6083704, at *7 (citing 15 U.S.C. § 2310(d)(3) (providing restrictions for "a suit brought under paragraph (1)(B) of this subsection")). As explained by one court:

> The MMWA authorizes jurisdiction in two alternative venues: (1) "any court of competent jurisdiction in any State or the District of Columbia"; and (2) "an appropriate district court of the United States." 15 U.S.C. § 2310(d)(1)(A)–(B). . . . . By the statute's plain text, federal courts fall in both categories. They fall in the first category because federal courts are "in"—*i.e.*, within the boundaries of—states and the District of Columbia. Had a different preposition been used in describing the first category—"of," for example—then the statute's text would not be susceptible to this interpretation. A federal court is not a court "of" any state. In other words, ***if a federal court has some other source of subject-matter jurisdiction, then it may be a "court of competent jurisdiction" under the MMWA***.

*Id.* (italics in original; emphases added; collecting cases). The *Barclay* court reasoned that "[a]lthough § 2310(d)(1) may have functionally drawn a distinction between state courts and federal courts when the MMWA was first passed in 1975, CAFA's passage thirty years later significantly expanded federal jurisdiction over class actions that would otherwise have remained in state courts. …. Given this statutory development, … once plaintiffs have satisfied CAFA, the MMWA's additional requirements do not apply." *Id.* (citation omitted); *accord McGee v. Cont'l Tire N. Am., Inc.*, 2007 WL 2462624, at *3 (D.N.J. Aug. 27, 2007) ("Congress must have been aware of MMWA's limited jurisdictional provisions and intended to expand them with CAFA. …. [T]his interpretation [is] logical in light of the fact that CAFA's legislative history clearly indicates the congressional intent to expand federal jurisdiction over class actions.").

MMWA's Section 2310(d)(1)(A) therefore does not limit jurisdiction to state courts as Plaintiff suggests but, rather, authorizes jurisdiction in a "court of competent jurisdiction in any State," e.g., a federal district court in Pennsylvania, where a "federal court has some other source of subject-matter jurisdiction" like CAFA. *Barclay*, 2020 WL 6083704, at *7.

Plaintiff misconstrues the statute by claiming that "aggrieved consumers may [only] bring MMWA claims in either 1) state court, pursuant to MMWA § 2310(d)(1)(A), or 2) federal court, pursuant to MMWA § 2310(d)(1)(B)." (Mot. 3.) The statutory text does not support Plaintiff's insertion of a "state court" requirement under Section 2310(d)(1)(A). In fact, the vast majority of the authorities to which Plaintiff cites for the proposition that the MMWA's independent jurisdictional requirements preclude CAFA jurisdiction "do not consider—at least not explicitly—whether a federal court could ever be a 'court of competent jurisdiction in any State.'" *Barclay*, 2020 WL 6083704, at *7.[2]

---

[2] Only one of Plaintiff's cited authorities analyzed the "any court of competent jurisdiction" language. *See Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020). The *Powell* court concluded that "plaintiffs may not use CAFA as a means to evade the explicit jurisdictional requirements of the MMWA." *Id.* But numerous courts have held it is "more appropriate to understand CAFA as providing an alternative basis for jurisdiction, not 'replacing,'" evading, or "superseding the MMWA requirements as [Plaintiff] would characterize it." *See, e.g., Chapman*, 531 F. Supp. 3d at 1305.

As just one example, in *Chavis*, the plaintiffs alleged a single MMWA claim and expressly disclaimed damages exceeding "$50,000.00 per class member." 415 F. Supp. 2d at 621. Notwithstanding this attempted disclaimer, the district court denied the plaintiffs' motion to remand, explaining that "CAFA provides an alternate basis by which federal courts may become courts of 'competent jurisdiction' under 15 U.S.C. § 2310(d)(1)(A)." *Id.* at 626. The *Chavis* court reasoned that because "CAFA was passed with the clear intention of expanding 'federal court jurisdiction over class action,'" and "Congress was [presumably] aware of the [Magnuson-Moss] Act's strict provisions for maintaining a class-action in federal court" "[u]nder the established framework for statutory interpretation," "***CAFA's grant of federal jurisdiction over any class-action*** in which the matter in controversy exceeds the sum or value of $5,000,000 and where any member of a class of plaintiffs is a citizen of a state different from any defendant ***necessarily includes qualifying class-actions filed pursuant to the [MMWA] that fail to meet the strict provisions of 15 U.S.C. § 2310(1)(B)***." *Id.* (italics in original; emphases added); *accord McGee*, 2007 WL 2462624, at *3.

