**CASE NOS. 23-8009, 23-8010, 23-8011, and 23-8012**

**IN THE UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT**

COSTCO WHOLESALE CORP.,
Petitioner-Defendant,

vs.

MONICA ZORTEA,
Respondent-Plaintiff.
(W.D. Pa. No. 2:22-cv-01316)

MONICA ZORTEA,
Plaintiff-Respondent,

vs.

SAMSUNG ELECTRONICS AMERICA, INC.,
Defendant-Petitioner.
(W.D. Pa. No. 2:22-cv-01309)

CARA ROWLAND, individually and on behalf of all others similarly situated,
Plaintiff-Respondent,

vs.

HELEN OF TROY, LTD. A/K/A HELEN OF TROY L.P.
D/B/A HOT TOOLS PROFESSIONAL,
Defendant-Petitioner.
(W.D. Pa. No. 2:22-cv-01495)

CARA ROWLAND, individually and on behalf of all others similarly situated,
Plaintiff-Respondent,

vs.

BISSELL HOMECARE, INC.
Defendant-Petitioner.
(W.D. Pa. 2:22-cv-01500)

Petition to Appeal From the United States District court for the Western District of Pennsylvania No. 2:22-cv-01316, Hon. Marilyn J. Horan; No. 2:22-cv-01309, Hon. Cathy Bissoon; No. 2:22-cv-01495, Hon. Cathy Bissoon; and No. 2:22-cv-01500, Hon. Christy Criswell Wiegand. No. 2:22-cv-01500

**ANSWER TO PETITIONS FOR PERMISSION TO APPEAL REMAND ORDER PURSUANT TO 28 U.S.C. §1453(c)(1)**

**LYNCH CARPENTER LLP**
Edwin J. Kilpela, Jr.
Elizabeth Pollock-Avery
James M. LaMarca
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Telephone: (412) 322-9243
Facsimile: (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
james@lcllp.com

# **TABLE OF CONTENTS**

INTRODUCTION ..................................................................................1

PROCEDURAL HISTORY.....................................................................2

ARGUMENT ........................................................................................3

   I. THE MMWA'S SUBJECT MATTER JURISDICTION
     PREREQUISITES ARE NOT SUPERSEDED BY CAFA ........................4

     A. To Establish Federal Jurisdiction Over Any Of The Claims At
       Issue, The Requirements of 15 U.S.C. § 2310(d)(3) Must
       Be Met ......................................................................................4

     B. 15 U.S.C. § 2310(d)(1)(A) Does Not Provide An Alternate Basis
       To Establish Jurisdiction In Federal Courts.....................................7

     C. CAFA Does Not Impliedly Repeal The MMWA's Strict
       Jurisdictional Requirements ...........................................................9

   II. THERE ARE NO CONFLICTS FOR THIS COURT TO
     ADDRESS .........................................................................................12

     A. Petitioners' Cite To Non-Precedential Opinions and Cases That
       Did Not Address The Issues Presented Here ................................12

     B. Since *Floyd*, There Is No Conflict In This Circuit ........................14

   III. EVEN ASSUMING CAFA APPLIES, PETITIONERS HAVE
     NOT ESTABLISHED THE REQUIRED AMOUNT IN
     CONTROVERSY................................................................................15

CONCLUSION ...................................................................................19

# <u>TABLE OF AUTHORITIES</u>

**Cases**

*Birdsong v. Apple, Inc.*,
  590 F.3d 955 (9th Cir. 2009)................................................................ 12

*Boyer v. Snap-On Tools Corp.*,
  913 F.2d 108 (3d Cir. 1990)................................................................. 3

*Epic Sys. Corp. v. Lewis*,
  138 S. Ct. 1612 (2018) ........................................................................ 9

*Floyd v. Am. Honda Motor Co.*,
  966 F.3d 1027 (9th Cir. 2020).................................................... 8, 10, 12

*Hatcher v. Chrysler Motors Corp.*,
  1990 WL 21164 (E.D. Pa. Mar. 7, 1990)........................................ 1, 5

*Huber v. Taylor*,
  532 F.3d 237 (3rd Cir. 2008) ............................................................ 19

*In re Subaru Battery Drain Prods. Liab. Litig.*,
  2021 WL 1207791 (D.N.J. Mar. 31, 2021)........................................ 15

*Kavon v. BMW of N.A., LLC*, No.,
  2022 WL 1830797 (D.N.J. June 3, 2022) .......................................... 14

*Keegan v. Am. Honda Motor*,
  838 F.Supp.2d 929 (C.D.Cal. 2012) ................................................. 13

*Kuns v. Ford Motor Co.*,
  543 Fed.Appx. 572 (6th Cir. 2013)............................................... 12, 13

*Leflar v. Target Corp.*,
  57 F.4th 600 (8th Cir. 2023) ...................................................... 12, 13, 14

*Matthews v. James Hardie Bldg. Prod., Inc.*,
  2017 WL 6994567 (N.D. Fla. Nov. 21, 2017).................................... 18

*Morton v. Mancari*,
  417 U.S. 535 (1974).............................................................................. 9