Relying on *Chavis*, and expressly "adopt[ing] its reasoning," courts have exercised original jurisdiction over standalone MMWA claims, rejected supplemental jurisdiction in their analyses, and "applie[d] CAFA to … state law claims that [a plaintiff brought] under Section 2310(d)(1)(A) of the Magnuson-Moss Act." *Clark*, 2007 WL 922244 at *3, 5 (N.D. Ill. Mar. 23, 2007); *see also Van Zeeland*, 532 F. Supp. 3d at 564 ("[A] MMWA claim may proceed in a CAFA class action.") (following *Clark*; quotations omitted); *Chavis*, 415 F. Supp. 2d at 621 (exercising CAFA jurisdiction over single MMWA claim). The Court should do the same here.

## II. The Action Is Removable Under CAFA.

As explained above, CAFA affords federal courts an independent, "original" basis for subject matter jurisdiction. 28 U.S.C. § 1332(d). Costco has demonstrated the fulfilment of each requirement for CAFA jurisdiction.

CAFA provides that a defendant may remove a state court class action to federal court if: (1) the proposed class consists of 100 or more members; (2) the aggregate amount in controversy

exceeds $5 million, exclusive of interest and costs; and (3) any member of the proposed plaintiff class is a citizen of a different state than any defendant. *See* 28 U.S.C. §§ 1332(d)(2), (d)(5), (d)(6), and 1453(b). The Third Circuit has recognized that CAFA was intended to "expand substantially federal court jurisdiction over class actions." S. Rep. 14, 109th Cong. 1st Sess. at 43 (courts must read CAFA's provisions "broadly," with a "strong preference" that "class actions should be heard in a federal court if properly removed by any defendant."); *accord Kaufman v. Allstate N.J. Ins. Co.*, 561 F.3d 144, 148–49 (3d Cir. 2009). It follows that "no antiremoval presumption attends cases invoking CAFA, which Congress enacted to facilitate adjudication of certain class actions in federal court." *Dart Cherokee*, 574 U.S. at 89; *Winkworth v. Spectrum Brands, Inc.*, 2019 WL 5310121, at *2 (W.D. Pa. Oct. 21, 2019) (same).

As Costco explained in its Notice, CAFA is appropriately invoked as a basis for jurisdiction here because Plaintiff attempts to bring a putative class action, the parties are minimally diverse, the putative class contains over 100 class members, and the amount in controversy exceeds $5,000,000.[3]

### A.  The Amount in Controversy Exceeds $5 Million.

CAFA "tells the District Court to determine whether it has jurisdiction by adding up the value of the claim of each person who falls within the definition of [a plaintiff's] proposed class and determine whether the resulting sum exceeds $5 million. If so, there is jurisdiction and the court may proceed with the case." *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588, 592 (2013). In determining the value of the amount in controversy, the putative class's claims "shall be aggregated." 28 U.S.C. § 1332(d)(6); *see also* S. Comm. on the Judiciary, Class Action Fairness Act of 2005, S. Rep. No. 109-14, at 42 (Feb. 28, 2005) ("Pursuant to new subsection 1332(d)(6),

---

[3] Because Plaintiff does not challenge satisfaction of CAFA's 100+ class members and minimal diversity requirements, Costco only discusses the amount in controversy requirement in this Opposition. In any event, given Plaintiff's expansive, proposed class definition of "[a]ll persons in Pennsylvania who purchased one or more products from [Costco] that (a) cost more than $15 and (b) included a written manufacturer's warranty" and the fact that Costco is not a citizen of Pennsylvania (unlike Plaintiff), these two requirements, too, are satisfied. (Compl. ¶ 46.)

the claims of the individual class members in any class action shall be aggregated to determine whether the amount in controversy exceeds the sum or value of $5,000,000 (exclusive of interest and costs). The Committee intends this subsection to be interpreted expansively.").