*O'Keefe v. Mercedes-Benz USA, LLC*,
  2002 WL 377122 (E.D. Pa. Jan. 31, 2002)......................................... 5

*Opheim v. Volkswagen Aktiengesellschaft*,
  2021 WL 2621689 (D.N.J. June 25, 2021)........................................ 15

*Powell v. Subaru of Am., Inc.*,
  502 F. Supp. 3d 856 (D.N.J. 2020) ........................................... 8, 11, 15

*Pretka v. Kolter City Plaza II, Inc.*,
  608 F.3d 744 (11th Cir. 2010)...................................................... 17, 19

*Reg'l Rail Reorganization Act Cases*,
  419 U.S. 102 (1974) ............................................................................ 9

*Rivera v. Chadrad Motors, LLC*,
  2021 WL 6750676 (D. Conn. June 9, 2021)...................................................... 10
*Ruckelshaus v. Monsanto Co.*,
  467 U.S. 986 (1984) ................................................................................................. 9
*Samuel-Bassett v. Kia Motors Am., Inc.*,
  357 F.3d 392 (3d Cir. 2004)................................................................................. 3, 5
*Shazes v. Sylvan Pools, Inc.*,
  1988 WL 3096 (E.D. Pa. Jan. 14, 1988) ............................................................... 6
*Short v. Hyundai Motor Co.*,
  444 F. Supp. 3d 1267 (W.D. Wash. 2020)........................................................... 10
*Standard Fire Ins. Co. v. Knowles*,
  568 U.S. 588 (2013) ............................................................................................... 16
*Suber v. Chrysler Corp*,
  104 F.3d 578 (3d Cir. 1997)................................................................................. 18
*Syngenta Crop Prot., Inc. v. Henson*,
  537 U.S. 28 (2002) ................................................................................................... 3
*Talley v. GM, LLC*,
  2021 WL 7209448 (D. Del. Nov. 26, 2021) ................................................... 8, 15
*United States v. Jackson*,
  964 F.3d 197 (3d Cir. 2020)................................................................................... 8
*Waters v. Ferrara Candy Co.*,
  873 F.3d 633 (8th Cir. 2017)............................................................................... 17

### Statutes

15 U.S.C. § 2301 ........................................................................................................ 1
15 U.S.C. § 2310........................................................................................................ 8
15 U.S.C. § 2310(d)(1)............................................................................................. 4
15 U.S.C. § 2310(d)(1)(A)............................................................................... *passim*
15 U.S.C. § 2310(d)(1)(B) ............................................................................... *passim*
15 U.S.C. § 2310(d)(2)........................................................................................... 18
15 U.S.C. § 2310(d)(3)..................................................................................... *passim*
15 U.S.C. § 2310(d)(3)(A).......................................................................................6
15 U.S.C. § 2310(d)(3)(B) ...................................................................................... 6
15 U.S.C. § 2310(d)(3)(C) ...................................................................................... 6
15 U.S.C. § 2310(d)(3)(A)-(C) ............................................................................... 1
15 U.S.C. 28 U.S.C. § 1332 ................................................................................ 1, 2
15 U.S.C. 28 U.S.C. § 1332(a)................................................................................ 2
15 U.S.C. 28 U.S.C. § 1332(d) ............................................................................... 1
15 U.S.C. 28 U.S.C. § 1453(c)(1)........................................................................... 2

**Rules**

Fed. R. Civ. P. 23(b)(2)............................................................................... 16

**Other Authority**

House of Representatives, 93d Congress, 2d Session, Report No. 93-1107 ........... 5

## **INTRODUCTION**

These cases concern Bissell Homecare Inc. ("Bissell"), Costco Wholesale Corp. ("Costco"), Helen of Troy, Ltd. ("Helen of Troy"), and Samsung Electronics America, Inc.'s ("Samsung") (collectively, "Petitioners") violations of the Magnuson-Moss Warranty Act, 15 U.S.C. §§ 2301, *et seq.* ("Magnuson-Moss" or "MMWA"). Specifically, each has either concealed written warranties prior to the point of sale or provided warranties to consumers that purport to prohibit the use of third-party repair or parts in violation of various provisions of the MMWA and its implementing regulations.

There is no federal subject matter jurisdiction over the claims at issue due to the MMWA's unique jurisdictional requirements for class actions brought in federal court. Specifically, MMWA mandates that (1) each class member's claim be worth at least $25; (2) the amount in controversy be at least $50,000; and (3) the complaint contains at least 100 named plaintiffs. 15 U.S.C. § 2310(d)(3)(A)-(C). These requirements are conjunctive, and the absence of any one of them deprives this Court of jurisdiction and requires remand. *See Hatcher v. Chrysler Motors Corp.*, No. 89-6792, 1990 WL 21164 at *1 (E.D. Pa. Mar. 7, 1990) ("[The federal courts' jurisdiction is limited by the three requirements in section 110(d)(3)). Nor may Petitioners rely on the Class Action Fairness Act, 28 U.S.C. § 1332(d) ("CAFA"), or any other provision of 28 U.S.C. § 1332, to overcome the MMWA's exacting

jurisdictional requirements for federal jurisdiction, because CAFA does not supersede the MMWA's requirements.