"A determination of the amount in controversy begins with a reading of the complaint filed in state court." *Kopko v. Range Resources - Appalachia, LLC*, 2020 WL 3496277, at *1 (W.D. Pa. June 29, 2020) (quotations omitted) (Horan, J.). Although a "notice of removal need include only a plausible allegation that the amount in controversy" is satisfied (*Dart Cherokee*, 574 U.S. at 89), a "party alleging jurisdiction [must] justify his allegations by a preponderance of evidence" when there are disputes over factual issues. *Frederico v. Home Depot*, 507 F.3d 188, 197 (3d Cir. 2007) (quotations omitted); *see also Lewis v. Ford Motor Co.*, 610 F. Supp. 3d 476, 481 (W.D. Pa. 2009) (denying plaintiff's motion to remand where statements in defendant's declaration met the preponderance of the evidence standard). Preponderance of evidence in this context means "proof to a reasonable probability that jurisdiction exists." *Frederico*, 507 F.3d at 195 n.6 (quotations omitted). "Once CAFA's jurisdictional requirements are established by the party asserting federal jurisdiction … the burden shifts to the opponent … to prove an exception to jurisdiction." *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 483 (E.D. Pa. 2016). "A plaintiff's averment that his claims do not meet the amount in controversy, alone, is insufficient to warrant remand." *Minissale v. State Farm Fire & Cas. Co.*, 988 F. Supp. 2d 472, 475 (E.D. Pa. 2013).

As explained below, Costco has established, by the preponderance of the evidence, that the Court should exercise CAFA jurisdiction over Plaintiff's putative class action.

### 1. Potential Damages

Plaintiff's potential damages exceed $5 million alone based on Costco's Pennsylvania profits over the past four years involving sales of products with written warranties that cost more than $15. (Notice ¶ 15; *see also* Declaration of Ed Hong ("Hong Decl.") ¶ 6 (Costco has made more than $5 million in sales and profits of warranted Samsung, LG, and Vizio televisions alone

11

from January 1, 2019 to July 1, 2022, from its Pennsylvania warehouses).)[4]  Costco's profits are relevant to CAFA jurisdiction.  *See, e.g.*, *Spivey v. Vertrue, Inc.*, 528 F.3d 982, 985–86 (7th Cir. 2008) (class action "allegations [may satisfy the amount in controversy threshold where they] put into 'controversy' the propriety of all of [a defendant's] charges"); *Oshana v. Coca-Cola Co.*, 472 F.3d 506, 512 (7th Cir. 2006) ("Coke's profits from the sale of fountain Diet Cokes in Illinois during the relevant time period stretched into the millions.  That alone would put this case securely over the amount in controversy"); *Winkworth*, 2019 WL 5310121, at *4 ("[I]t is entirely appropriate for Spectrum to rely upon national sales data over the relevant time period to prove to a reasonable certainty that [CAFA] jurisdiction exists.").

Plaintiff cannot reasonably dispute that figure and instead attempts to disclaim damages for herself and the proposed class to avoid removal.  (*See* Compl. ¶ 19.)  But as Costco explained in its Notice, a named plaintiff cannot waive damages on behalf of a putative class prior to class certification.  (*See* Notice ¶ 17 (citing *Standard Fire*, 568 U.S. at 593 (collecting cases).)  Plaintiff is no exception—she cannot diminish the putative class's damages claims before a class has been certified.  *See, e.g.*, *Standard Fire*, 568 U.S. at 593 (named plaintiff's "precertification stipulation" that the putative class's damages claims would not exceed $5,000,000 did "not bind anyone but himself," so the named plaintiff did "not reduce[] the value of the putative class members' claims").

Plaintiff insists Costco's supporting cases are inapposite because they "stand only for the proposition that if damages are sought in a complaint, they must not be disclaimed or avoided in an effort to avoid federal jurisdiction."  (Mot. 9.)  She is mistaken.

---

[4] Plaintiff argues that Costco did not present evidence in support of removal (*see* Mot. 6, 8–10), but the "removal statute [only] require[s] a 'statement "short and plain,"' and that statement 'need not contain evidentiary submissions.'"  *Sciarrino v. State Farm Fire and Cas. Co.*, 476 F. Supp. 3d 91, 96 (E.D. Pa. 2020).  Only once "a defendant's assertion of the amount in controversy is challenged" do "both sides submit proof and the court decides, by a preponderance of the evidence, whether the amount in controversy has been satisfied."  *Id.* (alterations omitted).