Moreover, even assuming *arguendo* that CAFA, or any other provision of 28 U.S.C. § 1332 applied, Petitioners still fail to demonstrate that the amounts in controversy could be valued at the required $75,000 for diversity jurisdiction, let alone the $5,000,000 for CAFA. Instead, Petitioners rely, without authority, on imprecise and over-inclusive calculations of the amount in controversy, which cannot support jurisdiction and must be discounted.

Thus, because the Complaints do not satisfy the jurisdictional requirements of MMWA § 2310(d)(3), and CAFA cannot provide an alternate basis for jurisdiction, this Court lacks subject matter jurisdiction. This Court should deny the petitions to appeal and affirm the several orders properly remanding these matters to the courts of the Commonwealth of Pennsylvania.

## <u>PROCEDURAL HISTORY</u>

Each of these consolidated actions was commenced in the Allegheny County Court of Common Pleas by either Respondent Cara Rowland or Monica Zortea (collectively, "Respondents"). Each Petitioner filed for removal under CAFA.[1] Petitioners argued that while the specific provisions required to assert subject matter

---

[1] Some of the Petitioners also alleged traditional diversity jurisdiction under 28 U.S.C. § 1332(a) justified removal. This is of no difference because both provisions of 28 U.S.C. § 1332 are inapplicable.

jurisdiction under § 2310(d)(1)(B) were not met, federal courts can use § 2310(d)(1)(A) and the provisions enabling diversity jurisdiction to assert subject matter jurisdiction.   The district courts for each of these matters agreed and remanded the matters back to Pennsylvania state courts. *See* Order, Dkt. 38, No. 2:22-cv-01500-CCW (W.D. Pa. Feb. 17, 2023) (Remand Order in Bissell) ("Bissell Remand Order"); Order 1-2, Dkt. 31, No. 22-1309 (W.D. Pa. Feb. 14, 2023); (Remand Order in Samsung) ("Samsung Remand Order"); Memorandum Order 1-2, Dkt. 32, No. 22-1495 (W.D. Pa. Feb. 14, 2023) (Remand Order in Helen of Troy) ("Helen of Troy Remand Order"); Order, Dkt. 34, No. 2:22-cv-01316-MJH (W.D. Pa. Feb. 13, 2023) (Remand Order in Costco) ("Costco Remand Order").

## <u>ARGUMENT</u>

"The right of removal" is limited and "entirely a creature of statute," thus "'a suit commenced in a state court must remain there until cause is shown for its transfer under some act of Congress.'" *Syngenta Crop Prot., Inc. v. Henson*, 537 U.S. 28, 29 (2002). The strong presumption against removal jurisdiction means that the defendant bears the burden of establishing that removal is proper. *See Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (the party "who urges jurisdiction . . . bears the burden"). Any doubts regarding whether jurisdiction exists "must be resolved in favor of remand." *Samuel-Bassett v. Kia Motors Am., Inc.*, 357 F.3d 392, 403 (3d Cir. 2004).

# I.   THE MMWA'S SUBJECT MATTER JURISDICTION PREREQUISITES ARE NOT SUPERSEDED BY CAFA.

### A. To Establish Federal Jurisdiction Over Any Of The Claims At Issue, The Requirements of 15 U.S.C. § 2310(d)(3) Must Be Met.

The MMWA provides that "a consumer who is damaged by the failure of a supplier, warrantor, or service contractor to comply with any obligation under this chapter . . . may bring suit for damages and other legal and equitable relief—(A) in any court of competent jurisdiction in any State or the District of Columbia; or (B) in an appropriate district court of the United States, subject to [15 U.S.C. § 2310(d)(3)]." 15 U.S.C. § 2310(d)(1). Thus, to avoid surplusage (detailed, *infra*, § I(B)) aggrieved consumers may bring MMWA claims in either 1) state court, pursuant to MMWA § 2310(d)(1)(A), or 2) federal court, pursuant to MMWA § 2310(d)(1)(B). To initiate an MMWA action in federal court or where, as here, a Defendant attempts to remove an MMWA action to federal court, the following criteria must be met:

> No claim shall be cognizable in a suit brought [in an appropriate district court of the United States]—
> (A)    if the amount in controversy of any individual claim is less than the sum or value of $25;
> (B)    if the amount in controversy is less than the sum or value of $50,000 (exclusive of interests and costs) computed on the basis of all claims to be determined in this suit
> (C)    if the action is brought as a class action, and the number of named plaintiffs is less than one hundred.

15 U.S.C. § 2310(d)(3); *see also, KIA Motors Am., Inc.*, 357 F.3d at 402. These

requirements are conjunctive, and the absence of any one of them deprives this Court

of jurisdiction and requires remand. *Id. See also, Hatcher*, 1990 WL 21164 at *1

(holding that the federal courts' jurisdiction is limited by the three jurisdictional

requirements).