*First*, this Court in *Miller v. Liberty Mutual Group* denied the plaintiff's motion to remand in part because the plaintiff failed to "submit[] a sworn affidavit stating that she [would] ultimately seek less than the jurisdictional amount," even though she alleged that the jurisdictional threshold was "not satisfied because she [did not seek] damages … from the defendant." 97 F. Supp. 2d 672, 673, 676 (W.D. Pa. 2000). Contrary to Plaintiff's assertions, the complaint at issue in *Miller* did not expressly allege that the plaintiff was "entitled to upwards of $2,000,000." *Id*. at 674. Instead, the court "determine[d] how much [of an] insurance [policy was] available to her" in accordance with her request for relief (*id*.), just as the Court and Costco must assess how much Plaintiff has placed in controversy by requesting, inter alia, "legal and equitable relief as the Court may deem appropriate." (Compl. at 13.)

*Second*, the plaintiff in *Standard Fire* submitted an affidavit with her state-court complaint, stipulating that she would not seek damages for the class in "excess of $5,000,000 in the aggregate." 568 U.S. at 591 (quotations omitted). On removal under CAFA, the district court found that the amount in controversy would have fallen above the $5 million threshold but, "in light of [the plaintiff's] stipulation, the [district] court concluded that the amount fell beneath the threshold [and] ordered the case remanded to the state court." *Id*. But because one "who files a proposed class action cannot legally bind members of the proposed class before the class is certified," the high court held that the plaintiff's "precertification stipulation could [not] overcome [a] finding that the CAFA jurisdictional threshold had been met." *Id*. at 593. The Third Circuit, too, has held that "any such limitation [of monetary claims] is not binding on the class as a whole prior to class-action certification." *Judon v. Travelers Prop. Cas. Co. of Am.*, 773 F.3d 495, 504 n.8 (3d Cir. 2014).

*Third*, Plaintiff quibbles with *McLain v. Wal-Mart Store No. 5495*, which denied a "plaintiff's motion to remand because she did not stipulate to limiting damages." (Notice ¶ 16 (citing *McLain*, 2013 WL 1438254, at *1 (E.D. Pa. Apr. 8, 2013)). Plaintiff's big grievance is that the plaintiff in *McLain* "did not disclaim damages on behalf of a class." (Opp. 7.) But that is the point—Plaintiff is not only barred from waiving damages on behalf of a putative class

13

prior to certification, but she also failed to file a binding stipulation or affidavit on her own behalf. "For the foregoing reasons, [Plaintiff's] motion to remand [should be] denied." *McLain*, 2013 WL 1438254, at *2. The same result is warranted here.

### 2. Equitable Relief

Plaintiff seeks "'equitable relief,' which may exceed $5 million alone." (Notice ¶ 14.) Although the Pre-Sale Availability Rule itself does not provide for any specific remedies, broader equitable MMWA remedies, including a "full refund of the purchase price," may apply. *Kruger v. Subaru of Am., Inc.*, 996 F. Supp. 451, 457 (E.D. Pa. 1998); *Hurley v. BMW of N. Am., LLC*, 2020 WL 1624861, at *4 (E.D. Pa. Apr. 2, 2020) (same); *Winkworth*, 2019 WL 5310121, at *4 (same); *see also Anderson v. Gulf Stream Coach, Inc.*, 662 F.3d 778, 780 (7th Cir. 2011) (remedies available under the MMWA may include a "full refund of the purchase price or a replacement of the product"); *Larry J. Soldinger Assocs., Ltd. v. Aston Martin Lagonda of N. Am., Inc.*, 1998 WL 151817, at *3 (N.D. Ill. Mar. 27, 1998) ("[P]laintiff invokes Section 2310(d)(1) of the Magnuson-Moss Warranty Act and seeks … a refund of the purchase price.").

Most electronics and appliances products sold by Costco through its warehouses and website over the past four years cost more than $15 and carry an applicable warranty provided by the manufacturer. (Hong Decl. ¶ 5.) Costco generated substantially more than $5 million in sales and profits from those warranted products; indeed, Costco generated over $70 million in revenue and over $5 million in profit from the sale of Samsung, LG, and Vizio televisions alone from January 1, 2019 to July 1, 2022, from its Pennsylvania warehouses. (*Id.* ¶ 6.)[5]

### CONCLUSION

For the foregoing reasons, Costco respectfully requests that the Court deny Plaintiff's Motion to Remand and retain jurisdiction over this matter.

---

[5] Plaintiff's requests for attorneys' fees and injunctive relief, as well as her potential punitive damages, further increase the amount in controversy above the $5 million threshold.