The House Report accompanying the passage of the MMWA clarified that

Congress intended the language, "court of competent jurisdiction in any State," (*see*

§ 2310(d)(1)(A)), to refer to state courts. House of Representatives, 93d Congress,

2d Session, Report No. 93-1107 ("House MMWA Report"). According to the House

MMWA Report:

> Any person damaged by the failure of a supplier to comply with any
> obligation under title I or under a warranty or service contract as
> defined in such title would be authorized to bring suit in an appropriate
> district court of the United States (subject to certain jurisdictional
> limitations) *or in any State court of competent jurisdiction*.

House MMWA Report at 7703-04 (emphasis added). That statement is consistent

with the fact that Congress has "explicitly and significantly restricted access to

federal court under [the MMWA]." *O'Keefe v. Mercedes-Benz USA, LLC*, No.

01CV2902, 2002 WL 377122, at *4 (E.D. Pa. Jan. 31, 2002).

In each of the petitions seeking appeal, none of the MMWA's three

jurisdictional requirements are met. First, in the Complaints, Respondents solely

seek equitable and declaratory relief individually and on behalf of the class

members. Because neither Respondents nor any member of the proposed classes "assert[] an individual claim for damages," the individual jurisdictional requirement of $25 under § 2310(d)(3)(A) is not met. Likewise, because Plaintiff seeks only injunctive and declaratory relief, and not damages, the aggregate value of the putative classes' claims does not exceed the MMWA's separate jurisdictional threshold of $50,000 for all claims at issue. MMWA § 2310(d)(3)(B). Finally, this Court lacks subject matter jurisdiction under § 2310(d)(3)(C) because the Respondents are the sole individuals named as plaintiffs in their respective class action complaints and, under the MMWA,  a class action must name at least one-hundred plaintiffs to establish federal court subject matter jurisdiction. 15 U.S.C. § 2310(d)(3)(C); *see also Shazes v. Sylvan Pools, Inc.*, No. 87-4324, 1988 WL 3096 at *2 (E.D. Pa. Jan. 14, 1988). Here, each Complaint names only one plaintiff, thus MMWA's third jurisdictional requirement is not met.

This was evident to each of the district courts in ordering remand.

The MMWA speaks to where consumers may bring suit for damages and relief, and it defines the limited circumstances when a suit may be brought in federal court. It supplies a specific federal cause of action under Section 2310(d)(1)(B). Without 100 named plaintiffs, the MMWA claim is not cognizable. Absent a cognizable claim, the district court has no subject matter jurisdiction over the claim.

Opinion 10, Dkt. 33, No. 2:22-cv-0116-MJH (W.D. Pa. Feb. 13, 2023) (Opinion ordering remand in Costco) ("Costco Remand Opinion"); *see also* Report and Recommendation 9, Dkt. 26, 2:22-cv-1495 (W.D. Pa. Dec. 27, 2022) (Magistrate

Judge Dodge's ruling in Helen of Troy Ltd.) ("Helen of Troy Report and Recommendation") (stating "Rowland's Complaint fails to meet the criteria set forth in § 2310(d)(3)"); Order, Dkt. 37, No. 2:22-cv-01500 (W.D. Pa. Feb. 17, 2023) (noting Bissell "does not dispute that Ms. Rowland's complaint fails to satisfy the MMWA's requirements"); Samsung Remand Order at 1(noting the court "adopts the reasoning" of the Helen of Troy Remand Order and Costco Remand Order).

### B. 15 U.S.C. § 2310(d)(1)(A) Does Not Provide An Alternate Basis To Establish Jurisdiction In Federal Courts.

Respondents each argue that, despite failing to meet the criteria to establish jurisdiction under 15 U.S.C. § 2310(d)(1)(B), 15 U.S.C. § 2310(d)(1)(A) operates to establish federal jurisdiction. That argument, however, fails because such an interpretation of § 2310(d)(1)(A) would render § 2310(d)(1)(B) superfluous.

That canon of statutory interpretation would be violated if this Court were to find that § 2310(d)(1)(A) provides an independent avenue to establish federal jurisdiction over a class action under the MMWA. Indeed, as one court in this Circuit recently explained:

> § 2310(d)(1)(A) governs those cases brought in state or local courts in any state or the District of Columbia, while subsection (B) provides for jurisdiction in federal courts, with the corresponding requirements for such claims brought in federal court outlined above. To find that subsection (A) also includes federal courts would be to render subsection (B) superfluous. Such an interpretation would violate the "anti-surplusage" canon, under which "[i]t is our duty to give effect, if possible, to every clause and word of a statute."

7

*Powell v. Subaru of Am., Inc.*, 502 F. Supp. 3d 856, 885 (D.N.J. 2020) (quoting

*United States v. Jackson*, 964 F.3d 197, 203 (3d Cir. 2020)); *see also Floyd v. Am.*

*Honda Motor Co.*, 966 F.3d 1027, 1034 (9th Cir. 2020) ("The plain language of the

MMWA lists a combination of specific requirements for a claim [to be] cognizable

in federal court[.]").[2]

The lower courts correctly recognized that the reading urged by Petitioners

was contrary to traditional rules of statutory interpretation.