DATED:  October 31, 2022

Respectfully submitted,

By:  /s/ James H. Moon

Attorneys for
COSTCO WHOLESALE CORPORATION

DAVIS WRIGHT TREMAINE LLP
James H. Moon (*pro hac vice*)
Peter K. Bae (*pro hac vice*)
865 S. Figueroa Street, Suite 2400
Los Angeles, CA 90017-2566
Tel: (213) 633-6800
jamesmoon@dwt.com
peterbae@dwt.com

DAVIS WRIGHT TREMAINE LLP
James Howard (*pro hac vice*)
920 Fifth Avenue, Suite 3300
Seattle, WA 98104-1610
Tel: (206) 622-3150
jimhoward@dwt.com

# EXHIBIT D-1

## (Declaration of Ed Hong)

# IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF PENNSYLVANIA
### PITTSBURGH DIVISION

MONICA ZORTEA, individually and on
behalf of all others similarly situated,

      Plaintiff,

   v.

COSTCO WHOLESALE CORP.,

      Defendant.

Civil No. 2:22-cv-01316-MJH

## DECLARATION OF ED HONG

I, Ed Hong, make this declaration in support of Defendant Costco Wholesale

Corporation's ("Costco") response in opposition to Plaintiff Monica Zortea's Motion to Remand.

1.      I have been employed by Costco for over 20 years.  I am currently a Data Analyst

4 at Costco.  In my current role and over the past 17 years of my employment at Costco, my

responsibilities have included working with various company departments to extract, prepare,

and present the company's business data to guide business decisions, address informational

requests, and fulfill legal requests.

2.      Based on my job responsibilities, I am familiar with Costco's recordkeeping for

the products it offers for sale to consumers.  Costco, in its ordinary course of doing business,

keeps and maintains records of its products and sales.  Those records are made by or from

information transmitted by a person with knowledge of the event described therein at or near the

time of the event described and are kept in the ordinary course of the regularly conducted

business activity of that person and Costco, and it is the regular practice of Costco to make such

records.  Those records document, among other things, the identifying information for the

product, the number of sales, the location of the sales, and the cost of the product. The matters stated herein are true as to my own personal knowledge and, if called as a witness, I could and would testify competently to the information set forth herein.

3.      I understand that Costco has been sued in the case captioned *Monica Zortea v. Costco Wholesale Corp.*, Case No. 2:22-cv-01316, in the Court of Common Pleas of Allegheny County, Pennsylvania, and removed to the United States District Court for the Western District of Pennsylvania. It is my understanding that Plaintiff's Complaint is based on products that "cost more than $15 and … included a written manufacturer's warranty" sold by Costco in the State of Pennsylvania.

4.      Costco's annual revenues for fiscal year 2022 exceed $200 billion. It had over 118 million cardholders as of August 2022. It has had substantially more than 100 cardholders in Pennsylvania since 2019. Costco has 579 locations in the United States and carries thousands of products at any one time in its warehouse locations. I have access to Costco's business records relating to its sales and products and have reviewed information necessary to provide the sales information in this declaration.

5.      Most electronics and appliances products sold by Costco through its warehouses and website over the past four years cost more than $15 and carry an applicable warranty provided by the manufacturer. For example, the vast majority of the thousands of cell phones, watches, video game consoles, refrigerators, washer and dryers, dishwashers, microwaves, and cooking appliances sold by Costco over the past four years includes a manufacturer's warranty and costs hundreds if not thousands of dollars. To my knowledge, all of the hundreds of televisions sold by Costco since 2019 include a manufacturer's warranty and cost over $15.

6.     Based on information from Costco's sales database, Costco has sold thousands of products in its Pennsylvania warehouses since January 1, 2019, that carried a manufacturer's warranty and cost over $15.  Costco generated substantially more than $5 million in sales and profits from those warranted products.  Indeed, Costco has sold over 130,000 units of over 175 different warranted televisions made by three manufacturers—Samsung, LG, and Vizio—alone from January 1, 2019 to July 1, 2022, from its Pennsylvania warehouses, and has generated over $70 million in revenue and over $5 million in profit from those Samsung, LG, and Vizio television sales.  All of the Samsung, LG, and Vizio televisions cost over $75 and included a manufacturer's warranty from Samsung, LG, or Vizio.  These figures account for all returns by customers and do not account for any online sales to the state.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that the foregoing is true and correct to the best of my knowledge.  Executed this 31st day of October 2022, at Federal Way, Washington.

_____
Ed Nong