> In assessing the language of the MMWA as well as recent case law, the
> Court is not convinced that § 2310(d)(1)(A), which allows a consumer
> to bring suit "in any court of competent jurisdiction in any State or the
> District of Columbia," is meant to include district courts when CAFA
> jurisdiction is met. District courts are specifically targeted by §
> 2310(d)(1)(B). Indeed, as district courts within the Third Circuit have
> concluded, to interpret § 2310(d)(1)(A) as such would "violate the
> 'anti-surplusage' canon, under which '[i]t is our duty to give effect, if
> possible, to every clause and word of a statute.'"

Helen of Troy Report and Recommendation at 7 (citing *Powell*, 502 F.Supp. 3d at

885); *see also* Costco Remand Opinion at 11 ("The implication, that § 2310(d)(1)(A)

includes federal district courts within its 'any court of competent jurisdiction in any

---

[2] This proposition is further borne out by other language within § 2310, including
the instruction that "[n]o claim shall be cognizable in a suit brought under
[§ 2310(d)(1)(B)]" unless the jurisdictional requirements of § 2310(d)(3) are met. In
this context, "'brought under' means 'relying on X for a cause of action." *Talley v.
GM, LLC*, No. 1:20-cv-01137-SB, 2021 WL 7209448, at *6 (D. Del. Nov. 26, 2021).
"On this reading," § 2310(d)(3)'s jurisdictional requirements must be satisfied for an
MMWA class claim to proceed in federal court. *Id.* at *7.

State or the District of Columbia' language, renders the restrictions to federal courts under § 2310(d)(1)(B) meaningless. Such is contrary to the rules of statutory construction."). Accordingly, just as the district courts below, this Court should honor the plain text and hold that § 2310(d)(1)(B) is the exclusive jurisdiction vehicle for any MMWA class action in federal court.

### C. CAFA Does Not Impliedly Repeal The MMWA's Strict Jurisdictional Requirements.

Despite Petitioners' claims to the contrary, CAFA does not provide an alternative basis for federal subject matter jurisdiction because CAFA did not impliedly repeal MMWA's jurisdictional requirements. "[R]epeals by implication are disfavored," and when two statutes are "capable of co-existence, it is the duty of the courts, absent a clearly expressed congressional intention to the contrary, to regard each as effective." *Ruckelshaus v. Monsanto Co.*, 467 U.S. 986, 1017–18 (1984) (quoting *Reg'l Rail Reorganization Act Cases*, 419 U.S. 102, 133–34 (1974)). "When confronted with two Acts of Congress allegedly touching on the same topic, this Court is not at 'liberty to pick and choose among congressional enactments' and must instead strive 'to give effect to both.'" *Epic Sys. Corp. v. Lewis*, 138 S. Ct. 1612, 1624 (2018) (quoting *Morton v. Mancari*, 417 U.S. 535, 551 (1974)).

Here, the weight of authority, and canons of statutory interpretation, make clear that CAFA does not supplant the MMWA's separate jurisdictional requirements. Though not binding on this Court, the most extensive analysis of this

question came in *Floyd v. American Honda Motor Co.*, 966 F.3d 1027 (9th Cir.

2020). In *Floyd*, the Ninth Circuit affirmed the district court's dismissal of the

plaintiffs' class action complaint, holding that plaintiffs' MMWA claim was not

cognizable because the complaint did not name at least one-hundred plaintiffs. *Id.* at

1030–31. The Circuit Court held that " [c]onstruing CAFA to provide jurisdiction

over MMWA claims despite [p]laintiffs' failure to satisfy the plain-language

requirement of at least one hundred named plaintiffs would have the effect of

overriding a part of the MMWA." *Id.* at 1035. Further, the Ninth Circuit Court held

that, "[a]lthough CAFA was enacted thirty years after MMWA . . . CAFA does not

demonstrate any intent by Congress to repeal or alter parts of the MMWA's

jurisdictional requirements. Therefore, CAFA may not be used to evade or override

the MMWA's specific numerosity requirement[.]" *Id.*

Similarly, district courts have also held that CAFA cannot be used to

supersede or evade the jurisdictional requirements for an MMWA claim in federal

court. *See Rivera v. Chadrad Motors, LLC*, 2021 WL 6750676 at *4–5 (D. Conn.

June 9, 2021) (the court lacked subject matter jurisdiction over MMWA claim

because plaintiffs' damages were less than $50,000.00); *Short v. Hyundai Motor Co.*,

444 F. Supp. 3d 1267, 1288 (W.D. Wash. 2020) ("To contend that a plaintiff may

bring a federal question claim under the MMWA, a federal statute providing federal

question jurisdiction, through CAFA, a statutory basis for federal courts to exercise

diversity jurisdiction, makes little sense."); *Powell*, 502 F. Supp. at 885 (A party "may not use CAFA as a means to evade the explicit jurisdictional requirements of the MMWA").

The Costco Remand Opinion specifically addressed the repeal by implication argument by reviewing the relationship between CAFA and MMWA. Costco Remand Opinion at 12-15. The court stated

> If CAFA or Diversity substitutes for the MMWA's § 2310 express requirements for claims and court jurisdiction, such would effectively nullify § 2310(d)(1)(B) and its federal court limitations, thereby defeating MMWA's federal court statutory scheme that has been untouched by Congress since its enactment. Congress intended that MMWA class actions meet specified prerequisites for claim cognizability to qualify claims for federal court jurisdiction. When it enacted CAFA, Congress could have addressed this jurisdictional issue with regard to class actions and the MMWA, but it did not.

*Id.* at 13. The court concluded its analysis by stating "CAFA, Diversity, and the MMWA can each be given full effect. This Court's interpretation of MMWA § 2310(d)(1)(A) does not impair CAFA or Diversity jurisdiction, because under § 2310(d)(1)(B), absent qualifying criteria, there is no cognizable claim and therefore no civil action over which any federal district has subject matter jurisdiction." *Id.* at 15. This rationale was adopted in the Bissell and Samsung Remand Orders and "emphasized" in the Helen of Troy Remand Order. Helen of Troy Remand Order at 1.

11

## II.    THERE ARE NO CONFLICTS FOR THIS COURT TO ADDRESS.

Petitioners attempt to create both an inter- and intra-circuit split to induce this Court to grant their appeals. A close read and examination of the circumstances that constitute the alleged "circuit split," however, demonstrates that no meaningful split exists. Further, since *Floyd* all courts within *this* circuit that have examined similar MMWA issues have issued consistent orders on this issue. Accordingly, this Court need not correct a conflict that does not exist.

### A. Petitioners' Cite To Non-Precedential Opinions and Cases That Did Not Address The Issues Presented Here.

Petitioners point to two opinions, *Lefler v. Target Corp.*, 57 F.4th 600 (8th Cir. 2023) and *Kuns v. Ford Motor Co.*, 543 Fed.Appx. 572 (6th Cir. 2013) which applied CAFA in the MMWA context, and *Floyd*, 966 F.3d 1027 which found CAFA inapplicable under the MMWA, to establish an inter-circuit split that this Court should address. That argument, however, fails because *Kuns* is unpublished and non-precedential and, in the case of *Leflar*, the court did not analyze the issues in question here.

In *Kuns*, the Sixth Circuit affirmed the grant of summary judgment in an unpublished and non-precedential opinion. *Kuns*, 543 Fed.Appx. at 572-723. "Even though neither party raises the question [of jurisdiction] on appeal" the court analyzed the interplay between the MMWA and CAFA. *Id*. at 574. The court quickly reviewed the applicable statutory sections and concluded "that the district court had

jurisdiction." *Id*. However, in reaching this conclusion the court relied on *Birdsong v. Apple, Inc.*, 590 F.3d 955, 957 n.1 (9th Cir. 2009), a case essentially overruled by *Floyd* and, therefore, no longer a legitimate basis upon which to support an opinion. *See Kuns*, 543 Fed.Appx. at 574; *see also, Id*. (also citing *Keegan v. Am. Honda Motor Corp.*, 838 F.Supp.2d 929, 954-55 (C.D.Cal. 2012), another case essentially overruled by *Floyd*).

In *Leflar*, the Eighth Circuit reviewed a remand order of an MMWA case. *Leflar*, 57 F.4th at 602. The central issue on appeal was the degree to which the district court considered a removal declaration that plausibly alleged the case was worth more than CAFA's required amount in controversy. *Id*. at 604-05. In reversing and remanding, the court held that the district failed "to consider [a] declaration, [that was] Target's central piece of evidence in opposing remand." *Id*. at 605. Notably, while the court's opinion addressed CAFA in the context of the MMWA, it did not undertake an analysis regarding whether, and to what extent, CAFA and the MMWA are compatible. That analysis was unnecessary in that matter because "[t]he district court concluded . . . that a class action that satisfies the Class Action Fairness Act's jurisdictional requirements does not need to independently meet those other [MMWA] thresholds. No one challenges this conclusion, so we assume without deciding that it is correct." *Id*. at 602 n.1. Thus, the *Leflar* court expressly assumed the issues before this Court and its opinion is irrelevant to those questions.

B. Since *Floyd*, There Is No Conflict In This Circuit.

Likely recognizing the lack of an inter-Circuit split, Petitioners also attempt to create an intra-circuit split by arguing that courts in this Circuit have not consistently ruled on the issues raised in their petitions. *See* Petition for Permission to Appeal 16, Dkt. 1, No. 23-8012 (3d Cir. Feb. 27, 2023) ("Bissell Petition") ("Prior to *Floyd*, district courts within this Circuit uniformly held that CAFA provides an independent basis for federal jurisdiction over MMWA claims."); Petition for Permission to Appeal 12-13, Dkt. 1, No. 23-8010 (3d Cir. Feb. 24, 2023) ("Samsung Petition") ("This question also remains an unsettled question in this Circuit."); Petition for Permission to Appeal 19-20, Dkt. 1, No. 23-8011 (3d Cir. Feb. 24, 2023) ("Helen of Troy Petition"); Petition for Permission to Appeal 12, Dkt. 1, No. 23-8009 (3d Cir. Feb. 23, 2023) ("Costco Petition") ("District Courts in this Circuit have also held that CAFA supersedes MMWA's class action requirements." (internal citations omitted)).

That argument, however, ignores the fact that "since *Floyd*, every district court in the Third Circuit that has addressed the issue has found that CAFA does not allow plaintiffs to pursue a MMWA claim, where the three conditions under § 2310(d)(3) are not met." Helen of Troy Report and Recommendation at 6 (citing *Kavon v. BMW of N.A., LLC*, No. 20-1547, 2022 WL 1830797, at *4 (D.N.J. June 3, 2022) (noting that every court in the District of New Jersey has followed *Floyd* since

it was decided); *Talley*, 2021 WL 7209448, at *5–7 (finding that plaintiffs' cause of action stems from the MMWA, therefore plaintiffs "cannot rely on CAFA for a cause of action because that law gives only jurisdiction.")).

Indeed, the very results of the remand orders at issue in these consolidated petitions lend support to the finding that there is no intra-circuit split. In each of these consolidated cases the district court found that, after *Floyd*, courts in this circuit had consistently applied that court's reasoning. *See* Costco Remand Opinion at 4 (citing *In re Subaru Battery Drain Prods. Liab. Litig.*, Civ. No. 20-3095, 2021 WL 1207791, at *12 (D.N.J. Mar. 31, 2021); *Powell*, 502 F. Supp. at 885; *Opheim v. Volkswagen Aktiengesellschaft*, No. 20-02483 (KM) (ESK), 2021 WL 2621689, at *12 (D.N.J. June 25, 2021); *Talley*, 2021 WL 7209448 (C.J. Bibas sitting by designation)). Petitioners should not be permitted to claim an intra-circuit split where, since the clarifying guidance in *Floyd*, none exists.

### III.   EVEN ASSUMING CAFA APPLIES, PETITIONERS HAVE NOT ESTABLISHED THE REQUIRED AMOUNT IN CONTROVERSY.

In each matter consolidated for the purposes of these petitions, plaintiffs seek only an Order directing the defendant at issue to take reasonable steps to ensure the MMWA's requirements are being met. Despite the fact that no monetary damages are sought in any of the underlying complaints, Petitioners attempt to import damages that the Complaints do not seek by claiming either the value of goods sold in the Commonwealth and/or potential attorneys' fees suffice to meet the required

amount controversy to establish jurisdiction. Petitioners' arguments fail on both counts.

First, several Petitioners erroneously assert that Respondent cannot file a putative class action seeking only injunctive and declaratory relief. *See, e.g.*, Helen of Troy Petition at 18-19; Costco Petition at 22 n.4. In support, those Petitioners cite *Standard Fire Ins. Co. v. Knowles*, 568 U.S. 588 (2013). However, *Knowles* is distinct and inapplicable. In *Knowles*, the plaintiff filed a class action complaint seeking damages in state court but attempted to circumvent federal court jurisdiction by stipulating that the putative class would not seek damages in excess of $5 million. *Id.* at 590-91. The Supreme Court of the United States held that because such a stipulation was not binding on anyone other than the named plaintiff a more objective method for calculating the amount in controversy was required and, therefore, the stipulation in question could not be used to avoid diversity jurisdiction under CAFA. *Id.* at 592-94.

Thus, the holding in *Knowles* stands only for the proposition that, if damages are sought in a complaint, those damages may not be disclaimed to avoid federal jurisdiction. Unlike *Knowles*, however, the operative complaints in these consolidated actions seek *no damages whatsoever*, and, instead, seek only injunctive and declaratory relief. Proceeding in such a manner is expressly contemplated by the federal rules. *See* Fed. R. Civ. P. 23(b)(2) (contemplating class actions that seek only

injunctive and declaratory relief). Petitioners may not turn the object of this litigation into something it is not.

Next, Petitioners claim the amount in controversy should be calculated based upon the speculative costs to modify their existing warranties or the total cost of all products Petitioners sold in Pennsylvania during the class period. *See, e.g.*, Samsung Petition at 6 n.3; Costco Petition at 23. Neither argument has merit. Petitioners do not provide any details regarding the real costs of compliance with the MMWA and, therefore, this Court can only resort to, "conjecture, speculation, or star gazing'" to determine Defendant's additional costs. *Waters v. Ferrara Candy Co.*, 873 F.3d 633, 636 (8th Cir. 2017) (*quoting Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 754 (11th Cir. 2010)). Basing the jurisdictional amount on the cost of goods sold is equally infirm because none of the complaints in question seek refunds of the prices paid for the goods in question—thus this amount bears no relationship to the object of the underlying lawsuits and should be ignored.

Petitioners also seek to use potential attorney's fees to satisfy the jurisdictional amount. *See, e.g.*, Samsung Petition at 6 n.3; Helen of Troy Petition at 15-16. But, attorneys' fees do not factor into the amount in controversy calculation where MMWA claims are at issue. This Court has explained, "Unlike the federal diversity statute, the courts that have considered whether attorney fees are costs within the meaning of [the MMWA] have uniformly concluded that they are and thus must be

excluded from the amount in controversy determination." *Suber v. Chrysler Corp*, 104 F.3d 578, 588 n.12 (3d Cir. 1997) (internal citations omitted); *see also* 15 U.S.C. § 2310(d)(2) (stating the MMWA treats costs as "including attorneys' fees based on actual time.").

Lastly, Petitioners claim that prospective attorney's fees from this action may be ascribed solely to Plaintiff, thus satisfying the $75,000 jurisdictional requirement of § 1332(a). As a threshold matter, the notion that attorneys' fees in a class action may be pro-rated and ascribed in $75,000 increments to an individual to satisfy the jurisdictional threshold in a standard diversity case is implausible, given the passage of CAFA. And, at least one district court has stated that "[a]ny monetary award that [a plaintiff] may be entitled to under the [MMWA], including attorney's fees, cannot be considered when determining whether diversity jurisdiction exists." *Matthews v. James Hardie Bldg. Prod., Inc.*, No. 3:16-CV-378-MCR-EMT, 2017 WL 6994567, at *3 (N.D. Fla. Nov. 21, 2017).

Nor can multiple plaintiffs' claims be aggregated to meet the jurisdictional amount. *See, e.g.*, Helen of Troy Petition at 18-19 (aggregating "sales in the Commonwealth of Pennsylvania for 2020-2023 fiscal years" to meet the amount in controversy); Costco Petition at 22-23 (stating the amount in controversy is met "based on Costco's Pennsylvania profits over the past four years involving sales of products . . . that allegedly violated the MMWA."). Generally, "[c]laims may not be

aggregated among multiple plaintiffs to reach the required amount in controversy." *Huber v. Taylor*, 532 F.3d 237 (3rd Cir. 2008). As discussed *supra*, Plaintiff does not seek any damages. But, even if some hypothetical damages *could* factor into the analysis, there is no basis in the record for concluding that those damages would constitute tens of thousands of dollars, as needed to meet the jurisdictional threshold for diversity jurisdiction. To properly include purported damages and attorneys' fees, Defendant must proffer factual allegations, and support them with, "evidence combined with reasonable deductions, reasonable inferences, or other reasonable extrapolations." *Pretka*, 608 F.3d at 754. Mere "conjecture, speculation, or star gazing" is insufficient to bear Defendant's burden. *See, id. at* 753–54. Defendant's amount in controversy calculation is rooted in neither the law nor the record, and there is no subject matter jurisdiction under § 1332(a) nor 1332(d).

## CONCLUSION

For the reasons set forth herein, this Court should not disturb the unsplit case law on jurisdiction under the MMWA and deny Petitioners' request to consider District Courts' unremarkable opinion. Remanding this action to state court is consistent with the structure and legislative history of MMWA and best implements Congress's legislative goals.

Dated: March 6, 2023

Respectfully submitted,

*/s/ Edwin J. Kilpela, Jr.   .*
Edwin J. Kilpela, Jr.
Elizabeth Pollock Avery
James M. LaMarca
**LYNCH CARPENTER, LLP**
1133 Penn Avenue, 5th Floor
Pittsburgh, PA 15222
Tel: (412) 322-9243
Fax: (412) 231-0246
ekilpela@lcllp.com
elizabeth@lcllp.com
james@lcllp.com

## COMBINED CERTIFICATIONS

I, Edwin J. Kilpela, Jr., signing counsel for Respondents, hereby certify as follows:

1.      Pursuant to Rule 46.1(e) of the Local Appellate Rules for the United States Court of Appeals for the Third Circuit, I certify that I am a member in good standing of the bar of the United States Court of Appeals for the Third Circuit.

2.      This Response complies with the requirements of Rule 32.1 of the Local Appellate Rules for the United States Court of Appeals for the Third Circuit, the typeface requirements of Federal Rule of Appellate Procedure 32(a)(5) and the typeface requirements of Federal Rule of Appellate Procedure 32(a)(6) as it has been prepared in 14-point font, Times New Roman, a proportionally spaced typeface.

3.      I hereby certify that this motion complies with the word limit of Fed. R. App. P. 27(d)(2)(A) because, excluding the parts of the document exempted by Fed. R. App. P. 32(f), it contains 4,692 words.

4.      This Response is in compliance with the page limits set forth by the Court.

5.      I certify that the text of the electronic brief is identical to the text in the paper copies.

6.       I certify that the brief was scanned for computer viruses using the current version of VirusTotal scanning service, and no virus was detected.

7.    On March 6, 2023, I filed this Response with the Clerk of the United States Court of Appeals for the Third Circuit via the Court's CM/ECF system, which will cause service on counsel for all parties of record, who are registered CM/ECF Users.


*/s/ Edwin J. Kilpela, Jr.*
Edwin J. Kilpela, Jr.